IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARVELLOUS KEENE, | : ***DEATH PENALTY CASE*** |
| Petitioner, | : ***No Scheduled Execution Date*** |
| vs. | : Case No. C-1-00-421 |
| BETTY MITCHELL, *et al.*, WARDEN, | : JUDGE BECKWITH |
| Respondents. | : MAGISTRATE JUDGE MERZ |

**PETITIONER'S MOTION TO EXPAND THE RECORD**

Petitioner Marvellous Keene hereby files his Motion under Habeas Rule VII seeking to expand the record. Mr. Keene seeks to add the records of the trial of State of Ohio v. Weston Lee Howe. 92 CR 1673 (Montgomery County, 1993) (**Exhibit A**). This matter is elaborated upon in the attached Memorandum.

Respectfully submitted,

/s/ Rayl L. Stepter
John S. Marshall (0015160)
111 West Rich Street, Suite 430
Columbus, Ohio 43215-4126
(614) 463-9790
Fax: (614) 463-9780

Rayl L. Stepter (0047505)
111 West Rich Street, Suite 430
Columbus, Ohio 43215-4126
(614) 463-9790
Fax: (614) 463-9877

Attorneys for Petitioner

**MEMORANDUM**

The transcript from the trial of Weston Lee Howe is relevant because Mr. Keene cited Defendant Howe and his two co-Defendants, Walter Polson and Tony Elofskey, as comparatives in the Fifth and Sixth Grounds for Relief. The Fifth Ground for Relief sought discovery into a claim of selective prosecution on the basis of race and a hearing on the claim. The Sixth Ground for Relief sought a dismissal of the indictment because of the selective prosecution. Howe, Polson and Elofskey were three white males indicted for killings which should have warranted prosecutions for capital murder. The Magistrate, however, maintained in his Report and Recommendations that these three cases were not similarly-situated and as a result no discovery nor a hearing needed to be granted. In addition, the Court maintained there was no cause for dismissal under the Sixth Ground for Relief on the same basis.

Mr. Keene, in his objections to the Magistrate's Report of August 25, 2004, has specifically cited pages from the transcript from the trial of Weston Lee Howe. Mr. Keene has cited specifics in order to show that his case was similarly-situated in relevant aspects and as a result he should have been granted discovery into his claim of selective prosecution, granted a hearing thereupon and ultimately had his indictment dismissed. Due to the importance of this matter Petitioner Keene respectively requests that the record

be expanded. A copy of the transcript has been filed electronically. (*See* **Exhibit B**, Affidavit of Counsel).

                              Respectfully submitted,

/s/ Rayl L. Stepter
John S. Marshall (0015160)
111 West Rich Street, Suite 430
Columbus, Ohio 43215-4126
(614) 463-9790
Fax: (614) 463-9780

Rayl L. Stepter (0047505)
111 West Rich Street, Suite 430
Columbus, Ohio 43215-4126
(614) 463-9790
Fax: (614) 463-9877

Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon Charles L. Wille, Assistant Attorney General, Capital Crimes Section, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215-3428 by ECF this 7th day of October 2004.

/s/ Rayl L. Stepter
Rayl L. Stepter

rayl/cases/keene/motion to expand the records.doc