1            MR. ARNTZ:     No.  We would only renew

2    our motion and objections as they reflect in the

3    earlier record.

4            THE COURT:     Anything further?

5                   I will do this and the rest

6    of it is a wrap up.  We'll go from there.

7

8                  BEFORE THE JURY

9            THE COURT:     Ladies and gentlemen of the

10    jury, it's been brought to the Court's attention, and

11    I want to make sure this is very clear on the

12    definition of Counts One and Two.

13                  Before you can find the

14    defendant guilty, you must find beyond a reasonable

15    doubt that Weston Lee Howe, Junior, on or about the

16    22d day of June, 1992, and in Montgomery County, Ohio,

17    purposely caused the death of Mark McDonald in Count

18    One, and a separate and distinct count, Count Two,

19    Richard Blazer, while the defendant was committing or

20    attempting to commit or fleeing immediately after

21    committing or attempting to commit an aggravated

22    robbery.  I want to make sure you got that.  Again,

23    that definition applies to Counts One and Two.

24                  Your initial conduct upon

25    entering the jury room is a matter of importance.  It

1   is not wise immediately to express a determination to

2   insist upon a certain verdict.  Because if your sense

3   of pride is aroused, you may hesitate to change your

4   position even if you decide you are wrong.  Consult

5   with one another, consider each other's views and

6   deliberate with an objective of reaching an agreement,

7   if you can do so without disturbing your individual

8   judgment.  Each of you must decide this case for

9   yourself, but you should do so only after discussion

10  and consideration of the case with your fellow jurors.

11                    Do not hesitate to change

12  an opinion if convinced that it is wrong.  However,

13  you should not surrender an honest conviction in order

14  to be congenial or to reach a verdict solely because

15  of the opinions of other jurors.

16                    Now as you know, an

17  alternate has been selected, and you will be excused

18  in just a minute.  But you are cautioned not to

19  discuss the case until it's all over.  You got to hear

20  that again.  It's important that you not discuss the

21  case with anyone until after a verdict is returned,

22  and this includes any court personnel, any news media,

23  anybody.  And Shirley will give you the necessary

24  instructions in just a couple of minutes.

25                    After you retire, select a

```
 1        foreman or forelady, and whenever all 12, and I

 2        repeat, all 12 jurors agree upon a verdict or verdicts

 3        in this situation, you will sign the verdicts in ink

 4        and advise the bailiff by pushing the buzzer.  You

 5        will then be returned to the courtroom.

 6                          The Court at this point in

 7        time will place in your possession the exhibits and

 8        the verdict forms.  The foreman or forelady will

 9        retain possession of these records, including the

10        verdicts, and return them to the courtroom at that

11        time.  The foreman or forelady will see that your

12        discussions are orderly and that each juror has the

13        opportunity to discuss the case and to cast his or her

14        vote, otherwise, the authority of the foreman or

15        forelady is the same as any other juror.

16                          Until your verdicts are

17        announced in open court, you are not to disclose to

18        anyone else the status of your deliberations or the

19        nature of your verdict.

20                          You may now commence your

21        deliberations.

22                          Counsel will be responsible

23        to make sure that all the exhibits are there that have

24        been admitted into evidence.  And you may not see a

25        precise continuous numerical sequence of exhibits.
```

1    You will have all the exhibits that have been admitted

2    into evidence.

3                          I know what's going through

4    your mind.

5              A JUROR:        What about lunch?

6              THE COURT:      Go back there, elect the

7    foreman and let us know what you want to do, whether

8    you want to start your deliberation or, or whether you

9    want to recess for lunch.  You let us know.

10                         You may commence your

11   deliberations.

12             (WHEREUPON, a recess was taken at the hour

13   of 1:15 p.m.)

14

15             __IN OPEN COURT - BEFORE THE JURY__

16                              1:23 p.m.

17             THE COURT:      Ladies and gentlemen of the

18   jury, first of all, have you elected a foreman?

19             MS. WHITE:      Yes.

20             THE COURT:      Who is that person?

21             MS. WHITE:      I am Lisa White.

22             THE COURT:      Yes, ma'am.  It's my

23   understanding, Ms. White, that you want to go to

24   lunch.

25             MS. WHITE:      Yes, very much so.

 1              THE COURT:         That's understandable.  So

 2    what we will do -- is one hour sufficient?  Did you

 3    want a little more, little less?

 4              MS. WHITE:         We would like to come back

 5    at 12:30.

 6              THE COURT:         All right.  What we'll do

 7    then is you're going to have to hear this one more

 8    time.  You'll be recessed for lunch until 2:30.  While

 9    you're at lunch you may not discuss the case among

10    yourselves or with anybody else.  Stay away from any

11    news media.  Now remember, you can go to lunch.  If

12    some of you made friends together, you can go to lunch

13    together, couple go one place or however you want to

14    do it.  While you're at lunch do not discuss the case

15    among yourselves.  When you get back into the jury

16    room and all 12 of you are back in the jury room,

17    that's when you can discuss the case, okay.  Again, it

18    makes sense.  You're a group of 12.  And if some of

19    you go one place and a couple of you go somewhere else

20    and you are talking about the case, you are not

21    discussing the matter as a group of 12.  Now when all

22    12 are returned, when you're all back in the jury

23    room, you won't have to be brought back into the

24    courtroom, then just simply buzz on the buzzer, we'll

25    bring the exhibits to you at that point and you can

1   commence your deliberations.

