**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MARVALLOUS KEENE, ) | |
| ) | CASE NO. C-1-00-421 |
| Petitioner, ) | |
| ) | JUDGE BECKWITH |
| v ) | |
| ) | Magistrate Judge Merz |
| BETTY MITCHELL, WARDEN, ) | |
| ) | |
| Respondent. ) | |

**THE WARDEN'S MEMORANDUM IN OPPOSITION TO KEENE'S MOTION TO EXPAND THE RECORD**

Respectfully Submitted,

**JIM PETRO (0022096)**
**Ohio Attorney General**

s/Charles L. Wille
**CHARLES L. WILLE (0056444)**
**Senior Assistant Attorney General**
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 (fax)
Email: cwille@ag.state.oh.us

**COUNSEL FOR THE WARDEN**

## STATEMENT OF THE CASE

The Petitioner, Marvallous Keene (hereinafter "Keene"), has been sentenced to death by an Ohio court. On August 19, 1999, Keene notified this Court of his intent to file a petition for a writ of habeas corpus, and moved for an order staying his execution. On September 8, 1999, the Court appointed counsel to act on Keene's behalf, and granted Keene's motion for a stay. On October 27, 1999, the Court issued an order setting forth dates for further pleadings and related proceedings, including a joint appendix containing relevant records of the state courts; Keene's petition; a motion by the Respondent, Warden Betty Mitchell (hereinafter "the Warden"), to dismiss procedurally defaulted claims, and a memorandum in opposition by Keene; motions by Keene for discovery and an evidentiary hearing, and memoranda in opposition by the Warden; and final briefs on non-defaulted claims by both parties. On March 31, 2000, the Court referred the case to United States Magistrate Judge Michael Merz for the conduct of proceedings as set forth in the Court's scheduling order.

In the meantime, on November 29, 1999, the Warden filed a joint appendix, and, on May 26, 2000, Keene filed a petition for a writ of habeas corpus. Thereafter, the Magistrate Judge continued to conduct proceedings consistent with the Court's scheduling order. On September 12, 2000, the Magistrate Judge denied Keene's motion to conduct discovery, except that the Magistrate granted leave to depose Keene's trial counsel, which the Warden did not oppose.[1] On June 27, 2001, the Court overruled Keene's objections to the Magistrate Judge's order denying discovery. On March 5, 2002, the Magistrate Judge issued a report recommending the granting in part of the Warden's

---

[1] On June 21, 2001, the Magistrate Judge issued a preclusion order barring Keene from deposing trial counsel, based on Keene's failure to timely conduct the discovery.

1

motion to dismiss procedurally defaulted claims. On March 6, 2002, the Magistrate Judge denied Keene's motion for an evidentiary hearing. On June 7, 2002, the Court overruled Keene's objections to the Magistrate Judge's orders denying an evidentiary hearing and dismissing specified claims as procedurally defaulted, and ordered briefing on Keene's remaining claims.[2]

On November 19, 2002, Keene filed his merit brief per the Court's order. On December 10, 2002, the Warden filed a timely brief in reply. On August 8, 2003, the Court amended the original order of reference, directing the Magistrate Judge to issue a report and recommendations with respect to the final disposition of Keene's remaining claims. On August 25, 2004, the Magistrate Judge issued his final report, recommending the dismissal with prejudice of Keene's petition. On October 7, 2004, after obtaining an extension of time, Keene filed objections to the Magistrate Judge's report, and a notice of motion for expansion of the record. On October 12, 2004, per the direction of the Clerk, Keene re-filed his "notice" as a motion for appropriate relief.

## ARGUMENT IN OPPOSITION

**Keene's motion to expand the record should be denied, because Keene failed to diligently present to the state courts the documents that he now asks the Court to consider.**

Title 28 U.S.C. Section 2254(e) contains significant limitations on the authority of the district court to order an evidentiary hearing in federal habeas corpus:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --

---

[2] Consistent with the Magistrate Judge's recommendation, the Court dismissed as procedurally defaulted, in whole or in part, Keene's seventh, thirteenth, fifteenth, twentieth, twenty-fourth, twenty-fifth, twenty-sixth and twenty seventh grounds. Keene did not object to the Magistrate Judge's procedural default recommendations with respect to the twenty-fourth, twenty-fifth, twenty-sixth and twenty-seventh grounds. See Order of June 7, 2002, at pages 6-7.

    (A)  the claim relies on--

        (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was presently unavailable; or,

        (ii)   a factual predicate that could not have been previously discovered through the exercise of due diligence; and,

    (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

In Williams v. Taylor, 529 U.S. 420, 120 S.Ct. 1479 (2000), the Supreme Court of the United States held that Section 2254(e) presupposes a lack of due diligence on the part of the habeas corpus petitioner in failing to develop the factual basis of a claim in state court. Id., at 432. "Diligence" for the purposes of Section 2254(e)(2) depends upon "whether the prisoner made a reasonable attempt, in light of the available information available at the time, to investigate and pursue claims in state court," and, "will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id., at 435, 437. Section 22254(e)(2)'s restrictions apply when a petitioner seeks relief based on new evidence, regardless of whether or not the petitioner is given an evidentiary hearing. Holland v. Jackson, 542 U.S. __ (2004), 2004 LEXIS 4758, Slip Opinion at 4. See also Boyko v. Parke, 259 F.3d 781, 790 (7th Cir. 2001) ("When expansion of the record is used to achieve the same end as an evidentiary hearing, the petitioner ought to be subject to the same constraints that would be imposed if he had sought an evidentiary hearing.").

Keene moves this Court to expand the record to include "records of the trial of State of Ohio v. Weston Lee Howe." The records appear to be excerpts from the trial transcript in the latter case. Keene avers that the transcripts are relevant to his claim of selective prosecution. However, Keene

failed to provide such transcripts to the state trial court in support of his motion to dismiss for discriminatory enforcement.  See Joint Appendix, Vol. I, pages 00349-00371.  Moreover, Keene does not offer any explanation for his apparent failure to diligently present the transcripts in support of his motion.  The Warden notes that according to page 1413 of the offered transcript, the court reporter certified the transcripts on August 19, 1993.  Keene filed his motion to dismiss on August 25, 2003.  See Decision and Entry, Joint Appendix, Vol. II, page 000750.  Accordingly, Keene's motion to expand the record should be denied, based on his failure to diligently present the proffered documents to the state trial court.[3]

                                        Respectfully Submitted,

                                        **JIM PETRO (0022096)**
                                        **Ohio Attorney General**

                                        s/Charles L. Wille
                                        **CHARLES L. WILLE (0056444)**
                                        Senior Assistant Attorney General
                                        Capital Crimes Section
                                        30 East Broad Street, 23rd Floor
                                        Columbus, Ohio 43215
                                        (614) 728-7055; (614) 728-8600 (fax)
                                        Email: cwille@ag.state.oh.us

                                        **COUNSEL FOR RESPONDENT**

---

[3]  Also, the Warden respectfully notes Keene's failure to offer any explanation whatsoever for waiting to file his motion to expand the record until after the Magistrate Judge entered a final report and recommendations.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Memorandum in Opposition* was sent via the Court's Electronic Filing System and first-class U.S. Mail, postage prepaid, this 18th day of October, 2004, to John S. Marshall **and** Rayl L. Stepter, Attorneys at Law, 111 West Rich Street - Suite 430, Columbus, Ohio, 43215; Counsel for Petitioner.

                                              s/Charles L. Wille
                                              **CHARLES L. WILLE**
                                              Senior Assistant Attorney General