IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARVELLOUS KEENE, | : | ***DEATH PENALTY CASE*** |
| Petitioner, | : | Case No. C-1-00-421 |
| vs. | : | JUDGE BECKWITH |
| BETTY MITCHELL, WARDEN, | : | MAGISTRATE JUDGE MERZ |
| Respondent. | : | |

**PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXPAND THE RECORD**

Petitioner hereby responds to the Warden's opposition to his Motion to Expand the Record. Essentially, the only requirement for the expansion of the record is that the additional information have relevance to the determination of the merits of the Petition. This matter is elaborated upon in the attached Memorandum.

Respectfully submitted,

s/John S. Marshall
John S. Marshall (0015160)
111 West Rich Street, Suite 430
Columbus, Ohio 43215
(614) 463-9790
Fax (614) 463-9780

s/Rayl L. Stepter
Rayl L. Stepter (0047505)
111 West Rich Street, Suite 430
Columbus, Ohio 43215-4126
(614) 463-9790
Fax: (614) 463-9780
Attorneys for Petitioner Keene

## **MEMORANDUM**

The Warden inaccurately maintains that the standards for holding an evidentiary hearing govern with regard to the Petitioner's Motion. Habeas Rule 7 governs the expansion of the record. The standard for permitting expansion is relevance. The standards for an evidentiary hearing have no bearing on the issue. The Advisory Committee to Rule 7 expressly stated that the purpose in expansion is to alleviate the need for an evidentiary hearing: "Authorizing expansion of the record will, hopefully, eliminate some unnecessary hearings. Advisory Committee Notes To Habeas Rule 7, 1976. The reason no evidentiary hearing is required here is because the transcript speaks for itself.

Further, the Warden maintains that the Petitioner's request did not occur until after the Magistrate's Report and Recommendations were submitted. However, the necessity for making the transcript itself a part of the record became evident based upon the findings issued in the Report and Recommendations. Mr. Keene has argued that whites who committed capital murder were not prosecuted for capital murder. Upon review of the Report and Recommendations, it was necessary to further delineate what transpired at the 1992 trial of Weston Lee Howe in order to show the similarities between that case and the Petitioner's case.

Lastly, the Warden's discussion of new evidence is clearly inapplicable here. Mr. Keene is not presenting any new evidence. The first reference to the Weston Lee Howe trial was made in a Motion to Dismiss Death Penalty Specification for Discriminatory Enforcement filed prior to Mr. Keene's trial (Pre-Trial Tr. 349-375). The denial of that Motion has been the subject of appeals. Thus, some details of that trial are already a part

of the record. It is evident from the Report and Recommendations that further elaboration upon the actual underlying details of those crimes would be helpful in determining whether or not those claims were similarly situated to those of Petitioner Keene.

## **CONCLUSION**

Based on the foregoing, Petitioner's Motion to Expand the Record should be granted.

Respectfully submitted,

s/John S. Marshall
John S. Marshall (0015160)
111 West Rich Street, Suite 430
Columbus, Ohio 43215
(614) 463-9790
Fax (614) 463-9780


s/Rayl L. Stepter
Rayl L. Stepter (0047505)
111 West Rich Street, Suite 430
Columbus, Ohio  43215-4126
(614) 463-9790
Fax:  (614) 463-9780

Attorneys for Petitioner

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed electronically on November 1, 2004. Notice of this filing will be sent to all parties by operation the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      s/Rayl L. Stepter
                                      Rayl L. Stepter (0047505)

Reply Brief