**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MARVELLOUS KEENE, | : ***DEATH PENALTY CASE*** |
| Petitioner, | : Case No. C-1-00-421 |
| vs. | : JUDGE BECKWITH |
| BETTY MITCHELL, WARDEN, | : MAGISTRATE JUDGE MERZ |
| Respondent. | : |

**PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY**

Respectfully submitted,

/s/ John S. Marshall
John S. Marshall (0015160)
MARSHALL AND MORROW LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

/s/ Rayl L. Stepter
Rayl L. Stepter (0047505)
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
Fax: (614) 463-9877

Attorneys for Petitioner Keene

# TABLE OF POINTS AND AUTHORITIES RELIED UPON

I. BACKGROUND. .......................................................... 1

State of Ohio v. Weston Lee Howe, 92 CR 1673 (Montgomery County, 1993)

II. ARGUMENT. .......................................................... 2

A. STANDARD OF REVIEW. .......................................... 2

28 U.S.C. sec. 2253(c)(2)

Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000)

Barefoot v. Estelle, 463 U.S. 880, 894 (1983)

B. MOTION TO EXPAND THE RECORD. .............................. 2

State of Ohio v. Weston Lee Howe, 92 CR 1673 (Montgomery County, 1993)

Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)

Slack v. McDaniel, supra,

C. GROUNDS FOR RELIEF. .......................................... 3

FIRST GROUND FOR RELIEF .................................................. 4

THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH THE OHIO DEATH PENALTY STATUTORY REQUIREMENTS WHEN IT SENTENCED MR. KEEN TO DEATH AND THUS VIOLATED MR. KEENE'S FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL PROTECTION, AN TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. ........................................ 4

O.R.C. sec. 2929.04(A)(3)

O.R.C. sec. 2929.04(A)(5)

O.R.C. sec. 2929.04(A)(7)

O.R.C. sec. 2929.04(A)(8)

Burden v. Zant, 498 U.S. 433, 436 (1991) (per curiam)

A. Improper and Prejudicial Collective Weighing of Aggravating Circumstances. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

B. Improper Reliance on Non-Statutory and Unconstitutionally Vague Aggravating Circumstances. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Espinosa v. Florida, 505 U.S. 1079, 1081 (1992)

Stringer v. Black, 503 U.S. 222, 230, 235 (1992)

Shell v. Mississippi, 498 U.S. 1 (1990)

Maynard v. Cartwright, 486 U.S. 356, 363-364 (1988)

Godfrey v. Georgia, 446 U.S. 420, 428-433 (1980)

Penry v. Johnson, supra,

O.R.C. sec. 2929.04(A)

State v. Johnson, 24 Ohio St. 3d 87, 92-93, 494 N.E.2d 1061 (1986)

C. Improper Consideration and Weighing of Non-Existent Aggravation Circumstances. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

O.R.C. sec. 2929.04 (A)(3)

State v. Jenkins, 15 Ohio St. 3d 164, 197, 473 N.E.2d. 264 (1984)

D. Erroneous Belief that Death Sentence was Mandatory. . . . . . . . . . . . . . . . . . . . . 13

Woodson v. North Carolina, 428 U.S. 280 (1976)

Mills v. Maryland, 486 U.S. 367, 375 (1988)

1. Due Process Rights. . . . . 13

O.R.C. § 2929.04

Gregg v. Georgia, 428 U.S. 153, 193-195 (1976)

Furman v. Georgia, 408 U.S. 238 (1972)

Fox v. Coyle, 271 F.3d 658, 665-666 (6th Cir. 2001)

2. Equal Protection Rights . . . . . 14

3. Eighth Amendment Rights. . . . . 14

Davis, supra

Espinosa v. Florida, 505 U.S. 1079, 1081 (1992)

Stringer v. Black, 503 U.S, 222, 230, 235 (1992)

Shell v. Mississippi, 498 U.S. 1 (1990)

Maynard v. Cartwright, 486 U.S. 356, 363-364 (1988)

Godfrey v. Georgia, 446 U.S. 420, 428-433 (1980)

Penry v. Johnson, 531 U.S. 1003 (2001)

Lewis v. Jeffers, 497 U.S. 764, 774 (1990)

SECOND GROUND FOR RELIEF . . . . . 16

THE SENTENCE OF DEATH IMPOSED ON MR. KEENE WAS UNRELIABLE AND INAPPROPRIATE, AND THUS HIS DEATH SENTENCE VIOLATES THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . 16

Gregg v. Georgia, 428 US 153, 193, 195 (1976)

Furman v. Georgia, 408 US 238 (1972)

Penry v. Johnson, 532 US 782, 797, 798, 800 (2001)

State v. Keene, 81 Ohio St. 3d 646, 671 (1998)

Ohio Rev. Code §2929.04 (B)(3)

Ohio Rev. Code §2929.04 (B)(7)

Eddings v. Oklahoma, 455 US 104 (1982)

State v. Lawrence, 44 Ohio St. 3d. 24, 29, 541 NE 2d. 451 (1989)

Maynard v. Cartwright, 486 U.S. 356 (1988)

THIRD GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

WHEN A TRIAL COURT FAILS TO SPEND AN ADEQUATE OR REASONABLE AMOUNT OF TIME PERFORMING ITS STATUTORY OBLIGATION OF WEIGHING THE AGGRAVATING CIRCUMSTANCES AGAINST THE MITIGATING FACTORS DURING THE PENALTY DELIBERATIONS, AND THUS FAILS TO GIVE EFFECT TO MITIGATING EVIDENCE, A CAPITAL DEFENDANT IS DENIED THE RIGHT TO A FAIR TRIAL, DUE PROCESS OF LAW, AND A RELIABLE SENTENCING DETERMINATION UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . . 17

Penry v. Johnson, 532 US 782, 784 (2001)

State v. Watson, 61 Ohio St. 3d 1, 572 N.E.2d 97 (1991)

State v. Lawrence, 44 Ohio St. 3d 24, 541 N.E.2d 451 (1989)

State v. Cooey, 46 Ohio St. 3d 20, 544 N.E.2d 895, syllabus three (1989)

FOURTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

THE TRIAL COURT ERRED BY INTERPRETING OHIO LAW TO REQUIRE A MANDATORY DEATH SENTENCE RATHER THAN DECIDING WHETHER DEATH WAS THE APPROPRIATE PUNISHMENT FOR MR. KEENE, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . . 20

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Keene, supra

Woodson v. North Carolina, 428 U.S. 280 (1976)

TWENTY-SECOND GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

IN THE EVENT THAT THIS COURT SHOULD FIND THAT THE ROBBERY AND BURGLARY OF MR. WILKERSON AROSE FROM THE SAME ACT OR INDIVISIBLE COURSE OF CONDUCT, THEN THE TRIAL COURT ERRED BY REFUSING MR. KEENE'S REQUEST TO MERGE THESE CAPITAL SPECIFICATIONS, THUS ARTIFICIALLY INFLATING THE NUMBER OF AGGRAVATING CIRCUMSTANCES IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Lewis v. Jeffers, 497 U.S. 764, 774 (1990)

