# APPENDIX A - CLAIMS OF PETITIONER KEENE FOR WHICH DISCOVERY IS NEEDED

A. FIRST GROUND FOR RELIEF: THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH THE OHIO CAPITAL SENTENCING STATUTES WHEN ARRIVING AT MR. KEENE'S DEATH SENTENCE IN VIOLATION OF OHIO REVISED CODE §§2929.03 AND 2929.04, THUS DEPRIVING MR. KEENE OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

In order to establish that the three-judge panel collectively weighed all the aggravating circumstances against all the mitigating evidence, instead of weighing it count-by-count as required by statute and the constitution, and to establish that the trial court believed that the death penalty was mandatory, certain discovery is needed. In particular, depositions of the three judges are required to establish what occurred in the deliberation process. In addition, the following "paper" discovery is needed:

1. Judges' notes of sentencing deliberations.

2. Copies of any drafts of the sentencing opinions.

3. Copies of Judges' law clerks' notes, memoranda and drafts regarding the sentencing deliberations and opinion.

4. Depositions of Judges' law clerks or bailiff, if they were present at the sentencing deliberations.

    B.    SECOND GROUND FOR RELIEF: THE SENTENCE OF DEATH IMPOSED ON MR. KEENE WAS UNRELIABLE AND INAPPROPRIATE, AND THUS HIS DEATH SENTENCE VIOLATES THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

As with the First Ground for Relief, in order to fully establish that the three-judge panel improperly weighed the evidence, discovery is required. Although the record reveals that the panel failed to properly weigh the evidence, especially the mitigating evidence, depositions of the panel will conclusively establish that during the one hour that they deliberated, it was not possible to, nor did they, consider all the relevant mitigating evidence presented at the penalty phase of trial, and they improperly weighed that evidence which was considered.

    C.    THIRD GROUND FOR RELIEF: WHEN A TRIAL COURT FAILS TO SPEND AN ADEQUATE OR REASONABLE AMOUNT OF TIME PERFORMING ITS STATUTORY OBLIGATION OF WEIGHING THE AGGRAVATING CIRCUMSTANCES AGAINST THE MITIGATING FACTORS DURING THE PENALTY DELIBERATIONS, AND THUS FAILS TO GIVE EFFECT TO MITIGATING EVIDENCE, A CAPITAL DEFENDANT IS DENIED THE RIGHT TO A FAIR TRIAL, DUE PROCESS OF LAW, AND A RELIABLE SENTENCING DETERMINATION UNDER THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

The discovery requests in Section A, above will conclusively establish that the panel did not, and could not, in the time taken, have properly performed their statutory and constitutional obligations.

    D.    FOURTH GROUND FOR RELIEF: THE TRIAL COURT ERRED BY INTERPRETING OHIO LAW TO REQUIRE A MANDATORY DEATH SENTENCE RATHER THAN DECIDING WHETHER DEATH WAS THE APPROPRIATE PUNISHMENT FOR MR. KEENE, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH

AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Depositions of the panel will establish that the panel believed that it was required by law to impose the death penalty under the facts presented, which was a violation of petitioner's constitutional rights.

E.  FIFTH GROUND FOR RELIEF: WHEN A COURT REFUSES TO PERMIT DISCOVERY AND A HEARING UPON THE PRESENTATION OF SUFFICIENT EVIDENCE OF SELECTIVE PROSECUTION IN MONTGOMERY COUNTY, A CAPITAL DEFENDANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION ARE VIOLATED.

Mr. Keene seeks the following discovery to fully establish this ground for relief: depositions of the trial panel, prosecuting attorneys, petitioner's counsel, the representatives of the Montgomery County Prosecutor Attorney's Office responsible for maintaining records of the murder indictments and the organizing and selecting of grand juries in Montgomery County from January 1, 1981 to the present, and the authority to issue subpoenas to obtain the following documents:

1. All documents in the possession, custody, or control of the Montgomery County Prosecuting Attorney which describe the facts of the homicides committed in Montgomery County from January 1, 1981 to the present, including the names, addresses and race of the persons charged, the evidence presented to the grand jury, the charging decisions of the Montgomery County Prosecuting Attorney, the indictments issued, and the convictions obtained. (Fifth and Sixth Grounds for Relief)
2. Prosecutor's entire file regarding Mr. Keene.
3. Grand jury transcript from the grand jury proceedings against Mr. Keene.
4. Prosecutor's file (including notes regarding plea bargains) for Mr. Keene's co-defendants.
5. List of grand jury forepersons in murder and aggravated murder cases since 1981 and the race of each in Montgomery County.

