IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARVELLOUS KEENE, | : *DEATH PENALTY CASE* |
| Petitioner, | : Case No. C-1-00-421 |
| vs. | : JUDGE BECKWITH |
| BETTY MITCHELL, WARDEN, | : MAGISTRATE JUDGE MERZ |
| Respondent. | : *No Execution Date Scheduled* |

### MOTION FOR LEAVE TO FILE OBJECTIONS TO SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. NO. 104) *INSTANTER*

For the reasons set forth below, Petitioner Keene respectfully requests that this Court permit the filing of objections to the Magistrate Judge's Supplemental Report and Recommendations filed February 24, 2005. (Doc. No. 104) Petitioner's proposed objections have been lodged with the Court by appending them to this Motion. Petitioner requests that he be permitted to file his objections (appended hereto) because of Constitutional considerations, and, given that failure to file objections is not a jurisdictional defect, and thus this Court may excuse the default, the interests of justice require that objections be considered.

I.      Constitutional Considerations.

In *United States v. Shami*, 754 F.2d 670 (6th Cir. 1985), the Sixth Circuit noted that the statute that defines the Magistrate Judge's jurisdiction requires *de novo* review for Constitutional reasons. Although up to the filing of this Motion for Leave to File Objections *Instanter*, no review of the "Supplemental Report and Recommendations" has been requested, the matter is one of Constitutional import. As the Sixth Circuit noted in *Shami*:

> U.S.C. § 636(b)(1) provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may

> accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." (emphasis added). This requirement is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure. "'Since magistrates are not Article III judges, it is necessary to provide for a redetermination by the Court, if requested, of matters falling within subsection (b)(1)(B).'" United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981) (quoting Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980)). ***Consequently, de novo review of a magistrate's report is both statutorily and constitutionally required.***

Id. 672 (emphasis added). Because the matter is one of Constitutional importance, Petitioner respectfully requests that this motion be granted.

II.       The Interests Of Justice Urge Consideration Of Objections To The Supplemental Report.

In *Thomas v. ARN*, 474 U.S. 140, the Supreme Court noted that the failure to file Objections may be excused in the interests of justice: "We also emphasize that, because the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice." (474 U.S. at 155, n. 15.)  The Sixth Circuit has not clearly described what must be shown to satisfy the "interests of justice" standard, but considers the objection on a case-by-case basis.  In *Cowherd v. Million*, 380 F.3rd 909 (6th Cir. 2004), the Court permitted parties to incorporate previously filed objections, noting that the previously filed objections serve the requirement that objections be specific (Id.; citing *Kelley v. Withrow*, 25 F.3rd 363, 366 (Sixth Cir. 1994)  In *Kent v. Johnson*, the Sixth Circuit noted that late objections which were considered by the District Court would not bar appellate review.  821 F.3d, 1220, 1223 (Sixth Cir. 1987).

In this case, the interests of justice require that objections to the Supplemental Report and Recommendations be permitted to be filed and considered by the District Court.  First, only a client can waive appeals of capital cases (*State of Ohio v. Barry*, 80 Ohio St.3d 371 (1997).

Here, it is in the interest of justice that counsel's decision (see below) that no objections were required to be filed to a "supplemental" report and recommendation not be visited upon the client.

The Magistrate Judge's jurisdictional statute provides that a judge of the Court shall make a de novo determination, or, that the Article III Judge may also "…recommit the docket to the Magistrate [Judge] with instructions." 28 U.S.C. §636(b)(1)(C). Undersigned counsel was unaware at the time the decision was made not to file objections to the supplemental report of the General Order of Reassignment and Reference in Dayton of September 13, 2003, indicating that Magistrate Judges are permitted to *sua sponte* enter supplemental reports and recommendations. (Id., p. 4 of para. 9). If this "General Order of Assignment and Reference" is determined to be a blanket recommital by an Article III Court, then, of course, the Magistrate Judge in the case at bar had authority to issue a supplemental report and recommendation.

Petitioner's counsel's decision not to file objections because Petitioner's counsel believed that the additional arguments raised in the supplemental report were simply that, additional arguments supporting the earlier Report and Recommendations (to which Petitioner filed objections (Doc. No. 99)) and a filing to which no additional objections were required, should not work to the detriment of the Petitioner. The jurisdictional statute is clear that "supplemental" recommendations are not permitted (absent express recommittal to the Magistrate Judge) and also, it is not at all clear that this Court's "General Order" operates as a "blanket" recommittal.

For these reasons, Petitioner ought not be foreclosed from now filing objections to the Supplemental Report, and respectfully requests that this Motion for Leave to File Objections *Instanter* be granted.

3

Respectfully submitted,

John S. Marshall
John S. Marshall (0015160) *(marshall@ee.net)*
Lead Counsel for Petitioner
MARSHALL AND MORROW LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

Rayl L. Stepter (0047505)
Co-Counsel for Petitioner
111 West Rich Street, Suite 430
Columbus, Ohio 43215-4126
(614) 463-9790
Fax: (614) 463-9780

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Charles L. Wille
Senior Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
Lead Counsel for Respondent

by ECF this 26th day of September 2005.

John S. Marshall
John S. Marshall