IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARVELLOUS KEENE, | : *DEATH PENALTY CASE* |
| Petitioner, | : Case No. C-1-00-421 |
| vs. | : JUDGE BECKWITH |
| BETTY MITCHELL, WARDEN, | : MAGISTRATE JUDGE MERZ |
| Respondent. | : *No Execution Date Scheduled* |

**PETITIONER'S OBJECTIONS TO SUPPLEMENTAL
REPORT AND RECOMMENDATIONS (DOC. NO. 104)**

Petitioner respectfully submits the following objections to the Magistrate Judge's Supplemental Report and Recommendations filed February 24, 2005 (Doc. No. 104).

1. **FIRST GROUND FOR RELIEF**

   A. **Due Process**

      1. **Improper Weighing of Mitigating Evidence.**

      2. **Other Due Process Claims**.

      1.  The Supplemental Report suggests that the Court should not consider the Affidavit of Judge Bixler because it contradicts the verdict forms and sentencing opinion signed by Judge Bixler. This is, of course, exactly why the Affidavit should be considered. On July 6, 2000, Petitioner filed a Motion to Conduct Discovery (Doc. No. 24) in which, among other things, Petitioner requested that he be allowed to take the depositions of the three trial judges, Judge Bixler, Judge Brown, and Judge Nichols, in reference to Judge Bixler's affidavit (Doc. No. 24, p. 13). That Motion was denied (Doc. No. 29). The clear contradictions between the verdict forms and

sentencing opinion, and Judge Bixler's Affidavit should have, at very least, required that Petitioner's Request for Discovery be granted, and further, for the reasons set forth in Petitioner's objections, and below, the Affidavit should be considered in support of Petitioner's request for *habeas* relief.

2. Petitioner submits that Post-Conviction Counsel attempted and was not able to obtain discovery, including depositions of Judges Bixler, Brown and Nichols, and, thus, the information was not available to be submitted in post-conviction proceedings. (See Petitioner's Motion to Conduct Discovery, Doc. No. 24, pp. 9-11). This evidence was obtained during these proceedings as soon as practicable, in June of 2000.

3. The Magistrate Judge notes that the Affidavit is "uncross-examined hearsay". Petitioner disagrees. The affidavit is at least admissible under Fed. Rule Evid. 807. Rule 807 provides:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

4. Judge Bixler was in fact living at the time of the filing of his Affidavit – he died on November 4, 2000. (See Ex. A, attached.) The Affidavit was filed with this Court and served on the Warden on July 6, 2000. Obviously, at the time, Judge Bixler was easily and readily available to the Warden's counsel. (Attached hereto as Ex. A is a copy of the filing of the Darke

County Common Pleas Court, filed November 9, 2000, "In Memoriam" to Judge Bixler.) As noted above, the Affidavit at least contradicts the sentencing opinions and verdict forms as noted above and, thus, should have allowed further discovery by Petitioner. Therefore, even if it is not considered for the truth of the matter asserted (whether, in fact, Petitioner has substantially established at this point in time that the three-judge panel failed to following Ohio sentencing statutes), it certainly can be considered for the question of whether it creates a conflict between the sentencing opinions and verdict forms, and thus should compel this Court to allow the depositions of the remaining living judges, Judge Brown and Judge Nichols.

        5.     The Magistrate Judge finds that Judge Bixler's Affidavit is not "clear and convincing" enough. However, for the reasons noted above, the Affidavit, at minimum, creates a clear conflict and a question of the credibility of the sentencing opinion and verdict forms that can and should only be resolved by further discovery on this habeas petition. In addition, the Supplemental Report also notes that ". . . the Ohio Supreme Court meticulously reweighed the evidence." However, for the reasons which will be noted in Petitioner's objections to the Report and Recommendations on Petitioner's Motion for Certificate of Appealability (to be filed by 09/27/05), such a "re-weighing" is Constitutionally suspect.

    **B.**    **Equal Protection Claim.**

    **C.**    **Eighth Amendment Claim.**

        The thrust of the Magistrate Judge's recommendation here is based on the fact that he has already rejected consideration of Judge Bixler's Affidavit. (". . . the three-judge panel which tried [Petitioner] did not treat any other capital defendant differently in terms of applying the

sentencing statutes.") (Supplemental Report and Recommendations, page 9)  Because the cases reported in the literature are cases in which the sentencing statutes were followed, and here an Affidavit exists directly challenging whether the sentencing statutes were followed for Petitioner Keene, there is evidence sufficient at least to have required discovery (such as the depositions of Judge Brown and Judge Nichols) on Petitioner's Equal Protection claim.