2                              One other caution, when

3   you're back in the jury room, and let's say you're

4   waiting on one juror, got to wait for all 12, don't

5   start discussing the case until all 12 are back in the

6   jury room.

7                              So with that then, we'll go

8   ahead and we'll shoot for 2:30.  Everybody back by

9   2:30, you may then continue your deliberations at that

10  point.  And have a nice lunch.

11

12          (WHEREUPON, a luncheon recess was taken.)

13                      *   *   *   *

14

15

16

17

18

19

20

21

22

23

24

25

1    (March 3, 1993 - Afternoon Session)

2                    5:05 p.m.

3              <u>IN CHAMBERS</u>

4         THE COURT:     Let the record reflect we

5    are in chambers out of the presence of the jury.

6                         First of all, does the

7    defense counsel waive the defendant's right to be

8    present for this brief discussion on the record?

9         MR. ARNTZ:     Yes, we would.

10        THE COURT:     Let the record further

11   reflect what will be eventually be marked as Court's

12   Exhibit IV will be received by the Court and it,

13   specifically, it's presumably a request for the

14   testimony to be reread, for the testimony of Tom

15   Lawson to be reread to the jury, the testimony

16   relating to the direct and cross-examination of what

17   Howe said in front of he and Spells.  That's in

18   quotes.

19                        After consulting with the

20   attorneys, the defendant objects to the reading of the

21   testimony.  The prosecution has no objection to the

22   reading of the testimony.  The Court will simply

23   advise the jury that they must rely on their

24   collective memories as to the testimony of any one

25   witness because to reread or to read the testimony

1      from the record would unduly highlight a portion of

2      the testimony over the testimony of other witnesses.

3                              Now with that said, it's

4      the Court's understanding that counsel for the

5      defendant and the State have no objection to the Court

6      simply advising the jury of this ruling at the jury

7      room on the record without them being present.  So we

8      can find out what their desires are as to whether or

9      not they want to continue to deliberate this evening.

10                             Am I correct on that Mr.

11     Arntz?

12               MR. ARNTZ:      Yes, that's correct.

13               MR. SLAVENS:      That is correct.  But I

14     think the record should reflect that it now is 5

15     o'clock and the jury had previously before the

16     question about Detective Lawson asked to be permitted

17     to leave at 5 o'clock and resume tomorrow morning,

18     that's why we are doing that all at one time.

19               THE COURT:      Therefore, when we bring

20     them back into the courtroom or into the courtroom, we

21     will ask if they're going to keep deliberating, there

22     is no point in bringing them back into the courtroom.

23               MR. SLAVENS:      If they want to go home,

24     bring them in and let them go home.

25               THE COURT:      Just let us know, right.

1          (WHEREUPON, a discussion was held off the

2    record.)

3              THE COURT:     Let the record reflect that

4    after consultation with counsel, the Court will bring

5    the jury in, answer the --

6              MR. SLAVENS:    Lawson question.

7              THE COURT:     -- Lawson issue and then

8    send the jury home for the evening.  We will

9    reconvene, with the agreement of the lawyers, at 8

10   o'clock tomorrow morning.  The jury to commence

11   deliberations without physically coming back into the

12   courtroom for further instructions.

13

14        IN OPEN COURT - BEFORE THE JURY

15                  5:11 p.m.

16             THE COURT:     Good afternoon, ladies and

17   gentlemen of the jury.  Dealing with first things

18   first, the Court has in its possession a request that

19   has been now marked as Court Exhibit IV regarding the

20   testimony of Detective Lawson as it relates to what

21   may or may not have been said by the defendant Howe in

22   front of he and Detective Spells.

23                  You're going to have to rely

24   on your collective memories as it relates to the

25   testimony of not only Detective Lawson but any

1    witness.  The reason that the Court will not read back

2    to you that testimony is that it would emphasize that

3    testimony above and beyond anyone else's testimony and

4    call undue attention to one portion of the trial over

5    to the detriment or at least potential detriment of

6    other portions of trial.  So the bottom line is, you

7    cannot get that testimony read to you.  You must rely

8    on your collective memories as to what was said.

9                        Now, what we are going to

10    do is go ahead and recess now for the evening.  The

11    usual instruction again applies and, that is, you are

12    not permitted to discuss the case among yourselves or

13    with anybody else.  Remember, you are in a very

14    sensitive part of the trial at this point because you

15    are in the middle of deliberations.  If anything

16    happens in the course of the evening that you feel you

17    should bring to our attention, feel free to do so

18    immediately tomorrow morning and it will be dealt

19    with.  Again, keep away from any news media coverage

20    whether it be radio, television, or newspaper.  Do not

21    do any investigation on your own.  You're not

22    permitted to go out and investigate on your own at

23    this point or at any point but I'm really emphasizing

24    it now.

25                        I assume you would rather

1    have me send you home than to put you in a little nice

2    downtown hotel.  In any event, with that in mind, the

3    same instructions that we went through at lunch apply

4    now.

5                          Tomorrow morning when you

6    appear and I believe it's 8 o'clock was the requested

7    time, am I correct on that?

8              THE JURY:          (Nodding.)

9              THE COURT:         You will convene tomorrow

10   morning at 8 o'clock.  When all 12 of you have

11   convened, simply give us a buzz on the buzzer, we'll

12   bring the exhibits in and then you may commence your

13   deliberations.  Do not discuss the case until all 12

14   of you are present in the jury room.