O.R.C. sec. 2903.01(A)

O.R.C. sec. 2929.04(B)(7)

Jenkins v. State, 15 Ohio St. 3d 164, 197, 473 N.E.2d 264 (1984)

Sumner v. Schuman, 483 U.S. 66 (1987)

Roberts v. Louisiana, 428 U.S. 325 (1976)

Johnson v. Mississippi, 486 U.S. 578 (1988)

State v. Penix, 32 Ohio St. 3d 369, 513 N.E.2d 744 (1987)

TWENTY-THIRD GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

WHEN AN ERROR IN THE TRIAL RECORD IS BROUGHT TO THE ATTENTION OF THE TRIAL COURT AND THE TRIAL COURT DENIES A MOTION TO CORRECT THE RECORD, A CAPITAL APPELLANT IS DENIED HIS RIGHTS TO DUE PROCESS OF LAW, AN ADEQUATE APPELLATE REVIEW, AND A RELIABLE DETERMINATION OF HIS GUILT AND SENTENCE AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Zant v. Stephens, 462 U.S. 862, 876 (1983)

Ohio R. App. P. 9(E)

FIFTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

THE PETITIONER'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN A TRIAL COURT REFUSED TO PERMIT DISCOVERY AND A HEARING UPON THE PRESENTATION OF SUFFICIENT EVIDENCE OF SELECTIVE PROSECUTION IN MONTGOMERY COUNTY. . . . . 24

McCleskey v. Kemp, 481 US 279 (1987)

United States v. Armstrong, 517 US 456, 465 (1996)

State of Ohio v. Weston Lee Howe, 92 CR 1673 (Montgomery County, 1993)

United States v. Carron, 541 F.Supp. 347, 350 (W.D.N.Y.1982)

Batson v. Kentucky, 476 US 19, 94 (1986)

United States v. Hazel, 696 F.2d. 473, 475 (6th Cir. 1983)

Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 US 252, 266 (1977)

SIXTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

THE TRIAL COURT ERRED BY FAILING TO GRANT MR. KEENE'S MOTION TO DISMISS THE CAPITAL INDICTMENT AGAINST HIM ON THE BASIS OF THE MONTGOMERY COUNTY PROSECUTOR'S DEMONSTRATED RACIAL BIAS IN SEEKING THE DEATH PENALTY IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Wayte, supra, 470 U.S. at 607

Oyler v. Boles, 368 U.S. 448, 456 (1962)

Zant v. Stephens, 462 U.S. 862, 885 (1983)

Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 266 (1977)

Batson v. Kentucky, 476 U.S. 79, 93 (1986)

Washington v. Davis, 426 U.S. 229, 242 (1976)

McCleskey, supra, 481 U.S. 279, 286-289

EIGHTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

THE TRIAL COURT ERRED IN FAILING TO GRANT PETITIONER'S MOTION FOR CHANGE OF VENUE, EFFECTIVELY FORCING HIM TO INVOLUNTARILY WAIVE HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . . 28

Irvin v. Dowd, 366 US 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed. 2d. 751 (1961)

Moore v. Dempsey, 261 US 86, 43 S.Ct. 265, 67 L.Ed. 543 (1923)

Rideau v. Louisiana, 373 US 723, 726, 83 S.Ct. 1417, 1419, 10 L.Ed. 2d. 663 (1963)

Murphy v. Florida, 421 U.S. 794 at 798-99, 95 S.Ct. 2031 at 2035 (1975)

Cox v. Louisiana, 379 US 559, 565, 85 S.Ct. 476, 481, 13 L.Ed. 2d. 487 (1965)

NINTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

THE TRIAL COURT ERRED IN FAILING TO SUPPRESS IDENTIFICATION OF MR. KEENE WHEN THE IDENTIFICATION PROCEDURES EMPLOYED IN THE CASE AT BAR WERE SO UNDULY SUGGESTIVE AS TO GIVE RISE TO A VERY SUBSTANTIAL LIKELIHOOD OF IRREPARABLE MISIDENTIFICATION IN VIOLATION OF MR. KEENE'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Simmons v. United States, 390 US 377, 384, 88 S.Ct. 967, 971, 19 L.Ed. 2d. 1247 (1968)

United States v. Wade, 388 US 218 (1967)

TENTH GROUND FOR RELIEF . . . . . . . . . . 35

WHEN A TRIAL COURT IS AWARE OF A CAPITAL DEFENDANT'S PROPENSITY TO ACQUIESCE TO AUTHORITY FIGURES, IT IS ERROR TO ACCEPT A JURY WAIVER AND PERMIT A CAPITAL TRIAL TO PROCEED BEFORE A THREE JUDGE PANEL, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . 35

Humphrey v. Cady, 405 US 504, 517 (1972)

Patton v. United States, 281 US 276, 313 (1930)

ELEVENTH GROUND FOR RELIEF . . . . . . . . . . 37

THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS THE STATEMENTS OF MR. KEENE TO THE DAYTON POLICE DEPARTMENT BECAUSE THE STATEMENTS WERE INVOLUNTARY AND MR. KEENE DID NOT MAKE A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHTS. THE TRIAL COURT'S ACTION DENIED MR. KEENE HIS RIGHTS TO A FAIR TRIAL, DUE PROCESS AND A RELIABLE DETERMINATION OF HIS GUILT AND SENTENCE AS GUARANTEED BY THE FIFTH SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.37 . . . . . . . . . .

Miranda v. Arizona, 384 US 436, 467 (1966)

TWELFTH GROUND FOR RELIEF . . . . . . . . . . 39

THE TRIAL COURT ERRED BY ADMITTING EVIDENCE OVER OBJECTION WHEN THE STATE FAILED TO SHOW THAT PHYSICAL EVIDENCE OFFERED AT TRIAL WAS IN SUBSTANTIALLY THE SAME CONDITION AS IT WAS AT THE TIME OF THE CRIME. THE ADMISSION OF SUCH EVIDENCE VIOLATED MR. KEENE'S RIGHTS TO DUE PROCESS, A FAIR TRIAL AND A RELIABLE VERDICT UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNTIED STATES CONSTITUTION. . . . . . . . . . . 39

Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)

FIFTEENTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

THE TRIAL COURT ERRED BY ALLOWING THE STATE TO REPEATEDLY INTRODUCE OTHER ACTS EVIDENCE AT MR. KEENE'S TRIAL, AND THUS DENIED HIS RIGHTS TO A FAIR TRIAL, DUE PROCESS AND A RELIABLE DETERMINATION OF HIS GUILT AND SENTENCE AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Donnelly, supra

United States v. Grossman, 400 F.2d. 951, 956 (4th Cir. 1968)

SIXTEENTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

THE INTRODUCTION OF REPEATED INSTANCES OF VICTIM IMPACT TESTIMONY DURING THE CULPABILITY PHASE VIOLATED OHIO REVISED CODE §2943.041 AND 2945.07 AND THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Payne v. Tennessee, 501 US 808, 827 (1991)