      6.    List of grand jury members and their race in murder and aggravated murder cases since 1981 in Montgomery County.

      7.    Prosecutor's file from *DeMarcus* case (comparable white defendant convicted of murder).

F.    SIXTH GROUND FOR RELIEF: THE TRIAL COURT ERRED BY FAILING TO GRANT MR. KEENE'S MOTION TO DISMISS THE CAPITAL INDICTMENT AGAINST HIM ON THE BASIS OF THE MONTGOMERY COUNTY PROSECUTOR'S DEMONSTRATED RACIAL BIAS IN SEEKING THE DEATH PENALTY IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Petitioner seeks the same discovery with respect to this Ground for Relief as for the Fifth Ground, Section E, above.

G.    SEVENTH GROUND FOR RELIEF: THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR WHEN HE FAILED TO RECUSE HIMSELF FROM THE THREE-JUDGE PANEL AFTER STATING ON THE RECORD THAT HE WOULD RECUSE HIMSELF IN THE EVENT THAT MR. KEENE WAIVED HIS RIGHT TO A JURY TRIAL, IN VIOLATION OF MR. KEENE'S RIGHT TO A FAIR TRIAL, DUE PROCESS AND A RELIABLE DETERMINATION OF HIS GUILT AND SENTENCE AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

The deposition of Trial Judge Brown and petitioner's trial counsel is needed to more fully establish this violation of petitioner's constitutional rights, particularly if the Warden asserts that petitioner waived the right to object to the presence of Judge Brown on the three-judge panel. In addition, petitioner seeks any notes of meetings between attorneys for the parties and Judge Brown regarding the selection of the other two judges to preside over Mr. Keene's trial, and depositions of petitioner's counsel and the prosecuting attorney, which may shed light on Judge Brown's failure to recuse himself. Mr. Keene's post-conviction petition raised this issue, but was not permitted discovery or an evidentiary hearing.

    H.    EIGHTH GROUND FOR RELIEF: THE TRIAL COURT ERRED IN FAILING TO GRANT PETITIONER'S MOTION FOR CHANGE OF VENUE, EFFECTIVELY FORCING HIM TO INVOLUNTARILY WAIVE HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Depositions of the trial judges and trial counsel are necessary to establish that petitioner's waiver of his right to a jury trial was involuntary, due to the adverse pretrial publicity which had infected the community. Mr. Keene's post-conviction petition raised this issue, but was not permitted discovery or an evidentiary hearing.

    I.    NINTH GROUND FOR RELIEF: THE TRIAL COURT ERRED IN FAILING TO SUPPRESS IDENTIFICATION OF MR. KEENE WHEN THE IDENTIFICATION PROCEDURES EMPLOYED IN THE CASE AT BAR WERE SO UNDULY SUGGESTIVE AS TO GIVE RISE TO A VERY SUBSTANTIAL LIKELIHOOD OF IRREPARABLE MISIDENTIFICATION IN VIOLATION OF MR. KEENE'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

At trial, key witness was Kathie Henderson was shown an improperly suggestive photo array, directing her attention to Petitioner, ultimately tainting her in-court identification of Mr. Keene. A deposition of Kathie Henderson and the Dayton Police Detectives involved in the photo array is needed to fully establish that unduly suggestive identification procedures were used, which likely caused a misidentification at trial. Petitioner sought, but was denied discovery on this issue in the state courts.

J.     TENTH GROUND FOR RELIEF: WHEN A TRIAL COURT IS AWARE OF A CAPITAL DEFENDANT'S PROPENSITY TO ACQUIESCE TO AUTHORITY FIGURES, IT IS ERROR TO ACCEPT A JURY WAIVER AND PERMIT A CAPITAL TRIAL TO PROCEED BEFORE A THREE JUDGE PANEL, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Discovery on the basis of the trial court's acceptance of the jury wavier is important to developing evidence to support this Ground for Relief. This includes depositions of the trial judges and trial counsel. Discovery is needed, especially depositions of the panel, to establish that the panel failed to satisfy its constitutional duty.