1.      **SECOND GROUND FOR RELIEF.**

Petitioner objects to the Magistrate's Recommendations on the second ground for relief for the same reasons set forth in Petitioner's original objections (Doc. No. 99).  It appeared that the Magistrate Judge's basis for his supplemental recommendation is that he "simply disagrees". (Supplemental Report and Recommendation, p. 11).  The Magistrate Judge indicates that the Petitioner "does not really address why no rational factfinder could have come to that conclusion. . ." (Supplemental Report, p. 11) Petitioner does in fact outline throughout his Traverse, as well as his original objections, the point that had the sentencing statutes been followed, and had each count of murder been balanced against the seventeen mitigating factors found in this case (an overwhelming amount of mitigating evidence), that no reasonable factfinder could have reached a decision to impose the death penalty.  The Magistrate disagrees, but if this Court applies the appropriate standard, that is, the standard about what a reasonable factfinder could reasonably have found, it should find that with respect to each separate count, that the overwhelming amount of mitigating evidence should have compelled a different decision.

3.      **THIRD GROUND FOR RELIEF.**

The Magistrate Judge rejects the argument about the extremely short time that the three-judge panel deliberated for two reasons. First, that none of the Judges was a "first time" factfinder, and two, the assumption is that the three-judge panel discussed the case among themselves while the evidence was being presented. This Supplemental Recommendation should be rejected because there is no evidence that the Judges discussed the case among themselves before deliberations. The Magistrate Judge's assumption that discussions occurred is therefore not a valid criticism of the objection. Second, the fact that the Judges had experience (though it is unknown what capital death penalty experience each had) should have caused them to spend *more time* in deliberation in this very serious case. Indeed, as Judge Bixler noted in his affidavit:

> 2.  I recall that the guilt phase of the trial took several days to present. I remember keeping a running tally of the witnesses and their testimony since there were a number of witnesses who testified about bits and pieces of the events.
> 4.  I recall that the mitigation phase of the trial took several days as well.

There were five counts of murder, each of which must have been, by law, separately considered against an overwhelming amount of mitigating evidence. Simply put, no rational factfinder could have found in the very short time here (and, of course, the time on the record is less than the time the Judges would have actually spent in the room deliberating because there was the time moving from one room to the other) a death sentence on five separate counts.

**4.     FOURTH GROUND FOR RELIEF.**

The Magistrate Judge's objection here is simply a restatement of the original recommendation but does not excuse the misstatement of law. The law of Ohio does not "require" the "imposition of the death penalty" where aggravating circumstances are found to outweigh mitigating factors.

**4.     Second Objection – Fifth Ground For Relief.**

Petitioner objects to this recommendation for all the reasons set forth in Petitioner's original objections. Doc. No. 99.

**5.     Fourth Objection – Eighth Ground for Relief.**

1.    The Magistrate Judge indicates that the Petitioner's objection with respect to the Eighth Ground for Relief (regarding change of venue) fails to deal with the issue of pretrial publicity not being raised in the State Court proceedings, the fact that there was never a motion made at the trial to recluse any of the judges on the panel on the ground that he was prejudiced, and that no clearly established federal law holding the waiver of a jury trial is involuntary where at the time there is a pending undecided motion for change of venue.

The Petitioner's point here is that he was forced, because of adverse pretrial publicity to waive the pending motions. In other words, the Petitioner was backed into a corner in which there was no escape other than waiver of his right to a jury trial and presentation to a three-judge panel. Instead, the overwhelming amount of pretrial publicity should have compelled a change of venue, or at least, not forcing petitioner into the "Catch 22" in which he was forced to waive his right to jury trial.

6

**6.      Fifth Objection – Ninth Ground for Relief.**

Petitioner objects to this recommendation for all the reasons set forth in Petitioner's original objections. Doc. No. 99.

**7.      Sixth Objection - Tenth Ground for Relief.**

Petitioner submits that the Magistrate Judge's Report and Recommendations' characterization of his argument as a "New Ground for Relief" is inaccurate—it is simply an argument in support of the Ground for Relief at issue. Petitioner objects to this recommendation for all the reasons set forth in Petitioner's original objections. Doc. No. 99.

**8.      Seventh Objection – Eleventh Ground for Relief.**

Petitioner objects to this recommendation for all the reasons set forth in Petitioner's original objections. Doc. No. 99.

**9.      Eighth Objection – Twelfth Ground for Relief.**

Petitioner objects to this recommendation for all the reasons set forth in Petitioner's original objections. Doc. No. 99.

Respectfully submitted,


/s/John S. Marshall
John S. Marshall (0015160) *(marshall@ee.net)*
Lead Counsel for Petitioner
MARSHALL AND MORROW LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

Rayl L. Stepter (0047505)
Co-Counsel for Petitioner
111 West Rich Street, Suite 430
Columbus, Ohio  43215-4126
(614) 463-9790
Fax:  (614) 463-9780

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon:

Charles L. Wille
Senior Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio  43215
Lead Counsel for Respondent

by ECF this 26th day of September 2005.

/s/John S. Marshall
John S. Marshall