15                          So with that then, we'll go

16   ahead and take our evening recess.  And again, you are

17   cautioned again very heavily not to discuss the case

18   among yourselves with anybody else until you reconvene

19   here tomorrow at 8 o'clock.

20                          Anything from the State?

21             MR. SLAVENS:       Nothing, your Honor.

22             THE COURT:         Anything further from the

23   defendant?

24             MR. ARNTZ:         Nothing, your Honor.

25             THE COURT:         We will stand in recess,

1        reconvening tomorrow morning at 8 a.m.

2  Is there anything further from the defendant?

3                    MR. ARNTZ:        No.

4                    THE COURT:        From the State?

5                    MR. SLAVENS:      Nothing, your Honor.

6                    (WHEREUPON, the jury was excused for the

7        evening.)

8                        IN CHAMBERS

9                    THE COURT:        Let the record reflect we

10       are in chambers.  Present are all counsel.

11                              Does the defense waive,

12       counsel waive the defendant's right to be here?

13                    MR. ARNTZ:        Yes, we would.

14                    THE COURT:        Assuming he has the right

15       for this little discussion.

16                              Let the record reflect that

17       it's March the 3rd, the jury has been excused for the

18       evening on the record and will be reconvening tomorrow

19       March the 4th at 8 a.m.

20                              Defense counsel have

21       advised the Court that they are in Cincinnati

22       approximately 45 miles south of the courthouse in

23       Dayton at a, what's called a death penalty seminar

24       that commences tomorrow morning and is scheduled to go

25       all day tomorrow and all day Friday.  That this

1    seminar had been prepaid and numerous other arguments

2    made on their behalf to permit them to attend.

3                              Obviously, with the jury

4    returning at 8 o'clock under the guidelines that we've

5    now set down, it's not necessary for counsel to be

6    here at that point in time.  Counsel has agreed to be

7    available at all times at the seminar through a phone

8    number provided to the Court and if necessary, contact

9    can be made by phone and records made of any questions

10   or any discussions that need to be done can be done on

11   the record with counsel being down in Cincinnati and

12   the prosecutor being either at their phone or here in

13   chambers.

14                              The question has come up as

15   to whether or not what happens at lunch when the jury

16   wants to be recessed for the noon hour assuming that

17   happens.  And it's been agreed upon by all counsel

18   that the Court would simply go to the jury room,

19   instruct them as previously done today and this

20   evening as to their job during the lunch recess

21   thereby eliminating the necessity of the defense

22   counsel returning from Cincinnati, the need to bring

23   the defendant over from the County Jail and the need

24   for the prosecuting attorney to be present at that

25   time.  And it's the Court's understanding that this

1     procedure is agreeable to the State.  Is that correct,

2     Mr. Slavens?

3            MR. SLAVENS:    Yes, your Honor.

4            THE COURT:    And it's also been

5     requested and agreed to by the defense, is that

6     correct?

7            MR. ARNTZ:    Yes, it is.

8            THE COURT:    All right.  Now on any of

9     these issues, is there anything further that we need

10    to put into the record at this time?

11           MR. ARNTZ:    Nothing that I know of.

12           MR. SLAVENS:    Makes no difference to me.

13    I don't know if the Court has stated when the Court

14    does go, if there is a noon time break, which the jury

15    may do so any time they so request, is the Court

16    planning to do that on or off the record?

17           THE COURT:    No, that will be on the

18    record but out of the presence of all counsel and the

19    defendant.  Simply, the Court will just excuse the

20    jury for the lunch recess and reconvene at a

21    designated time with the usual instructions about not

22    discussing the case until they're all together as a

23    group of twelve.  And we'll proceed accordingly.

24                    We are done.

25

1          (WHEREUPON, the proceedings for March 3,

2      1993, were concluded at the hour of 5:25 p.m.)

3                    * * * *

1            (March 4, 1993 - Afternoon Session)

2                          12:30 p.m.

3

4                    IN THE JURY ROOM

5            THE COURT:        Let the record reflect that

6    the jury has inquired about lunch.  It's now

7    approximately 12:30 and the Court will go ahead and send

8    the jury to lunch with the instructions to return at

9    1:00 to continue deliberations.  Obviously, if you are

10   all twelve here before the 1:00 hour, go ahead, start

11   your deliberations but you will have to buzz us.  We are

12   going to have to deal with all the exhibits.  I just

13   forgot about those.

14           A JUROR:        Can they lock them up?

15           THE COURT:        We'll deal with the

16   exhibits.

17           A JUROR:        If one of us stays in here.

18           THE COURT:        (Shook head in the

19   negative.)

20           A JUROR:        'Cause you have to take

21   them along.

22           THE COURT:        Now remember, we are on the

23   record here.  So when you ask me questions, remember

24   Joyce has to know who's speaking.

25                          We'll have to remove the

1    exhibits and then bring them back when you are all

2    here.

3                            Now remember the usual

4    instruction from the Court not to discuss the case

5    among yourselves or with anybody else, unless all

6    twelve are present.  If you decide to split up going

7    to lunch, that's fine, just don't talk about the case

8    until all twelve of you are back in the jury room and

9    then you can commence your deliberations.

10                           Now, let the record reflect

11    the Court is going to permit the jury to have a brief

12    discussion in view of the last series of questions.

13                           Off the record.

14

15        (WHEREUPON, a discussion was held off the

16    record and then the jury was recessed for lunch.)