Booth v. Maryland, 482 US 496 (1987)

South Carolina v. Gathers, 490 US 805 (1989)

EIGHTEENTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

THE TRIAL COURT ERRED BY ADMITTING THE TESTIMONY OF NICHOLAS WOODSON WHICH WAS IRRELEVANT, HIGHLY PREJUDICIAL, USED TO SHOW PROPENSITY, IN VIOLATION OF THE MR. KEENE'S RIGHT TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . 44

Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)

Pulley v. Harris, 465 U.S. 37 (1984)

FOURTEENTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

THE STATE FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO CONVICT MR. KEENE OF AGGRAVATED MURDER AND THEREFORE HIS CONVICTION DEPRIVED HIM OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.46 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

O.R.C. sec. 2929.04(A)(8)

Slack v. McDaniel,

O.R.C. sec. 2929.04(A)(7)

State v. Penix, 32 Ohio St.3d 369, 371, 513 N.E.2d 744 (1987)

State v. Taylor, 66 Ohio St. 3d 295, 308, 612 N.E.2d 316 (1993)

Jackson v. Virginia, 443 U.S. 307 (1979)

SEVENTEENTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

THE PROSECUTOR'S MISCONDUCT DURING MARVELLOUS KEENE'S TRIAL DENIED MR. KEENE HIS SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

A. Prosecutorial Misconduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

Donnelly v. DeChristoforo, 416 U.S. 637 (1974)

United States v. Carter, 236 F.3d 777 (6th Cir. 2001)

Griffin v. California, 380 U.S. 609 (1965)

O'Connor v. Ohio, 385 U.S. 92 (1966)

Sandstrom v. Montana, 442 U.S. 510 (1979)

Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935)

Griffin v. Mississippi, 557 So.2d 542, 553 (1990)

O.R.C. §2947.051(A)

O.R.C. §2929.12

O.R.C. §2929.14

Evitts v. Lucey, 469 U.S. 387 (1985)

O.R.C. §2929.04(B)

Romine v. Head, 253 F.3d 1349 (11th Cir. 2001)

Sansoval v. Calderon, 241 F.3d 765 (9th Cir. 2000)

Harris v. United States, 402 F.2d 656 (D.C. Cir. 1968)

Penry v. Lynaugh, 492 U.S. 302 (1989)

TWENTY-FIRST GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

SIMULTANEOUSLY SENTENCING ON THE CHARGES OF FELONY MURDER AND ON THE SUBSTANTIVE UNDERLYING FELONY CHARGE VIOLATES THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES CONSTITUTION IN VIOLATION OF MR. KEENE'S RIGHT TO DUE PROCESS, IN VIOLATION OF MR. KEENE'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

U.S. Const. Amend. V, cl. 2

Benton v. Maryland, 395 U.S. 784 (1969)

Ball v. United States, 470 U.S. 856 (1985)

United States v. Dixon, 509 U.S. 688 (1993)

North Carolina v. Pearce, 395 U.S. 711, 717 (1969)

O.R.C. sec. 2903.01(B)

O.R.C. sec. 2911.01

TWENTY-FIFTH GROUND FOR RELIEF . . . . . . . . . . 56

OHIO'S DEATH PENALTY SCHEME IS UNCONSTITUTIONAL AND VIOLATED PETITIONER KEENE'S RIGHTS AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. . . . . . . . . . . 56

Robinson v. California, 370 U.S. 660 (1962)

Coker v. Georgia, 433 U.S. 584 (1977)

Furman v. Georgia, 408 U.S. 238 (1972)

Rhodes v. Chapman, 452 U.S. 337, 361 (1981)

Trop v. Dulles, 356 U.S. 86 (1958)

A. Arbitrary and Unequal Punishment. . . . . . . . . . . 56

Furman, supra

Woodson v. North Carolina, 428 U.S. 280 (1976)

Ohio Public Defender Death Penalty Statistics, 10/22/99

"Death Penalty Sentencing: Research Indicates Pattern of Racial Disparities," U.S. General Accounting Office, Report to Senate and House Committees on the Judiciary (February 1990)

O.R.C. sec. 2953.21(A)(2)

Commonwealth v. O'Neal II, 339 N.E.2d 676, 678 (Mass. 1975)

Utah v. Pierre, 572 P.2d 1338 (Utah 1977)

Shelton v. Tucker, 364 U.S. 479 (1960)

B. Unreliable Sentencing Procedures. .................................... 58

Gregg v. Georgia, 428 U.S. 153, 188, 193-95 (1976)

Furman, supra

Godfrey v. Georgia, 446 U.S. 420 (1980)

State v. Fox, 69 Ohio St.3d 183, 193, 631 N.E.2d 124, 132 (Ohio 1994)

Eddings v. Oklahoma, 455 U.S. 104 (1982)

Penry v. Lynaugh, 492 U.S. 302 (1989)

Enmund v. Florida, 458 U.S. 782 (1982)

Delo v. Lashley, 507 U.S. 272 (1993)

Johnson v. Texas, 509 U.S. 350 (1993)

Cho, Capital Confusion: The Effect of Jury Instructions on the Decision To Impose Death, 85 J. Crim. L. & Criminology 532, 549-557 (1994)

Free v. Peters, 12 F.3d 700 (7th Cir. 1993)

C. Lack of Individualized Sentencing. .................................... 60

Zant v. Stephens, 462 U.S. 862 (1983)

Barclay v. Florida, 463 U.S. 939 (1983)

Furman, supra

Woodson, supra

D. Defendant's Right to a Jury Is Burdened. .............................. 60

Ohio R. Crim. P. 11 (C)(3)

Lockett v. Ohio, 438 U.S. 586, 617 (1978)

United States v. Jackson, 390 U.S. 570 (1968)

E. Mandatory Submission of Reports and Evaluations. . . . . . . . . . . . . . . . . . . . . . . 61

O.R.C. sec. 2929.03(D)(1)

F. The Definition of Mitigating Factors in O.R.C. sec. 2929.04(b)(7) Violates the
Reliability Component of the Eighth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

O.R.C. sec. 2929.04(B)(7)

McCleskey v. Kemp, 481 U.S. 279, 305 (1987)

O.R.C. sec. 2929.04(A)

Stringer v. Black, supra

Boyde v. California, 494 U.S. 370, 380-81 (1990)

Lockett v. Ohio, supra

O.R.C sec. 2929.04(C)

Penry v. Lynaugh, supra

Eddings v. Oklahoma, supra

Graham v. Collins, 506 U.S. 461, 510 (1993)

G. O.R.C. sec. 2929.04(A)(7) Is Constitutionally Invalid When Used to Aggravate O.R.C. sec. 2903.01(B) Aggravated Murder. . . . . . . . . . . . . . . . . . . 62

Zant v. Stephens,

O.R.C. sec. 2929.04(A)(7)