K.     ELEVENTH GROUND FOR RELIEF: THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS THE STATEMENTS OF MR. KEENE TO THE DAYTON POLICE DEPARTMENT BECAUSE THE STATEMENTS WERE INVOLUNTARY AND MR. KEENE DID NOT MAKE A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHTS. THE TRIAL COURT'S ACTION DENIED MR. KEENE HIS RIGHTS TO A FAIR TRIAL, DUE PROCESS AND A RELIABLE DETERMINATION OF HIS GUILT AND SENTENCE AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

There are several disputes of fact between Mr. Keene's recollection of how he was treated at interrogation, and the version given at the suppression hearing by the Dayton Police Detectives. For example, Mr. Keene recalls being denied use of the restroom, that his rights were not adequately explained, and that he was subjected to relentless and coercive questioning, all of which the Detectives deny. (See 7/3/93 Pre-Trial Hrg.). Depositions of the Detectives who were present at or questioned Mr. Keene will likely resolve some or all of these disputed issues.

> L.   TWELFTH GROUND FOR RELIEF: THE TRIAL COURT ERRED BY ADMITTING EVIDENCE OVER OBJECTION WHEN THE STATE FAILED TO SHOW THAT PHYSICAL EVIDENCE OFFERED AT TRIAL WAS IN SUBSTANTIALLY THE SAME CONDITION AS IT WAS AT THE TIME OF THE CRIME. THE ADMISSION OF SUCH EVIDENCE VIOLATED MR. KEENE'S RIGHTS TO DUE PROCESS, A FAIR TRIAL AND A RELIABLE VERDICT UNDER THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

As to this issue, the record of the trial shows two different versions of how the evidence was handled. Detective Lawson described his recollection, which was quite different from Detective Pearson's recollection. (Tr. 1181-1182; Tr. 869). Discovery is necessary to determine the precise chain of custody, and to show that the chain was broken. Petitioner was not permitted discovery on this issue in the state courts.

M.    THIRTEENTH GROUND FOR RELIEF: A CAPITAL DEFENDANT IS DENIED HIS RIGHTS TO A FAIR TRIAL, DUE PROCESS AND A RELIABLE DETERMINATION OF HIS GUILT AND SENTENCE AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN GRUESOME AND CUMULATIVE PHOTOGRAPHS ARE ADMITTED INTO EVIDENCE WHEN THEIR PREJUDICIAL EFFECT OUTWEIGHS THEIR PROBATIVE VALUE.

At trial, numerous gruesome photographs were shown to the panel, and many was cumulative and repetitive. (Tr. 1031-1097). After exposure to these photographs, the panel was able to deliberate one hour and then returned a verdict of death on five separate counts. (Penalty Tr. 522-523). The effect of the gruesome photographs on the panel judging Mr. Keene's guilt and sentence can only be determined by conducting depositions of the panel.

N.    FIFTEENTH GROUND FOR RELIEF: THE TRIAL COURT ERRED BY ALLOWING THE STATE TO REPEATEDLY INTRODUCE OTHER ACTS EVIDENCE AT MR. KEENE'S TRIAL, AND THUS DENIED HIS RIGHTS TO A FAIR TRIAL, DUE PROCESS AND A RELIABLE DETERMINATION OF HIS GUILT AND SENTENCE AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

AND

SIXTEENTH GROUND FOR RELIEF: THE TRIAL COURT ERRED BY ALLOWING THE STATE TO INTRODUCE REPEATED INSTANCES OF VICTIM IMPACT TESTIMONY DURING THE CULPABILITY PHASE OF MR. KEENE'S CAPITAL TRIAL IN VIOLATION OF OHIO REV. CODE §§2943.041 AND 2945.07, AND THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

At trial, the panel heard, over objection, a great deal of "other acts" and "victim impact" testimony. Indeed, hours and hours of trial time were taken up with this irrelevant and highly prejudicial evidence. After hearing such testimony, the panel was able to deliberate only one hour before returning a sentence of death on five separate counts. The effect of the repeated instances of victim impact testimony on the panel judging Mr. Keene's guilt and sentence needs to be determined in discovery by depositions of the panel.