17                    *   *   *   *

18

19

20

21

22

23

24

25

```
 1              (March 4, 1993 - Afternoon Session)

 2                            4:32 p.m.

 3      IN OPEN COURT - OUT OF THE PRESENCE OF THE JURY

 4              THE COURT:       Before the jury comes in,

 5      obviously, this has been a lengthy trial.  There's

 6      been a lot of feelings on both sides.  Obviously,

 7      remember we are in a courtroom.  I would expect all

 8      the spectators to simply respectfully react quietly to

 9      yourselves whichever way the verdict goes.  That's all

10      I hope I need to say to an intelligent group of

11      people.

12                          So let's bring the jury in.

13                          BEFORE THE JURY

14              THE COURT:       Ladies and gentlemen of the

15      jury, have you reached a verdict or verdicts?

16              MS. WHITE:       We have, your Honor.

17              THE COURT:       Would you hand the verdict

18      forms to the bailiff, please.

19                          I'm trying to get these in

20      order is what I'm doing.

21                          All right.  The Court has

22      examined the verdicts and all the verdict forms have

23      been signed by all twelve members of the jury.

24                          Would the bailiff read the

25      verdicts, please.  And this will be in order from
```

1      Count One through Count 5.

2            THE BAILIFF:    Case No. 92-CR-1673 State

3      of Ohio against Weston Lee Howe, Jr.  Count One,

4      aggravated murder, Mark McDonald.  We, the Jury, upon

5      the issues joined in this case, do find the defendant,

6      Weston Lee Howe, Jr., not guilty of the offense of

7      aggravated murder as charged in the indictment and/or

8      not guilty of the lesser included offense of

9      involuntary manslaughter.

10                       As you say, signed by

11     twelve members of the jury.

12                       Same case number and

13     caption, Count Two, aggravated murder, Richard Blazer.

14     We, the Jury, upon the issues joined in this case, do

15     find the defendant, Weston Lee Howe, Jr., guilty of

16     the offense of aggravated murder as charged in the

17     indictment and/or not guilty of the lesser included

18     offense of involuntary manslaughter.

19                       Count Three, aggravated

20     robbery, Mark McDonald.  We, the Jury, upon the issues

21     joined in the case, do find the defendant, Weston Lee

22     Howe, Jr., not guilty of the offense of aggravated

23     robbery as charged in the indictment.

24                       Count Four, aggravated

25     robbery, Richard Blazer.  We, the Jury, upon the

1    issues joined in the case, do find the defendant,

2    Weston Lee Howe, Jr., guilty of the offense of

3    aggravated robbery as charged in the indictment.

4              THE COURT:        There is a firearm spec on

5    that.

6              THE BAILIFF:      Just that one.

7              THE COURT:        Well, go back.  Read that

8    one.

9              THE BAILIFF:      I'm sorry.  Yes, okay.

10             THE COURT:        You weren't going to do any

11   of the firearms spec?  You were going to go back?

12   Let's do it the way you were doing it.

13             THE BAILIFF:      Count Five, aggravated

14   burglarly, Richard Blazer.  We, the Jury, upon the

15   issues joined in the case, do find the defendant,

16   Weston Lee Howe, Jr., guilty of the offense of

17   aggravated burglary as charged in the indictment.

18                              Now I will go back to Count

19   Two, firearm specification.  We, the Jury, upon the

20   issues joined in the case having found the defendant

21   Weston Lee Howe, Jr. guilty of Count Two, do hereby

22   further find that he did not have on or about his

23   person or under his control a deadly weapon, to-wit: a

24   firearm while committing said offense.

25                              Count Four, firearm

1      specification.  We, the Jury, upon the issues joined

2      in this case having found the defendant, Weston Lee

3      Howe, Jr. guilty of Count Four, do hereby further find

4      that he did not have on or about his person or under

5      his control a deadly weapon, to-wit: a firearm while

6      committing said offense.

7                          Count Five, firearm

8      specification.  We, the Jury, upon the issues joined

9      in this case having found the defendant Weston Lee

10     Howe, Jr. guilty of Count Five, do hereby further find

11     that he did not have on or about his person or under

12     his control a deadly weapon, to-wit: a firearm while

13     committing said offense.

14                          Members of the jury, you've

15     heard the reading of these verdicts, if these are your

16     verdicts, please signify by saying aye?

17          THE JURY:        Aye.

18          THE COURT:       Does either the State or

19     the defendant desire the jury polled?

20          MR. SLAVENS:     We do not, your Honor.

21          THE COURT:       Defendant?

22          MR. ARNTZ:       No, sir.  Thank you.

23          THE COURT:       All right.  The Court will

24     accept the verdicts and keep them here for all counsel

25     to examine.  Let me see them one more time here.

```
 1              THE BAILIFF:      Yes, sir.
 2              THE COURT:      Before the jury is formally
 3     excused, could I see counsel at the side for just a
 4     minute.
 5                        AT SIDE BAR
 6              THE COURT:      Let the record reflect that
 7     the verdict as to Count Two, aggravated murder,
 8     Richard Blazer reads as follows:  We, the Jury, upon
 9     the issues join in this case do find the defendant,
10     Weston Lee Howe, Jr., guilty of the offense of
11     aggravated murder as charged in the indictment and/or
12     not guilty of the lesser included offense of
13     involuntary manslaughter.  In view of the other
14     verdicts, taking them as a whole, the intent, in this
15     Court's mind, is clear that the verdict is one of
16     guilty.  And I'm suggesting to counsel as to how we
17     clarify this now before the jury is actually
18     physically removed from the courtroom.
19                             First of all, let's go in
20     order.  The State, do you have any suggestions other
21     than to poll the jury at this point?
22              MR. SLAVENS:      No.  I think it would be
23     the appropriate way to do it, really.
24              MR. ARNTZ:      I think our position at
25     this point is that the verdict is a nullity, it's
```

1   ambiguous on its face and we object to the Court

2   attempting to modify the verdict form in the fashion

3   suggested.  We believe that count has been mistried.