O.R.C. sec. 2903.01(B)

O.R.C. sec. 2903.01(A)

The Constitutionality of Imposing the Death Penalty
for Felony Murder, 15 Hous. L. Rev. 356, 375 (1978)

State v. Williams, 74 Ohio St.3d 569, 660 N.E.2d 724, syl. 2 (1996)

State v. Rojas, 64 Ohio St. 3d 131, 592 N.E.2d 1376 (1992)

Skinner v. Oklahoma, 316 U.S. 535 (1941)

H. O.R.C. sec. 2929.03(D)(1) and 2929.04 Are Unconstitutionally Vague. ...... 65

O.R.C. sec. 2929.03(D)(1)

O.R.C. sec. 2929.04(B)

Lewis v. Jeffers, supra

Maynard v. Cartwright, 486 U.S. 356, 362 (1988)

Walton v. Arizona, 497 U.S. 639, 653 (1990)

Godfrey, supra

Tuilaepa v. California, 512 U.S. 967 (1994)

State v. Wogenstahl, 75 Ohio St.3d 344, 356, 662 N.E.2d 311, 321-322 (1996)

O.R.C. sec. 2929.04(A)(1)-(8)

Stringer, supra

I. Proportionality and Appropriateness Review. ........................... 67

O.R.C. sec. 2929.021 and 2929.03

Zant, supra

Pulley v. Harris, 465 U.S. 37 (1984)

O.R.C. sec. 2929.05(A)

State v. Steffen, 31 Ohio St. 3d 111, 509 N.E.2d 383, syl. 1 (1987)

Spaziano v. Florida, 468 U.S. 447, 460 (1984)

Evitts v. Lucey, 469 U.S. 387, 401 (1985)

O.R.C. sec. 2929.05

J. Electrocution Is Cruel and Unusual Punishment. . . . . . . . . . . . . . . . . . . . . . . . . 68

Trop v. Dulles, 336 U.S. 77 at 101 (1949)

Denno, Is Electrocution an Unconstitutional Method of Execution? The Engineering of Death over the Century, 35 Wm. & Mary L. Rev. 551, 637-43, 672-72 (1994)

Clisby v. Alabama, 514 U.S. 1093 (1995)

Poyner v. Murray, 508 U.S. 931, 932 (1993)

Gregg v. Georgia, 428 U.S. 153 at 173 (1976)

Ohio Revised Code sec. 2903.01

Ohio Revised Code sec. 2929.02

Ohio Revised Code sec. 2929.021

Ohio Revised Code sec. 2929.022

Ohio Revised Code sec. 2929.023

Ohio Revised Code sec. 2929.03

Ohio Revised Code sec. 2929.04

Ohio Revised Code sec. 2929.05

TWENTY-EIGHTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

PETITIONER KEENE WAS DENIED HIS RIGHT TO COUNSEL, DUE PROCESS, EQUAL PROTECTION, A FAIR PROCEEDING, AN IMPARTIAL TRIBUNAL, A RELIABLE SENTENCE, AND AN ADEQUATE CORRECTIVE PROCESS DURING HIS POST-CONVICTION PROCEEDINGS, IN VIOLATION OF MR. KEENE'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.69 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

O.R.C. sec. 2953.21

State v. Perry, 10 Ohio St. 2d 175, 226 N.E.2d 104 (1967)

Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)

NINETEENTH GROUND FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

THE INEFFECTIVE ASSISTANCE OF COUNSEL PROVIDED TO MR. KEENE VIOLATED HIS RIGHTS TO A FAIR AND IMPARTIAL JURY TRIAL AND SENTENCE, AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.71 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Williams v. Taylor, 59 U.S. 362 (2000)

Strickland v. Washington, 466 U.S. 668, 688 (1984)

A. Deficient Performance At The Pre-Trial And Trial Phases. . . . . . . . . . . . . . . . . 71

O.R.C. sec. 2929.04(A)(7)

State v. Penix, 32 Ohio St. 3d 369, 513 N.E.2d 744 (1987)

B. Deficient Performance At Mitigation Phase. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

C. A CERTIFICATE OF APPEALABILITY SHOULD BE GRANTED WITH REGARD TO PETITIONER'S PROCEDURALLY DEFAULTED CLAIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)

Bransford v. Brown, 806 F.2d 83, 84-85 (6th Cir. 1986)

Walker v. Engle, 703 F.2d 959, 966 (6th Cir. 1983)

Johnson v. Cowley, 40 F.3d 341, 344 (10th Cir. 1994)

Ford v. Georgia, 498 U.S. 411, 423 (1991)

James v. Kentucky, 466 U.S. 341, 348-349 (1984)

Hathorn v. Lovorn, 457 U.S. 255, 262-263 (1982)

Dugger v. Adams, 489 U.S. 401, 410-411 n.6 (1989)

Johnson v. Mississippi, 486 U.S. 578, 587 (1988)

Barr v. City of Columbia, 378 U.S. 146, 149 (1964)

Rogers v. Howes, 144 F.3d 990, 995 n.5 (6th Cir. 1998)

Mapes v. Coyle, 171 F.3d 408 (6th Cir. 1999)

Coleman v. Thompson, 501 U.S. 722, 725 (1991)

Michigan v. Long, 463 U.S. 1032, 1040-1041 (1983)

Johnson v. Mississippi, 486 U.S. 578, 587 (1988)

Murray v. Carrier, 477 U.S. 478, 488 (1986)

Amadeo v. Zant, 486 U.S. 214, 221-222 (1988)

Smith v. Murray, 477 U.S. 527 (1986)

United States v. Frady, 456 U.S. 152, 170 (1982)

Moore v. Carlton, 74 F.3d 689, 691 n.3 (6th Cir. 1996)

United States v. Jackson, 181 F.3d 740 (6th Cir. 1999)

Parkus v. Delo, 33 F.3d 933, 938-940 (8th Cir. 1994)

Amadeo v. Kemp, 816 F.2d 1502 (11th Cir. 1987), reversed on other grounds sub. nom. Amadeo v. Zant, 486 U.S. 214 (1988)

Scott v. Mitchell, 209 F.3D 854 (6th Cir. 2000)

Dugger v. Adams, 489 U.S. 401, 410-411 n.6 (1989)

Harris v. Reed, 489 U.S. 255, 263-264 (1989)

Canon 3(E)(1) of Ohio Code of Judicial Conduct

D. DENIAL OF PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

O.R.C. § 2929.05

Humphrey v. Cady, 405 U.S. 504, 517 (1972)

State v. Moore, 47 Ohio App. 2d 181, 183, 353 N.E.2d 866, 870 (1973)

E. DENIAL OF PETITIONER'S MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

Bracy v. Gramley, 520 U.S. 899 (1997)

Harris v. Nelson, 394 U.S. 286 (1969)

Habeas Rule 6

28 U.S.C. § 2254(e)(2)

Fox v. Coyle, 271 F.3d 658, 665-666 (6th Cir. 2001)

Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)