O. EIGHTEENTH GROUND FOR RELIEF: THE TRIAL COURT ERRED BY ADMITTING THE TESTIMONY OF NICHOLAS WOODSON WHICH WAS IRRELEVANT, HIGHLY PREJUDICIAL, USED TO SHOW PROPENSITY, IN VIOLATION OF THE MR. KEENE'S RIGHT TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

At trial, a witness named Nicholas Woodson gave extensive testimony, over objection from petitioner's counsel, which was both irrelevant and quite prejudicial. The effect of Nicholas Woodson's testimony on the panel judging Mr. Keene's guilt and sentence needs to be determined in discovery by depositions of the panel. Mr. Woodson's testimony is necessary to establish that he has no personal knowledge of any criminal conduct by Mr. Keene.

    P.    NINETEENTH GROUND FOR RELIEF: THE INEFFECTIVE ASSISTANCE OF COUNSEL PROVIDED TO MR. KEENE VIOLATED HIS RIGHTS TO A FAIR AND IMPARTIAL JURY TRIAL AND SENTENCE, AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

Petitioner's Nineteenth Ground for Relief has several sub-parts. Discovery was sought but denied on many of these issues in the state courts. The sub-parts are:

**A.    Culpability Trial**

Mr. Keene's trial counsel provided ineffective assistance during the culpability phase of Mr. Keene's capital case. The following is a list of issues that should have been raised by Mr. Keene's trial counsel; reference is made to the Ground for Relief in which the particular issue has been fully briefed.

    1) Failure to move to dismiss Count Four of the indictment for improperly charging Mr. Keene with "burglary and/or robbery". *See*, Twentieth Ground for Relief.

    2) Failure to adequately research, investigate and present to the trial court all available information and evidence demonstrating racial bias in prosecutions and selective prosecution based on race in Montgomery County, which would have resulted in a ruling either granting Petitioner's Motion for Discovery and a Hearing on Selective Prosecution, and/or Petitioner's Motion to Dismiss based on Selective Prosecution. *See*, Fifth Ground for Relief.

    3) Failure to object to the deprivation of Mr. Keene's protection against Double Jeopardy by being tried and convicted both of felony murder and the same underlying felonies. *See,* Twenty-First Ground for Relief.

    4) Failure to move to dismiss an indictment which included felony murder capital specifications which did not comport with the requirements of O.R.C. §2929.04(A)(7) and State v. Penix, 32 Ohio St. 3d 369, 513 N.E.2d 744 (1987). *See*, Fourteenth Ground for Relief.

    5) Failure to move to recuse Judge Brown from the case after Judge Brown promised to remove himself. *See*, Seventh Ground for Relief.

    6) Failure to object to some instances of prosecutorial misconduct. *See*, Seventeenth Ground for Relief.

7) Failure to object to every instance of the introduction of other acts evidence. *See*, Thirteenth Ground for Relief.

8) Failure to object to the introduction of some of the repetitive, gruesome photographs, used by the State. *See*, Thirteenth Ground for Relief.

9) Failure to attempt to seat a jury, after the trial court deferred ruling on petitioner's Motion for Change of Venue. *See*, Eighth Ground for Relief.

10) Failure to obtain a full ruling from the trial court on all requests for discovery of information pertaining to petitioner's claim of racial bias in prosecutions and selective prosecution based on race in Montgomery County. *See*, Fifth Ground for Relief.

11) Failure to obtain and present expert testimony at Mr. Keene's suppression hearing to show that his confession was involuntary, because Mr. Keene was under the influence of alcohol and drugs. *See*, Eleventh Ground for Relief.

There was no reasonable strategic basis for failing to act in these instances. Had trial counsel been effective, the trial court would have applied the law properly and ruled in his favor on these issues, thus altering the outcome of at least some aspects of the culpability trial. Therefore, Mr. Keene was deprived of effective assistance of counsel as guaranteed by the Sixth Amendment during the culpability phase of his capital trial.