4              THE COURT:       All right.  Obviously,

5   these are legal issues that we can deal with later.

6                               Let me ask counsel this

7   question.  Do we want to take a brake?  We want to

8   just launch right into this?

9              MR. SLAVENS:      I think you need to do it

10  now.

11             THE COURT:       Once the jury is out of

12  here, they're released from the admonition, then

13  perhaps the problem becomes much more severe.  So

14  whatever, whether Mr. Arntz is right or wrong at this

15  point, if he's wrong, this clarifies it.  If he's

16  right, it makes no difference.  Sorry, but that's my

17  analytical training coming through.  I will launch

18  forth here and hopefully not create any problem, it's

19  not intended.

20             MR. ARNTZ:       Okay.  The record should be

21  clear we object to the Court commenting on this

22  particular verdict in Count Two at this time in any

23  fashion.

24             THE COURT:       I understand that.

25                              Anything for the record now

1   again before I do this, Mr. Slavens?

2           MR. SLAVENS:    I think it's something that

3   has to be clarified or otherwise we'll be looking at a

4   new trial.

5           THE COURT:    Shirley, we'll eventually

6   have to poll the jury.  You're on notice.

7                        BEFORE THE JURY

8           THE COURT:    Ladies and gentlemen of the

9   jury, Count Two, aggravated murder, (Richard Blazer),

10  the verdict form reads as follows:  I will read

11  verbatim what it says.  We, the Jury, upon the issues

12  joined in this case, do find the defendant, Weston Lee

13  Howe, Jr., guilty of the offense of aggravated murder

14  as charged in the indictment and/or not guilty of the

15  lesser included offense of involuntarily manslaughter.

16                        My question that will be

17  asked of you, and the bailiff will individually poll

18  each juror, is your verdict of aggravated murder one

19  of guilty?  I'm going to repeat it.  Is your verdict

20  for the offense of aggravated murder one of guilty?

21  You answer that question yes or no.

22                        Does anybody have any

23  question about the question that's going to be asked

24  of you?  I see no hands but I want to make sure that

25  there is no problem.  Now juror number 7 has raised

1    his hand.

2            MR. SCHAFER:    I would like you to repeat

3    the whole question again.

4            THE COURT:    Would you read it back,

5    Joyce.

6            (WHEREUPON, the Court Reporter read back the

7    question.)

8            THE COURT:    I read the whole verdict as

9    I'm reading it now.

10                     I think what we are going

11    to have to do, ladies and gentlemen, is give you back

12    this verdict form, send it back to the jury room.  If

13    you have any questions about the verdict form, put it

14    in writing, submit it to the Court.  Let's do it that

15    way.

16            MR. SLAVENS:    May we approach one moment,

17    your Honor?

18            THE COURT:    You may.

19                     AT SIDE BAR

20            THE COURT:    Let the record reflect the

21    Court is going to submit all verdict forms back to the

22    jury with the instruction to examine the one verdict

23    form, or any others they want to examine for that

24    matter.  Now I think I got to do them all.  And

25    encourage them to ask any question they may have as it

1    relates to this one verdict form, Count Two,

2    aggravated murder.  Any questions they may have as it

3    relates to the verdicts forms.

4                         Any objection by the State

5    or suggested procedure?

6              MR. SLAVENS:    Since you've only inquired

7    as to, to Count Two, I think that's the only one that

8    should go back with them.

9              THE COURT:    Mr. Arntz.

10             MR. ARNTZ:    I think our position is

11   that we object to any of the forms going back to them.

12             THE COURT:    All right.  In order to

13   keep this as simple as possible, again, the Court

14   reemphasizes it is clear to the Court what I think

15   their intent is, however, we've got to be sure in a

16   situation like this.  Obviously, the defense's

17   objection is noted.  I will send Count Two verdict

18   form back to the jury and encourage a question, if

19   they have it.  Not being conducted here in open court

20   in front of everybody.  Okay.

21                       BEFORE THE JURY

22             THE COURT:    Now, what the Court is

23   going to do is the following, and, Mr. Schafer, I want

24   to assure you, I understood the intent of your

25   question.  What I'm going to do though is send the

1    verdict form, Count Two, aggravated murder, Richard

2    Blazer, back to the jury room with you.  Examine the

3    verdict form.  If you have any questions at all, I

4    encourage you to ask the Court in writing so it can be

5    made a part of the record.  If you have no questions,

6    you need not ask any questions.  Obviously, there is a

7    little bit of confusion here the way this is worded,

8    the way the answers are written on this form.  Please

9    advise the Court either in the form of a question for

10   your clarification or if there is none, simply say,

11   Judge, that's the way we decided, that's our verdict.

12   But look at the form.  Remember the question that the

13   Court asked you.  Again, I'm going to send you back

14   and take your time now.

15                        Now we will stand in

16   recess.

17           (WHEREUPON, a recess was taken at the hour

18   of 4:53 p.m.)

19                     IN CHAMBERS

20           THE COURT:      Let the record reflect we

21   are out of the presence of the jury.  The jury is now

22   back in the jury room.