Bush v. Gore, 531 U.S. 98, 104-105, 110 (2000)

Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 292 (1998)

Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)

State v. Green, 90 Ohio St.3d 352, 363-364, 738 N.E.2d 1208, 1223-1224 (2000)

Espinosa v. Florida, 505 U.S. 1079, 1081 (1992)

Stringer v. Black, 503 U.S. 222, 230, 235 (1992)

Shell v. Mississippi, 498 U.S. 1 (1990)

Maynard v. Cartwright, 486 U.S. 356, 363-364 (1988)

Godfrey v. Georgia, 446 U.S. 420, 428-433 (1980)

West Tennessee v. City of Memphis, 138 F.Supp.2d 1015, 1019, 1026 (2000)

F. MOTION FOR DISCOVERY SHOULD HAVE BEEN GRANTED. . . . . . . . . 86

Bracy v. Gramley, 117 S.Ct. 1793 (1997)

## I. BACKGROUND.

Petitioner Marvallous Keene was convicted of aggravated murder for the deaths of Joseph Wilkerson, Marvin Washington, Wendy Cottrill, Danita Gullette and Sarah Abraham and sentenced to death. He was also found guilty of aggravated robbery, aggravated burglary, burglary, kidnapping and attempted aggravated murder. Three others, Heather Matthews, Laura Taylor and DeMarcus Smith were also arrested regarding alleged participation in the incidents.

On May 26, 2000, Petitioner Keene filed a Petitioner for a Writ of Habeas Corpus challenging his sentence on constitutional grounds. He alleged twenty-eight (28) grounds for relief. Procedural default was granted as to the Seventh, Thirteenth, Fifteenth (in part), Seventeenth (in part), Twentieth, Twenty-Fourth, Twenty-Fifth (in part), Twenty-Sixth and Twenty-Seventh Grounds for Relief. The Petitioner filed motions for discovery and for an evidentiary hearing which were denied with the exception of the discovery request to depose trial counsel. On November 19, 2002, Petitioner Keene filed his Traverse. On August 25, 2004, this Court issued its Report And Recommendations on the Petition for Writ of Habeas Corpus recommending that the Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice. A Supplemental Report and Recommendations on the Petitioner's objections to the Report and Recommendations was issued on February 24, 2005. This Court again recommended that the Petition be dismissed with prejudice. Also, an Order denying Petitioner's Motion to Supplement the Record with the trial transcript of the case of State of Ohio v. Weston Lee Howe, 92 CR 1673 (Montgomery County, 1993) was issued on that same date. The District Court Judge issued an Order granting the Report and Recommendation and the Supplemental Report and Recommendations and closing the case on April

20, 2005. Petitioner filed his Notice of Appeal on May 3, 2005 and now files his Motion for Certificate of Appealability.

## II. ARGUMENT.

### A. STANDARD OF REVIEW.

Petitioner Keene should be granted a Certificate of Appealability where, as offered below, he has made a substantial showing of the denial of his constitutional rights. 28 U.S.C. sec. 2253(c)(2). A substantial showing also includes showing that reasonable jurists could debate (or agree) whether the Petition should have been resolved in a different manner or that issues presented were "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000), citing Barefoot v. Estelle, 463 U.S. 880, 894 (1983).

### B. MOTION TO EXPAND THE RECORD.

Petitioner Keene previously filed a Motion under Habeas Rule VII seeking to expand the record. Mr. Keene sought to add the records of the trial of State of Ohio v. Weston Lee Howe. 92 CR 1673 (Montgomery County, 1993). The transcript from the trial of Weston Lee Howe was relevant because Mr. Keene cited Defendant Howe and his two co-Defendants, Walter Polson and Tony Elofskey, as comparables in the Fifth and Sixth Grounds for Relief. Howe, Polson and Elofskey were three white males indicted for killings which should have warranted prosecutions for capital murder. The Fifth Ground for Relief sought discovery into a claim of selective prosecution on the basis of race and a hearing on the claim. The Sixth Ground for Relief sought a dismissal of the indictment because of the selective prosecution. The Court held that these three cases were not

similarly-situated and as a result no discovery nor a hearing needed to be granted. In addition, the Court maintained there was no cause for dismissal under the Sixth Ground for Relief on the same basis.

In response to the Magistrate's Report of August 25, 2004, the Petitioner cited specific pages from the transcript of the trial of Weston Lee Howe. Mr. Keene cited specific testimony in order to show that his case was similarly-situated in relevant aspects to those of the white defendants. This was done to buttress his claim that he should have been granted discovery into his claim of selective prosecution, granted a hearing thereupon and ultimately had his indictment dismissed. Fundamental fairness required that the record be expanded for these purposes. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). The Court's denial of the Motion should be permitted to be appealed due to the importance of the issue and the fact that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, supra, 120 S.Ct. 1595, 1604. It is adequate to deserve encouragement to proceed further. Id. Due to the importance of this matter, Petitioner Keene respectively requests that the record be expanded.

**C. GROUNDS FOR RELIEF.**

The Court analyzed the First, Second, Third, Fourth, Twenty-second and Twenty-third Grounds for Relief together and as such, they will be addressed here.

## FIRST GROUND FOR RELIEF

**THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH THE OHIO DEATH PENALTY STATUTORY REQUIREMENTS WHEN IT SENTENCED MR. KEEN TO DEATH AND THUS VIOLATED MR. KEENE'S FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL PROTECTION, AN TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

The indictment charged Mr. Keene with aggravated murder counts as follows:

Count 3 charged the aggravated murder of Mr. Wilkerson and contained the following seven specifications: (1) a firearm specification (which was *not* a capital aggravating circumstance); (2) an "escaping detection for another offense" specification (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(3)); (3) a "course of conduct" specification (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(5)); (4) a "felony-murder" specification, which alleged that Mr. Keene was the principal offender in the killing and that the killing was committed while Mr. Keene was also committing an aggravated burglary (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(7)); (5) an alternative "felony-murder" specification, which alleged that Mr. Keene was *not* the principal offender in the killing, but that Mr. Keene committed the killing with prior calculation and design during the course of an aggravated burglary (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(7)); (6) a "felony-murder" specification, which alleged that Mr. Keene was the principal offender in the killing and that the killing was committed while Mr. Keene was also committing an aggravated robbery (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(7)); and (7) an alternative "felony-murder" specification, which alleged that Mr. Keene was *not* the principal offender in the killing, but that he committed the killing with prior calculation

and design during the course of an aggravated robbery (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(7)).[1] Return of Writ Appendix Vol. I, Bates 14-17. Mr. Keene was found guilty of this Count and all specifications (with the exceptions of the fifth and seventh specifications).

Count 4 charged the aggravated felony-murder of Mr. Wilkerson and alleged that Mr. Keene committed the killing during the course of committing "Aggravated Burglary and/or Aggravated Robbery." It contained the same seven specifications as Count 3. Return of Writ Appendix Vol. I, Bates 17-18. Mr. Keene was found guilty of this Count and all specifications (with the exception of the fifth and seventh specifications).