**B.    Penalty Trial**

Mr. Keene's trial counsel provided ineffective assistance during the penalty phase of his capital case. The following is a list of issues that should have been raised by Mr. Keene's former trial counsel; reference is made to the Proposition of Law in which the particular issue has been fully briefed.

1) Failure to request the Court not to consider Count Four of the indictment (which improperly charged Mr. Keene with "burglary and/or robbery") when considering the capital sentence. *See*, Twentieth Ground for Relief.

2) Failure to object to the imposition of the death penalty as violative of treaties entered into by the United States of America, and thus, as violative of the Supremacy Clause of the United States Constitution. *See*, Twenty-Fifth Ground for Relief.

3) Failure to object to many instances of prosecutorial misconduct. *See*, Sixteenth Ground for Relief.

There was no reasonable strategic basis for failing to act in these instances. Had trial counsel taken the proper actions, the trial court would have applied the law properly and ruled in his favor on these issues, thus altering the outcome of least some aspects of the penalty trial. Mr. Keene was prejudiced by these unreasonable errors and omissions. They undermined the reliability of the results in this case. Therefore, Mr. Keene's trial attorneys failed to provide him with effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution during his penalty trial.

Discovery, particularly depositions of trial counsel, prosecuting attorneys and the panel, to establish that petitioner's counsel was ineffective, and that Mr. Keene was prejudiced as a result.

> Q. TWENTY-THIRD GROUND FOR RELIEF: WHEN AN ERROR IN THE TRIAL RECORD IS BROUGHT TO THE ATTENTION OF THE TRIAL COURT AND THE TRIAL COURT DENIES A MOTION TO CORRECT THE RECORD, A CAPITAL APPELLANT IS DENIED HIS RIGHTS TO DUE PROCESS OF LAW, AN ADEQUATE APPELLATE REVIEW, AND A RELIABLE DETERMINATION OF HIS GUILT AND SENTENCE AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

There is in the record a dispute of fact about the amount of time taken for deliberations. Certain related facts are not entirely clear, for example, did the trial court reporter's transcript record the time the panel took the bench after returning from sentencing deliberations, or did the reporter begin when the

petitioner finally arrived in the courtroom from his holding cell (a process which presumably took several minutes)? A deposition of the trial court reporter will resolve this dispute factual issue. Although the record as it stands shows a deliberation time between under one hour to one hour fifteen minutes, petitioner had a right to an accurate, complete record for his state court appeals and post-conviction litigation. He was denied that right. Petitioner was not permitted discovery on this issue in the state courts.

> R. **TWENTY-SIXTH GROUND FOR RELIEF: THE SELECTION OF THE GRAND JURY FOREPERSON AND THE UNDERREPRESENTATION OF MINORITIES AND WOMEN AS GRAND JURY FOREPERSONS IN MONTGOMERY COUNTY VIOLATED MR. KEENE'S RIGHTS, INCLUDING HIS RIGHTS TO DUE PROCESS, EQUAL PROTECTION, A FAIR CROSS-SECTION, AND A FAIR PROCEEDING, IN VIOLATION OF MR. KEENE'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**

The discovery that petitioner requests here includes a list of grand jury forepersons and members in murder and aggravated murder cases since 1981 and the race of each, and information on the grand jury's decisions in murder and aggravated murder cases since 1981, as well as depositions of the persons responsible for such records and organizing the grand juries in Montgomery County.

> S. **TWENTY-SEVENTH GROUND FOR RELIEF: THE UNDERREPRESENTATION OF MINORITIES IN THE GRAND JURY AND PETIT JURY VENIRES IN MONTGOMERY COUNTY, VIOLATED MR. KEENE'S RIGHTS, INCLUDING HIS RIGHT TO DUE PROCESS, EQUAL PROTECTION, A JURY DRAWN FROM A FAIR**

13

      CROSS-SECTION OF THE COMMUNITY, AND A FAIR PROCEEDING, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

The discovery that petitioner requests here includes a list of grand jury members and their race in murder and aggravated murder cases since 1981, as well as depositions of the persons responsible for such records and organizing the grand juries in Montgomery County.