23                        Mr. Arntz.

24           MR. ARNTZ:      We would like the record to

25   reflect that we object to the comments which the Court

1    just made to the jurors to the effect that there is

2    some confusion about their jury verdict form as to

3    Count Two and that they are encouraged to go back into

4    the deliberation room and clarify that particular

5    verdict.  We feel that those remarks were improper and

6    prejudicial to our client at this stage.

7              MR. SLAVENS:    How is it?

8              MR. ARNTZ:      Well, it indicates that the

9    Court is critical of the verdict which they have

10   returned and --

11             THE COURT:      Well, my words are going to

12   speak for themselves on the record.  And I think the

13   record in view of the any reviewing body that looks at

14   this will understand why the Court was, was saying

15   what it was saying.  But whatever was said, those

16   words will speak for themselves.  And we will just

17   have to go from there.

18             MR. MONTA:      I think that's our

19   position.

20             (Pause in the proceedings.)

21             THE COURT:      Okay.  The Court is going

22   to respond to the jury's question which has been

23   marked Court's Exhibit VI.  The question speaks for

24   itself.  Signed by the foreperson.  The response is

25   signed by the Court and states as follows:  If the

1    defendant is found guilty of aggravated murder, you do

2    not answer the question on involuntary manslaughter.

3    Period.  Signed by the Court.

4                                    Mr. Arntz.

5            MR. ARNTZ:        We renew our objection to

6    the Court soliciting further input and questions from

7    the jury with regard to their verdict on this count.

8    And we also object to the Court answering the question

9    which came back from the jury in any fashion.

10           THE COURT:        The objection is so noted.

11           (WHEREUPON, in-chambers proceedings were

12   then concluded.)

13           IN OPEN COURT - BEFORE THE JURY

14                                    5:13 p.m.

15           THE COURT:        Good afternoon again.

16                                    Pursuant to the Court's

17   instructions, the jury returned to deliberate, came

18   back to the Court with a question, the question was

19   then answered.  And the jury, as I understand it, is

20   prepared to have the Court announce that verdict with

21   a little more clarity.  Am I correct on that,

22   Ms. White?

23           MS. WHITE:        Yes.

24           THE COURT:        Would you hand the form

25   please to the bailiff.

```
 1                              All right.  Let the record
 2     reflect that the verdict in Count Two, aggravated
 3     murder, Richard Blazer, reads as follows:  We, the
 4     Jury, upon the issues joined in this case, do find the
 5     defendant, Weston Lee Howe, Jr., guilty of the offense
 6     of aggravated murder as charged in the indictment.
 7                              Now with that, ladies and
 8     gentlemen of the jury, is that your verdict in Count
 9     Two as it relates to Richard Blazer?  We are going to
10     do this one at a time to make sure there is no
11     question about it.
12                              Shirley, would you poll the
13     jury?
14              THE BAILIFF:     Yes, sir.
15                              As I call your names if
16     this is your verdict, please answer yes.  If it not,
17     please say no.
18                              Karen Balsbaugh?
19              MS. BALSBAUGH:    Yes.
20              THE BAILIFF:     Harley Rice?
21              MR. RICE:        Yes.
22              THE BAILIFF:     Lisa A. White?
23              MS. WHITE:       Yes.
24              THE BAILIFF:     Gregory O'Leary?
25              MR. O'LEARY:     Yes.
```

```
1              THE BAILIFF:      Jeffrey Wright?

2              MR. WRIGHT:       Yes.

3              THE BAILIFF:      Katherine Holbrook?

4              MS. HOLBROOK:     Yes.

5              THE BAILIFF:      Lawrence Schafer?

6              MR. SCHAFER:      Yes.

7              THE BAILIFF:      Cheryl Oliver?

8              MS. OLIVER:       Yes.

9              THE BAILIFF:      Steven Pugh?

10             MR. PUGH:         Yes.

11             THE BAILIFF:      Cornelia Merriman?

12             MS. MERRIMAN:     Yes.

13             THE BAILIFF:      Sara Bond?

14             MS. BOND:         Yes.

15             THE BAILIFF:      Richard Price?

16             MR. PRICE:        Yes.

17             THE COURT:        All right.  Ladies and

18    gentlemen of the jury, what the Court will do at this

19    point in time is accept the verdicts as rendered,

20    ordered them be filed.

21                              And you will now be excused

22    from jury service.  Now a couple of words of caution,

23    and I know that the hour is getting a little late,

24    number one, you're now released from the instruction

25    that you are not permitted to discuss the case either
```

1    among yourselves, which you've obviously done, you may

2    discuss the case with anyone you want to, that may

3    include the lawyers, it may include interested people

4    such as members of the news media.  You don't have to

5    talk to anybody that you don't want to talk to.  It's

6    as simple as that.  If you don't mind talking or you

7    want to talk, that is your choice.  In other words,

8    you call it if you want.  I don't know even if they

9    want to talk to you, okay.  All I'm saying is it's

10   your decision to make as to who you talk to or who you

11   don't talk to about this situation.

12                          Now you're released and

13   with the thanks of myself directly, I'm sure of the

14   lawyers, and this court staff.  I want to thank you.

15   This has been a long trial, much longer than we

16   originally anticipated, as you know.  And I want to

17   thank you again on behalf of Montgomery County and the

18   State of Ohio for your service as jurors.  You will be

19   excused.  You are no longer obligated to do anymore

20   time in terms of your jury service.