Count 6 charged the aggravated felony-murder of Ms. Gulette and alleged Keene committed the killing during the course of committing aggravated robbery. It contained three specifications: (1) a firearm specification (which was *not* a capital aggravating circumstance); (2) a "course of conduct" specification (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(5)); and (3) a "felony-murder" specification which alleged that Mr. Keene was the principal offender in the killing and committed the killing during the course of an aggravated robbery (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(7)). Return of Writ Appendix Vol. I, Bates 19-20. Mr. Keene was found guilty of this Count and all specifications.

Count 10 charged the aggravated felony-murder of Ms. Abraham and alleged that Mr. Keene committed the killing during the course of committing aggravated robbery. It contained three specifications: (1) a firearm specification (which was *not* a capital aggravating circumstance); (2) a "course of conduct" specification (which was a capital aggravating circumstance under O.R.C. sec.

[1] It does not appear that a verdict was rendered on this specification. Return of Writ Appendix, Bates 783.

2929.04(A)(5)); and (3) a "felony-murder" specification which alleged that Mr. Keene was the principal offender in the killing and committed the killing during the course of an aggravated robbery (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(7)). Return of Writ Appendix Vol. I, Bates 21-22. Mr. Keene was found guilty of this Count and all specifications.

Count 16 charged the aggravated felony-murder of Ms. Cottrill and alleged that Mr. Keene committed the killing during the course of committing kidnapping. It contained five specifications: (1) a firearm specification (which was *not* a capital aggravating circumstance); (2) a "course of conduct" specification (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(5)); (3) a "felony-murder" specification, which alleged that Mr. Keene was the principal offender in the killing and committed the killing during the course of a kidnapping (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(7)); (4) an alternative "felony-murder" specification, which alleged that Mr. Keene was *not* the principal offender in the killing, but that Mr. Keene committed the killing with prior calculation and design during the course of a kidnapping (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(7)); and (5) a "witness" specification, which alleged that Mr. Keene committed the killing to prevent her testimony in a criminal proceeding regarding an offense other than an offense committed during the course of the killing (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(8)). Return of Writ Appendix Vol. I, Bates 25-26. Mr. Keene was found guilty of this Count and all specifications (with the exception of the fourth specification).

Count 17 charged the aggravated murder of Ms. Cottrill and contained the same five specifications as in Count 16. Return of Writ Appendix Vol. I, Bates 26-27. Mr. Keene was found guilty of this Count and all specifications (with the exception of the fourth specification).

Count 19 charged the aggravated felony-murder of Mr. Washington and contained the following four specifications: (1) a firearm specification (which was *not* a capital aggravating circumstance); (2) a "course of conduct" specification (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(5)); (3) a "felony-murder" specification, which alleged that Mr. Keene was *not* the principal offender in the killing, but that he committed the killing with prior calculation and design during the course of a kidnapping (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(7)); and (4) a "witness" specification, which alleged that Mr. Keene committed the killing to prevent her testimony in a criminal proceeding regarding an offense other than an offense committed during the course of the killing (which was a capital aggravating circumstance under O.R.C. sec. 2929.04(A)(8)). Return of Writ Appendix Vol. I, Bates 28-29. Mr. Keene was found guilty of this Count and all specifications.

Count 20 charged the aggravated murder of Mr. Washington and contained the same four specifications as Count 19. Return of Writ Appendix Vol. I, Bates 29-30. Mr. Keene was found guilty of this Count and all specifications.

The trial court found the following mitigating factors:

> The Defendant was nineteen years of age at the time of the events giving rise to these charges and while he was legally an adult, he nevertheless was emotionally immature at the time.
>
> The Defendant had no history of involvement in the criminal justice system, either as a juvenile or as an adult.
>
> To some extent, the Defendant came from a disfunctional [sic] family, i.e. he had not consistent father figure in his life. This fact was not of his making.
>
> The tragic nature of his brother's death had a profound effect upon the Defendant. He became depressed, virtually gave up on his educational efforts for a time, and was morose and introspective.

During the period following his brother's death the Defendant developed a condition known as "passive–aggressive personality disorder." This manifested itself in several ways: he appeared to pout, intentionally neglected his responsibilities and stubbornly refused aid from those around him. In addition he frequently appeared angry and declined to trust any efforts to develop a close relationship with anyone.

The unexpected, although natural death of his grandmother seemed to accentuate these conditions and represented the termination of another close relationship.

The Defendant was demonstrating symptons [sic] of postttraumatic stress disorder following the death of his brother which was exacerbated by his grandmother's death. This was evidenced by his reexperiencing the traumatic loss of his brother as demonstrated by his frequent visits to the cemetery where his brother was buried.

When he went to live with his natural father in California, the Defendant showed marked improvement in all of these conditions in that he did well in school, achieved some honors, graduated and after a brief training period obtained and maintained employment. Although still not active socially with his peers, he did baby-sit and enjoy romping with his step-siblings and the neighbors' children. All of this abruptly terminated when his father gave him the ultimatum to either accept his responsibilities as an adult and forego a return to Dayton for the family reunion or in the alternative to go to Dayton and stay there. The Defendant perceived this as the second loss of his father.

However, upon his return to his mother's home, he acted responsibly by getting a job and working regularly. He had apparently accepted the events of his life when he abruptly moved out of his mother's house, quit his job and began to associate on a regular basis with street-wise peers, including the other three people later involved in the series of events leading to this prosecution....

Following his arrest the Defendant wrote a letter to be read to the congregation of the church he had attended all his life expressing some remorse. Also, in his unsworn statement in the mitigation phase of this trial he expressed some remorse for what he had done.

Opinion testimony was presented that the Defendant would do well in a prison setting.

Finally, the testimony demonstrated that the Defendant historically was not a leader, but was characterized as a follower....

Return of Writ Appendix, Bates 972-975. These findings are presumed correct in these habeas proceedings. Burden v. Zant, 498 U.S. 433, 436 (1991) (per curiam).The trial court's verdict forms showed that it found that the aggravators "outweighed" the mitigators – however, they failed to show that these findings were beyond a reasonable doubt, as required. It sentenced Mr. Keene to death on Counts 4, 6, 10, 17 and 20. Its opinion stated that it found that:

> the cold and calculated plans that were developed, the deliberate execution of those plans and the manner and means by which five people were killed, one of whom was a former neighbor, two total strangers and two young associates, we unanimously find beyond a reasonable doubt that the aggravating circumstances found with respect to each aggravated murder count outweigh the several mitigating factors established by a preponderance of the evidence. Following these conclusions, the law of this State requires the imposition of the death penalty upon the Defendant.

Return of Writ Appendix, Bates 975-976.