21                          I would like to ask you to

22   do one thing and this I guarantee you, if you go back,

23   when you go back to the jury room, if you would wait

24   just a minute.  I've got your letters to bring you.  I

25   just want to have a couple of minutes and I will be

1    right there.  I assure you this is not a 15 minute

2    proposition.  I will be right back.  And if you have

3    to run, go ahead.  I understand.  But remember what

4    I've said, if you don't want to talk with anybody,

5    that's your choice.  You might want to wait because

6    there may be a couple of things that I can answer for

7    you in terms of a couple of questions.  Couple things

8    I want to mention to you that don't involve the actual

9    situation here.

10                          So we'll stand in recess.

11    I will be back in just a minute.

12             (WHEREUPON, the jury was excused from the

13    courtroom at the hour of 5:18 p.m.)

14             THE COURT:    Let the record reflect that

15    the defendant has been convicted of the offense of

16    aggravated murder on Count Two, aggravated robbery in

17    Count Four, and aggravated burglary in Count Five of

18    the indictment.  The Court will set the sentencing of

19    the defendant for one week from today which is March

20    the 11th at 9 a.m.  Bond will be revoked.

21                   And if there is nothing

22    further, we'll stand in recess.

23                   Mr. Slavens?

24          MR. SLAVENS:    No, nothing further, your

25    Honor.

```
 1              THE COURT:        Mr. Arntz or Mr. Monta?

 2              MR. ARNTZ:        No.

 3              MR. MONTA:        No.

 4              THE COURT:        March the 11th, 9 a.m.

 5                                Like I indicated, the bond

 6         is revoked.

 7

 8              (WHEREUPON, the proceedings for March 4,

 9         1993, were then concluded at the hour of 5:19 p.m.)

10                         *  *  *  *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                 (March 11, 1993 - Morning Session)

 2                          10:05 a.m.

 3

 4                      IN OPEN COURT

 5          THE COURT:        Mr. Slavens, would you call

 6     the case?

 7          MR. SLAVENS:      Yes, your Honor.

 8                            If it please the Court,

 9     this is Case Number 92-CR-1673, caption, Ohio vs.

10     Weston Lee Howe, Jr.   Mr. Howe is present today with

11     his counsel.  We are here in court for sentencing and

12     the conclusion of previous matters relating to Count

13     Six of the indictment which the defendant is charged

14     with having weapons under disability.

15          THE COURT:        Well, taking first things

16     first, it's the Court's understanding there is going

17     to be a stipulation that is going to be entered

18     between the State and the defendant, is that correct?

19          MR. SLAVENS:      That is my understanding.

20                            As it relates to Count Six

21     that there is a stipulation to the effect that this

22     defendant, Weston Lee Howe, Jr., also known as Lee

23     Weston Howe, Jr., in Case Number 86-CR-1349, in the

24     Montgomery County Common Pleas Court was convicted of

25     the offense of robbery and that said conviction
```

1   occurred on or about October 29, 1986, at which time

2   he was before Judge MacMillan and represented by

3   William Fisher and the prosecuting attorney was

4   Mr. Patrick Adkins.  And those items also, your Honor,

5   relates to Count Four, Five, and Six of the

6   indictment.

7           THE COURT:      What about Count Two?  The

8   stipulation applies to all counts?  Let's do it that

9   way.

10          MR. SLAVENS:      Yeah.  That is my

11  understanding.

12          THE COURT:      All right.

13                          Mr. Arntz or Mr. Monta.

14          MR. ARNTZ:      Yes, sir, that's correct.

15          MR. MONTA:      Correct.

16          THE COURT:      All right.  Then the Court

17  will accept into the record then, of course, this does

18  or at least potentially has impact in terms of

19  sentencing, the stipulation that Mr. Weston Lee Howe,

20  Jr. was previously convicted in the Montgomery County

21  Common Pleas Court of Case Number 86-CR-1349, on

22  October the 29th, 1986, that being an offense of

23  robbery and that specification is attached to the

24  various counts for which Mr. Howe has been convicted.

25  Specifically -- well, there is no specification as to

1     Count Two.

2              MR. SLAVENS:     That's correct.

3              THE COURT:     Mr. Slavens, that's why you

4     didn't mention it.

5                        It does apply then as to

6     Counts Four, Five, and Six.

7                        Now as it relates to -- and

8     before we get to sentencing, does the defendant have

9     any motions at this point or any matters to be brought

10    to the attention of the Court before sentencing?  This

11    is not the actual sentencing itself.  Mr. Arntz or Mr.

12    Monta.

13             MR. ARNTZ:     Only to indicate we have

14    filed with the Court a motion with regard to the

15    consecutive or concurrent nature of sentences.  We, of

16    course, ask the Court to take consideration of all the

17    arguments made to that motion.

18             THE COURT:     All right.  Anything

19    further than on behalf of the defendant?

20             MR. ARNTZ:     No, sir, not at this time.

21             THE COURT:     All right.  Would counsel

22    approach the bar and we'll proceed to sentence at this

23    point in time.

24                        Mr. Arntz, first of all, is

25    there anything you want to say before the Court

1    pronounces sentence?

2                MR. ARNTZ:      No, sir.

3                THE COURT:      Mr. Monta?

4                MR. MONTA:      No, Judge.

5                THE COURT:      Mr. Howe?

6                THE DEFENDANT:   No.

7                THE COURT:      Anything at all that you

8    want to say as to why the Court, why the Court should

9    not proceed to sentence at this time?