### A. Improper and Prejudicial Collective Weighing of Aggravating Circumstances.

The trial court erred by weighing all of the counts and aggravating circumstances collectively against the mitigating factors instead of considering separately the aggravators of each count against the totality of the mitigating evidence. The existence of this error was confirmed by Judge Bixler, a member of the three-judge panel, whose unrebutted Affidavit states that:

> In the deliberations, we did not go through each count of the Indictment and make a determination as to how and whether the mitigation testimony would impact our decision on each Count. Instead, we applied the mitigation evidence to the Indictment as a whole. In other words, we weighed the aggravating circumstances of all the Counts in the indictment collectively, against all the mitigating evidence presented.
>
> Affidavit of Judge Lee A. Bixler, attached to Mr. Keene's Motion for Leave to Conduct Discovery, Doc. 24. This error prejudiced Mr. Keene because "when a capital defendant is convicted of more than

> one count of aggravated murder, the penalty for each individual count must be assessed separately. Only the aggravating circumstances related to a given count may be considered in assessing the penalty for that count." State v. Cooey, 46 Ohio St.3d 20, 38, 544 N.E.2d 895 (1989) (emphasis added). The underlying reason is that "each murder [i]s a separate offense subject to a separate penalty," id., 46 Ohio St.3d at 38.
>
> [A]dding together the aggravating circumstances of [the] murders in the penalty phase[] ... denies "consideration of ... the circumstances of the *particular* offense ..." that is "a constitutionally indispensable part of the process of inflicting the penalty of death ." (Emphasis added.) *Woodson v. North Carolina* (1976), 428 U.S. 280, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (plurality opinion).

Id.

In Mr. Keene's case, the trial court did not assess the penalty for each individual count separately. Affidavit of Judge Lee A. Bixler, attached to Mr. Keene's Motion for Leave to Conduct Discovery, Doc. 24. The trial court did not consider only the aggravating circumstances related to a given count in assessing the penalty for that count. Id. The trial court did not treat each count as a separate offense subject to a separate penalty. Id. Instead, the trial court added together all the aggravating circumstances of all the counts and weighed all these aggravators against the mitigation. Id.

This Court held that the trial court and Ohio Supreme Court appropriately weighed the individual aggravating circumstances against individual mitigating circumstances of each killing and determined that the aggravators outweighed the mitigators. Reasonable jurists could conclude that the failure to weigh appropriately was in violation of the Eighth Amendment and an independent due process violation. The Petitioner was effectively denied a fundamentally fair trial on the merits. The independent re-weighing of the evidence by the Ohio Supreme Court was insufficient to correct the

violation under these circumstances due to the sheer amount of mitigating evidence that had to be weighed against each and every count.

**B. Improper Reliance on Non-Statutory and Unconstitutionally Vague Aggravating Circumstances.**

The trial court's decision stated that it sentenced Mr. Keene to death on the basis of (1) "the cold and calculated plans that were developed'" (2) "the deliberate execution of those plans;" and (3) "the manner and means by which five people were killed, one of whom was a former neighbor, two total strangers and two young associates." Return of Writ Appendix, Bates 975-976. None of these factors are proper aggravating circumstances in Ohio. All of these factors are unconstitutionally vague. See, Espinosa v. Florida, 505 U.S. 1079, 1081 (1992); Stringer v. Black, 503 U.S. 222, 230, 235 (1992) ("aggravating factors must be defined with some degree of precision," "must not fail to guide the sentencer's discretion," and must not be "of vague or imprecise content"); Shell v. Mississippi, 498 U.S. 1 (1990) (limiting instruction insufficient); Maynard v. Cartwright, 486 U.S. 356, 363-364 (1988) (no meaningful distinction between trial court's definitions of statutory aggravator and definition invalidated in Godfrey v. Georgia); Godfrey v. Georgia, 446 U.S. 420, 428-433 (1980) ("outrageously or wantonly vile, horrible and inhuman" statutory aggravator invalidated in particular case due to state court's failure to adequately define or limit aggravator; "no principled way to distinguish this case, in which the death penalty was imposed, from the many cases in which it was not").[2]

[2]"A person of ordinary sensibility could fairly characterize almost every murder as 'outrageously or wantonly vile, horrible and inhuman.'" Id., 446 U.S. at 427-428.

Ohio law holds that the sentencer must follow the death penalty statutes – and must avoid considering non-statutory and/or vague aggravators – in order to complying with the Eighth Amendment requirement to guide the sentencer's discretion. Additionally, the sentencer must follow the statutory language in order to avoid failing to give consideration and effect to mitigation. See Penry v. Johnson, supra, 532 U.S. 782. The trial court's improper consideration of non-statutory and unconstitutionally vague aggravators so infected the weighing process as to render the ultimate death sentences against Mr. Keene constitutionally infirm. O.R.C. sec. 2929.04(A) sets forth the *only* proper aggravating circumstances available in a death penalty case. See State v. Johnson, 24 Ohio St. 3d 87, 92-93, 494 N.E.2d 1061 (1986). "Cold and calculated plans," "deliberate execution of those plans," and "the manner and means" of killings are not contained in sec. 2929.04(A) and thus are not statutory aggravators. Similarly, these factors are undefined, and thus vague. This matter should be subject to appellate court review.

### C. Improper Consideration and Weighing of Non-Existent Aggravation Circumstances.

Despite the State's concession that the O.R.C. sec. 2929.04 (A)(3) aggravator - the "escaping detection" specification - merged with the other specifications, Return of Writ Appendix, Bates 876, the trial court erroneously considered and weighed this circumstance against Mr. Keene. The only such capital aggravator charged in the indictment of Mr. Keene was with respect to the killing of Mr. Wilkerson. However, the aggravator *no longer existed* because the trial court had properly merged it. See, State v. Jenkins, 15 Ohio St. 3d 164, 197, 473 N.E.2d. 264 (1984). A death sentence in a

weighing state that is based even in part upon an invalid aggravating circumstance must be reversed. This matter should be subject to appeal.

**D. Erroneous Belief that Death Sentence was Mandatory.**

The trial court erroneously believed that it was required to impose the death penalty upon Mr. Keene. Return of Writ Appendix, Bates 976. In fact, a mandatory death sentence is an unconstitutional death sentence. See, Woodson v. North Carolina, 428 U.S. 280 (1976). Additionally, the trial court was not required to find the existence of a mitigating factor unanimously. Mills v. Maryland, 486 U.S. 367, 375 (1988) (requirement that a sentencing body must unanimously agree on the existence of a mitigating factor precludes consideration of all mitigating evidence and "risks erroneous imposition of the death sentence"). Nor was it required to put the burden of proof on Mr. Keene. The panel's acts and omissions unfairly biased the outcome of the proceeding in favor of death, and therefore, cannot survive constitutional scrutiny. Id. Reasonable jurists would disagree with this Court's decision and as a result this issue is worthy of consideration on appeal.