10               THE DEFENDANT:   No, not at all.

11               THE COURT:      All right.

12                               All right.  Now, first of

13   all, dealing with Count Six, which is the weapon under

14   disability count, the Court is going to enter a

15   finding of not guilty on the specifications attached

16   thereto.  We've discussed this matter at length.  The

17   Court believes that the previous conviction

18   specification is nothing but a duplication of the

19   substantive count and therefore is in effect the same

20   and the finding of not guilty only applies to the

21   specifications.

22                               I believe the finding of

23   guilty as to the weapon under disability charge was

24   entered into the record at the time of the plea of no

25   contest at the commencement of the trial but if it's

1    not contained therein, it will now reflect that the

2    Court is making a finding of guilty as to the

3    substantive count.

4                        Now on this one limited

5    issue, anything further for the record on behalf of

6    the defendant from either Mr. Arntz or Mr. Monta?

7            MR. ARNTZ:        No, sir.  I don't think so.

8            MR. MONTA:        Other than what's in the

9    motion for sentence, which does include this argument,

10   nothing further.

11           THE COURT:        And I believe the issue was

12   raised before the commencement of the trial by the

13   defendant by a motion also.

14           MR. MONTA:        That's true.

15           THE COURT:        All right.  With that then,

16   the Court will proceed to sentence.

17                        And as it relates to Count

18   Two of the indictment, which is the aggravated murder

19   charge, the Court will sentence the defendant to a

20   term of life imprisonment pursuant to Section 2929.02

21   of the Ohio Revised Code.  That sentence to at least

22   commence at the Corrections Reception Center.

23                        As it relates to Count

24   Four, which is the aggravated robbery charge, the

25   Court will sentence the defendant to an indefinite

1    term of confinement of not less than 15 nor more than

2    25 years at the Corrections Reception Center.  That

3    sentence to run consecutive with the sentence imposed

4    in Count Two.

5                    In Count Five, the

6    aggravated burglary count, and I don't believe I'm

7    mistating count numbers, but the count numbers are not

8    the significant portion of the words, the actual name

9    of the charge is what the Court is referring to.  And

10    the aggravated burglary conviction, the Court will

11    sentence the defendant to an indefinite term of not

12    less than 15 nor more than 25 years at the Corrections

13    Reception Center.  That sentence also to run

14    consecutive with the aggravated robbery charge, and

15    which is running consecutive with the aggravated

16    murder charge.

17                    In addition, in Count Six,

18    the Court will sentence the defendant to a definite

19    term of confinement of 1 and 1/2 years at the

20    Corrections Reception Center, that also to run

21    consecutive with each of the other sentences.

22                    Now, Mr. Howe, you have the

23    right to appeal the Court's sentence.  You have 30

24    days to file a notice of appeal.  If you cannot afford

25    a lawyer, one will be provided to you at no cost.  If

1    you cannot afford the cost of a transcript, one will

2    be provided to you at no cost.

3                        Do you understand your

4    rights to appeal?

5              THE DEFENDANT:    Yes.

6              THE COURT:      A couple of things on this.

7    I want to make it very clear in the record.  Each

8    sentence, each, on each of the four counts to which

9    the Court just imposed a sentence, they are running

10   consecutive each with the other all running

11   consecutive.  So there is no question in anybody's

12   mind as to what the Court just said.

13                        Number two, on the issue of

14   appeal, Mr. Howe, you do understand that you have that

15   right, do you not?

16             THE DEFENDANT:    Yes.

17             THE COURT:      All right.  On that issue

18   I've already consulted with your attorneys on this

19   matter.  I assume that you cannot afford to hire a

20   lawyer, is that a correct assumption?

21             THE DEFENDANT:    Yes.

22             THE COURT:      The Court will appoint a

23   lawyer.  That has been agreed upon by your attorneys.

24   They may want to discuss this with you.  I will make

25   that appointment directly so that hopefully the person

1     can get over to see you in the county jail before you

2     are actually removed from there.

3                                   With that then, anything

4     further, Mr. Monta or Mr. Arntz?

5                MR. ARNTZ:        We'll, be filing a notice

6     of appeal on his behalf.

7                THE COURT:        Mr. Slavens, anything

8     further from the State?

9                MR. SLAVENS:      Nothing further, your

10    Honor.  Thank you.

11               THE COURT:        All right.  We will stand

12    in recess.

13

14               (WHEREUPON, the proceedings were then

15    concluded.)

16                          *  *  *  *

17

18

19

20

21

22

23

24

25

1    C E R T I F I C A T I O N

2         I, Joyce L. Davenport, Registered Professional

3    Reporter, Assistant Official Court Reporter, do hereby

4    certify that the foregoing testimony, evidence and

5    proceedings of court were taken by me in shorthand

6    and thereafter reduced to typewriting by me, and the

7    foregoing constitutes a true, correct, and complete

8    transcript of the proceedings and the evidence

9    introduced on FEBRUARY 22-26; MARCH 1-4 and MARCH 11,

10   1993, in Case No. 92-CR-1673, on the docket of the Common

11   Pleas Court of Montgomery County, Ohio, a court of record.

12         IN WITNESS WHEREOF, I have hereunto set my hand

13   this 19th day of AUGUST, 1993.

14

15

16

17                              _____
                                Joyce L. Davenport, R.P.R.
18                              Ass't Official Court Reporter
                                Notary Public
19                              Montgomery County Common Pleas
                                Court
20

21

22

23

24

25