1. Due Process Rights.

Ohio's death penalty statutes, as contained in O.R.C. § 2929.04, were enacted to prevent the arbitrary imposition of the death penalty and guide the sentencer's discretion in determining whether a defendant will live or die. Gregg v. Georgia, 428 U.S. 153, 193-195 (1976); Furman v. Georgia, 408 U.S. 238 (1972) (death penalty statutes resulting in arbitrary and capricious death sentences violate Eighth Amendment). In Mr. Keene's case, the sentencer's failure to abide by Ohio's death

penalty statutes, as set forth above, violated his due process rights and prejudiced him. The Sixth Circuit has specifically recognized that a sentencer's failure to abide by Ohio's death penalty statutes sets forth a due process claim cognizable in habeas. Fox v. Coyle, 271 F.3d 658, 665-666 (6th Cir. 2001) ("A defendant's due process rights may also be infringed upon by a state's failure to adhere to its own sentencing statute. *See* Hicks v. Oklahoma, 447 U.S. 343, 346...").

2. Equal Protection Rights.

The trial court's arbitrary decision to ignore Ohio's statutes constitutes an equal protection violation because Mr. Keene was sentenced to death based upon a standard different from that: (1) contained in Ohio's statutes and caselaw; (2) followed in Ohio's other 200 capital cases resulting in death sentences; and (3) followed in Ohio's capital cases not resulting in death sentences. Ohio's failure to treat Mr. Keene the same as similarly-situated defendants violated his Equal Protection rights and prejudiced him.

3. Eighth Amendment Rights.

Finally, the trial court's arbitrary decision to ignore Ohio's statutes constitutes a violation of Mr. Keene's Eighth Amendment rights. For example, the consideration of non-statutory aggravating factors warrants reversal of a death sentence because such consideration occurred "outside the statute[s]," which were designed to guide the sentencer's discretion in order to "reduc[e] the arbitrary and capricious imposition of death sentences." Davis supra. See also Espinosa v. Florida, 505 U.S. 1079, 1081 (1992); Stringer v. Black, 503 U.S, 222, 230, 235 (1992) ("aggravation factors must be defined with some degree of precision," "must not fail to guide the sentencer's discretion," and must

not be "of vague or imprecise content"); Shell v. Mississippi, 498 U.S. 1 (1990) (limiting instruction insufficient; Maynard v. Cartwright, 486 U.S. 356, 363-364 (1988) (no meaningful distinction between trial court's definitions of statutory aggravator and definition invalidated in Godfrey v. Georgia); Godfrey v. Georgia, 446 U.S. 420, 428-433 (1980) ("outrageously or wantonly vile, horrible and inhuman" statutory aggravator invalidated in particular case due to state court's failure to adequately define or limit aggravator; "no principled way to distinguish this case, in which the death penalty was imposed, from the many cases in which it was not"). Mr. Keene was prejudiced because the trial court's failures to follow Ohio's death penalty statutes resulted in its failure to consider and give effect to all mitigating information. Penry v. Johnson, 531 U.S. 1003 (2001).

The Court found that there was no violation of clearly established law and that the Petitioner failed to identify any United States Supreme Court case where it was held that a sentence violated the Eighth Amendment under facts materially indistinguishable to those in this case. This Court maintained that sentencing courts have wide latitude with regard to aggravating factors. However, Mr. Keene argues that reasonable jurists could conclude that a failure to weigh the aggravating factors and mitigating factors appropriately was so arbitrary and capricious as to constitute an independent due process violation or an Eighth Amendment violation. Lewis v. Jeffers, 497 U.S. 764, 774 (1990). These matters should be subject to appellate review.

SECOND GROUND FOR RELIEF

**THE SENTENCE OF DEATH IMPOSED ON MR. KEENE WAS UNRELIABLE AND INAPPROPRIATE, AND THUS HIS DEATH SENTENCE VIOLATES THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

Petitioner Keene alleges that unreliable, inappropriate and arbitrary death sentences violate his federal constitutional rights. *See*, Gregg v. Georgia, 428 US 153, 193, 195 (1976); Furman v. Georgia, 408 US 238 (1972) (death penalty statutes resulting in arbitrary and capricious death sentences violate the Eighth Amendment). Here, the courts failed to consider and give effect to all mitigating information. Penry v. Johnson, 532 US 782, 797, 798, 800 (2001). The Court failed to give appropriate weight to Mr. Keene's posttraumatic Stress Disorder (PTSD). The Court held that Mr. Keene's "mental disorders are entitled to some weight, but they did not substantially diminish his capacity to understand the criminality of his actions or to choose between right and wrong." State v. Keene, 81 Ohio St. 3d 646, 671 (1998). The Court impermissibly diminished the mitigating value of Mr. Keene's mental disorder at the time of the offenses. These disorders were entitled to weight under Ohio Rev. Code §2929.04 (B)(3) as well as Ohio Rev. Code §2929.04 (B) (7). The Court apparently confused the standard for mitigation with the standard for an insanity defense. This entitled Mr. Keene granting of his *Writ* and at the very least should warrant appellate review of this matter. *See*, Eddings v. Oklahoma, 455 US 104 (1982); State v. Lawrence, 44 Ohio St. 3d. 24, 29, 541 NE 2d. 451 (1989).

The Ohio Supreme Court also erred when it failed to give appropriate weight to Mr. Keene's physical victimization at the hands of one of his stepfathers. Penalty tr. at 23. There was also error where the Court afforded "great weight" to the duplicative course of conduct specification in each

count. Error also existed when it held against the Petitioner the fact that he had a "hard working, church-going mother and family." Keene, *supra*, 81 Ohio St. 3d. at 671. There was also error in the consideration of the improper factors of the "cynical deception by which the Petitioner and his accomplices induced Wilkerson to allow them into his home," Id. 671, 672, and holding that Petitioner's mitigation, as a whole was weaker with respect to the Wilkerson count because he played the leading role. However, it was clear from the evidence submitted that Laura Taylor and Heather Matthews initiated these crimes. Tr. 39; 42-43; 46; 50; 62. The appellate court further erred when it held that only statutory aggravating factors may be subjected to a vagueness challenge by the death penalty defendant. Keene, supra, 1996 WL 531606 at *22. Indeed, *all* factors weighed in favor of sentencing a defendant to death must pass the vagueness test. See, Maynard v. Cartwright, 486 U.S. 356 (1988).

**THIRD GROUND FOR RELIEF**

WHEN A TRIAL COURT FAILS TO SPEND AN ADEQUATE OR REASONABLE AMOUNT OF TIME PERFORMING ITS STATUTORY OBLIGATION OF WEIGHING THE AGGRAVATING CIRCUMSTANCES AGAINST THE MITIGATING FACTORS DURING THE PENALTY DELIBERATIONS, AND THUS FAILS TO GIVE EFFECT TO MITIGATING EVIDENCE, A CAPITAL DEFENDANT IS DENIED THE RIGHT TO A FAIR TRIAL, DUE PROCESS OF LAW, AND A RELIABLE SENTENCING DETERMINATION UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

The Court found that there was no abuse of discretion by the Trial Court's use of a stenographic record of the deliberation time as opposed to Counsel's Affidavit. This decision was supported by the position that there was no error in the weighing process in the United States Supreme Court decision indicating that there needs to be a minimal amount of time spent in