**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MARVELLOUS KEENE, | : *DEATH PENALTY CASE* |
| Petitioner, | : Case No. C-1-00-421 |
| vs. | : JUDGE BECKWITH |
| BETTY MITCHELL, WARDEN, | : MAGISTRATE JUDGE MERZ |
| Respondent. | : *No Execution Date Scheduled* |

**PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE
OF APPEALABILITY**

Petitioner has no objections to the sections of the Magistrate Judge's Report and Recommendations entitled "The Requirement for a Certificate of Appealability" (Report and Recommendations, hereinafter "R&R", pages 1-2), or "The Standard for Issuance of a Certificate of Appealability" (R&R, pages 2-4). With respect to the section, "Analysis of Petitioner's Asserted Appealable Errors in this Case" (R&R, pages 5-49), Petitioner's objections below correspond to the numbers or designations used by the Magistrate Judge in his Recommendations. Petitioner incorporates the arguments, points and authorities raised in his Motion for Certificate of Appealability in objection to the Magistrate Judge's Recommendations, along with the specific arguments and authorities set forth below.

Note: Petitioner does not object to the Recommendations with respect to the Magistrate Judge's asserted error number 1 (R&R, p. 5); error number 5 (R&R, p. 8); error number 6 (R&R, p. 9); error number 8 (R&R, p. 11); error number 21 (R&R, p. 30); error numbers 22 and 23 (R&R, pp. 31-32); error numbers 25, 26, 27 and 28 (R&R, pp. 33-35); Seventh Ground for Relief (R&R, p. 39); Fifteenth Ground for Relief (R&R, p. 41); Twentieth Ground for Relief (R&R, p. 44);

and Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, and Twenty-Seventh Grounds for Relief (R&R, p. 45).

   1.   Error in Denying Petitioner's Motion to Expand the Record.  (R&R, p. 5)

   Petitioner does not object to this recommendation.

   2.   The Trial Court Failed to Weigh the Individual Aggravating Circumstances Against [the] Individual Mitigating Circumstances of Each Killing and Determine that the Aggravators Outweighed the Mitigators.  (R&R, p. 6)

   Petitioner objects to the Magistrate Judge's recommendation that Petitioner should be barred by his failure to object to the Supplemental Report and Recommendations for the reasons set forth in Petitioner's Motion to File Objections to the Magistrate Judge's Supplemental Report and Recommendations *Instanter*, and the attached objections to the Supplemental Report. As Petitioner notes in his Objections to the Supplemental Report and Recommendations, the fact that Judge Bixler's Affidavit "contradicted the verdict he signed" is, in fact, a reason that the Affidavit's clear and convincing statements about what actually happened in the sentencing deliberations should be considered.  Further, Petitioner notes that Judge Bixler's Affidavit should have, at minimum, allowed Petitioner to conduct the depositions of the trial judges as requested in his Motion for Discovery (Doc. No. 99).  With respect to the question of whether the Affidavit was properly before this his Court on the basis of "due diligence", Petitioner refers the Court to his Motion for Leave to File Supplemental Objections Instanter, and the attached objections.

   With respect to subparagraph 3, on the issue of hearsay, as noted in Petitioner's Objections to the Supplemental Report and Recommendations, the Court is requested to take judicial notice that the date of death of Judge Bixler was on November 4, 2000 (see Exhibit A to Petitioner's

2

Motion for Leave to File Objections *Instanter*). Therefore, Petitioner has clearly established the predicates for admission of Judge Bixler's Affidavit under Rule 807, the Residual Hearsay Exception. Moreover, even if it is hearsay, it still can be considered for the purpose of determining whether Petitioner's Motion for Discovery should have been granted, and it should have required at least the granting of Petitioner's motion for leave to conduct the depositions of the trial judges.

With regard to subparagraph 4, the Ohio Supreme Court's determination that the trial court had followed required State procedures is not relevant because the Ohio Supreme Court is confined to the "record evidence" which obviously would not have included the Affidavit of Judge Bixler. *State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500 (1978).

    3.    <u>Trial Court's Improper Reliance on Non-statutory and Unconstitutionally Vague Aggravating Circumstances.  (R&R, p. 7)</u>

Here, Petitioner incorporates the arguments set forth in his Motion for Certificate of Appealability. Further, the Magistrate Judge has applied the merits standard to his recommendation, when he notes that "Petitioner adverts to no proof, much less clear and convincing proof, that this finding of fact is in error." (R&R, p. 7)  Petitioner is only required to show that the issue is debatable amongst reasonable jurists, not prove the finding of fact is in error. The Magistrate Judge's suggestion that the Petitioner's argument would "reduce trial courts' opinions in death penalty cases to "checking boxes on preprinted forms" (R&R, p. 7), is controverted by the Magistrate Judge's finding that, at least in the case at bar, the judges were experienced judges (R&R, p. 9-10). One would expect that such experienced judges can and should make it clear in their sentencing opinions that they are relying on appropriate evidence. To the extent that the judges' opinions show that they did in fact rely on nonstatutory and unconstitutionally vague aggravating

3

circumstances, those sentencing opinions should be the subject of an appeal. Where the judges are so experienced, as here, this is especially true.

    4.    <u>Improper Consideration in Weighing of an Aggravating Circumstance Which Had Been Merged.  (R&R, p. 8).</u>

The notion that the Ohio Supreme Court can "cure" errors through appellate reweighing is not necessary compatible with the United States Supreme Court's decision in *Clemons v. Mississippi*, 494 U.S. 738 (1990). Not all sentencing errors are properly cured merely by assessing whether aggravating factors outweigh the mitigating factors. <u>See e.g.</u>, *Boyde v. California*, 494 U.S. 370 (1990) (requires that the appellate court address "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence[]" rather than reweighing); *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) (due process review used to determine fairness of the proceedings). Instead, the substance of sentencing errors must be considered because "it is essential to keep in mind the sense in which [the stricken] aggravating circumstance is 'invalid'." *Zant v. Stephens*, 462 U.S. 862, 885-86 (1983) (internal citations omitted).

In both *Zant* and *Clemens*, the mere <u>label</u> of "aggravating factor" was itself the substance of the error that impacted the proceedings. There was no claim that inadmissible evidence was otherwise before the jury during its sentencing deliberations or that the defendant had been precluded from adducing relevant mitigating evidence. In *Zant*, the jury's finding of a "substantial history of seriously assaultive behavior" was based on admissible evidence of the defendant's prior convictions. *Zant*, 462 U.S. at 863. Therefore, the Court acknowledged that "the effect the erroneous instruction may have had on the jury is therefore merely a consequence of the statutory label 'aggravating circumstance'." <u>Id</u>. In *Clemons*, the jury's finding that the murder was "heinous,

4

atrocious, or cruel" was based on evidence of the manner of the killing. *Clemons*, 494 U.S. at 738. The *Clemons* Court did not assess the harm arising from the label of "aggravating factor," however, because the evidence on which it was based was fully admissible. In the case at bar, the error of the trial court was not merely a "labeling" error. Instead, it was using an aggravating circumstance which had been merged in determining death. Such an error cannot be cured by a dry-record review and reweighing of the sentencing factors, because the substance of Petitioner's claim is that he would not have been sentenced to death on this count, absent the violation, and therefore, the Ohio Supreme Court would never have been "reweighing" in the first place.

> 5. <u>Erroneous Belief that the Death Penalty Was Mandatory. (R&R, p. 8).</u>
>
> Petitioner does not object to this recommendation.

> 6. <u>Failure to Give Appropriate Weight to Mitigating Evidence. (R&R, p. 9).</u>
>
> Petitioner does not object to this recommendation.

> 7. <u>Failure to Give an Adequate or Reasonable Amount of Time Deliberating.</u>

Petitioner incorporates herein the arguments and law cited in his Motion for Leave to File Objections to the Magistrate Judge's Supplemental Record and Recommendations *Instanter*. Here, Petitioner has established that this Court should consider the Affidavit of Judge Bixler because it is not hearsay under Evidence Rule 807, or, even if it is deemed to be hearsay, Petitioner should have at least been granted discovery depositions of the trial judges because of the clear contradictions between the Affidavit and the sentencing opinion and verdict forms. (<u>See</u> Petitioner's arguments above.) In *Lockett v. Ohio*, 438 U.S. 586 (1978), the Supreme Court insisted that in death

penalty cases, all mitigating evidence be considered. Here, the extraordinarily brief period of time that the judges deliberated in finding seventeen mitigating factors and then supposedly, weighing all seventeen mitigating factors versus the aggravating factors in each count for five separate counts, is a scenario that a reasonable jurist could find to be Constitutionally suspect. Common sense suggests that it was just not feasible to do so in the less than one hour and one half that the panel deliberated. Further, as noted in Petitioner's Objections to the Magistrate Judge's recommendation on Issue No. 10 (R&R, p. 12) (see below), it appears that the Panel actually took only slightly more than an hour to do this. The fact that the judges were experienced and not "first-time factfinders" suggests that they should have taken care to follow the statute, but in very short amount of time they deliberated, shows that they failed to follow the Ohio statutes, and violated the Constitution.

Petitioner agrees that, although there is no established federal law which requires a "minimum amount of time", there must be some standard. The Magistrate Judge's logic would have two or three minutes of "deliberation" be Constitutionally sufficient, because there is no "minimum" time required. Cannot less than fifteen minutes per count, which appears to have happened here, raise a debatable question of a Constitutional significance?

8. <u>The Trial Court Erred in Interpreting Ohio Laws in Mandating a Death Sentence. (R&R, p. 11)</u>

Petitioner does not object to this recommendation.

9. <u>The Trial Court Erred in Failing to Merge the Capital Specifications in Count IV of the Indictment. (R&R, p. 12)</u>

Petitioner does not object to this recommendation.

      10.    <u>The State Court Erred in Failing to Correct the Record to Reflect Accurately the Time When the Three-Judge Panel Completed Deliberations.  (R&R, p. 12)</u>

This issue should be allowed to be considered by the Sixth Circuit because it relates to Issue No. 7 (R&R, p. 9) on the adequacy of the amount of time of the deliberations, for the reasons discussed in Petitioner's objections herein.  (See above).

      25.    <u>The Trial Court Erred When it Refused to Permit Discovery or a Hearing on Petitioner's Claim of Racially Selected Prosecution and when it Refused to Dismiss the Capital Specifications Based on Selective Prosecution.  (R&R, p. 14)</u>

. First, the case cited by the Magistrate Judge, *Bell v. Cone*, 535 U.S. 685 (2002), is a merits case, but the Magistrate relies on *Bell* for recommending denial of a certificate of appealability:  after reviewing the Supreme Court's decision on pages 14-18 of his Report and Recommendation, the Magistrate Judge goes on to mix the standard for relief on the merits with the standard for a certificate of appealability; that is, whether the issue is debatable among reasonable jurists:

> This argument misses the point and is indeed fatal to Petitioner's claim; if reasonable jurists could disagree on the application of the relevant precedent, then the Ohio Supreme Court's application cannot be objectively unreasonable.

In other words, the Magistrate Judge says the fact that reasonable jurists could disagree means that the case cannot be proved on the merits. Of course, this application of the merits standards dooms Petitioner's motion. Instead, Petitioner submits it is debatable among reasonable jurists as to whether discovery should have been granted on Petitioner's claim for selective prosecution or whether *habeas* relief should have been granted upon Petitioner's claim for selective prosecution, for all the reasons set forth in Petitioner's Motion for Certificate of Appealability.  For these reasons, Petitioner objects.

      13.    <u>The Trial Court Erred in Delaying a Ruling on Petitioner's Motion for Change of Venue. (R&R, p. 19)</u>

      The point of Petitioner's request for a COA is not that there was established law that a court must rule on a motion for change of venue before conducting *voir dire.* Instead, Petitioner argues that in the unique circumstances of the case at bar, Petitioner was *forced* to waive his right to a trial by jury. It was that "catch 22" in which Petitioner was placed that forms the basis for the Constitutional violation. Thus, Petitioner was in fact forced to waive, making his waiver involuntary.

      14.    <u>The Court Erred With Regard to Suggestive Identification Procedures. (R&R, p. 21)</u>

      Here again, the Magistrate Judge confuses the standard for merits relief with the standard for a COA. The Magistrate Judge notes that, as he did on page 19 of his Report and Recommendation, if reasonable judicial minds could differ as to how to apply the relevant precedent, then it must be so that the Ohio Supreme Court's decision was "not objectively unreasonable and this Court committed no arguable error in accepting it." (R&R, p. 22) The Magistrate Judge goes on to say that "because Petitioner has admitted reasonable judicial minds could come to the same conclusion the Ohio Supreme Court did, he should not be granted a certificate of appealability . . ." (R&R, p. 22) In other words, since Petitioner believes that one possibility is that reasonable judicial minds could come to the same conclusion (as opposed to the other reasonable possibility, that judicial minds could come to the opposite conclusion) then that belief establishes that Petitioner can not win on the merits, and therefore, he should not be granted a COA. Petitioner objects to the Magistrate Judge's recommendation on these grounds.

15. <u>The Court Erred Because Petitioner's Waiver of Jury Trial Was Involuntary. (R&R, p. 22)</u>

Here, the Magistrate Judge notes that the "consequences of adopting Petitioner's positions would be momentous." (R&R, p. 23). In his view, if Petitioner were to win on this ground, it would become almost impossible to ensure that confessions were sufficiently voluntarily. But petitioner does not ask this Court for a ruling on the merits. Petitioner merely suggests that there could be reasonable debate about the issue in this particular case, because there was in fact undisputed expert testimony at the trial court that challenged whether Petitioner had knowingly, voluntarily, and intelligently waived his rights. For purposes of objection, that should be sufficient.

16. <u>The Ohio Courts Erred in Failing to Suppress Petitioner's Statements to the Dayton Police. (R&R, p. 23)</u>

The Magistrate Judge's opinion here seems to confirm that a certificate of appealability should be issued, as the Magistrate agrees that reasonable jurists could disagree on this issue. (R&R, p. 24) The Magistrate Judge suggests that the "question on appeal" is not whether reasonable courts could disagree, but whether the Supreme Court unreasonably applied a clearly-established law – in other words, no COA should issue because Petitioner cannot meet the merits burden (R&R, pp. 24-25). Petitioner's point is that this is an issue about which reasonable jurists could disagree and that is sufficient for the issuance of a COA.

17. <u>The Trial Court Erred in Admitting the FILA Gym Shoes. (R&R, p. 25)</u>

Once again, the Magistrate Judge has confused the merits standard with the COA standard. In effect, the recommendation says because Petitioner should lose on this issue, because the harmless error analysis by the Ohio Supreme Court with regard to the FILA gym shoes cannot

9

be challenged. In other words, Petitioner cannot win on the merits, and therefore, he should not be granted a certificate. But this is not about winning or losing on the merits, only whether there could be reasonable debate among jurists. Petitioner submits that there could be reasonable debate on this issue, and therefore, a COA should issue.

> 18. The State Court Erred by Allowing Other Acts Evidence to be Admitted. (R&R, p. 26)

Once again, the Magistrate Judge's recommendation confuses the merits standard with the COA standard:

> Rather, the federal habeas courts must decide if the Ohio Supreme Court's affirmance of the weighing done by the trial court violated clearly established federal law. Since it did not, Petitioner should be denied a certificate of appealability on this eighteenth claim error.

This is not the standard for a certificate of appealability; it is the merits standard, to which Petitioner should not be held. The Magistrate Judge's recommendation is also wrong because the contemporaneous objection rule is no bar, because of its inconsistent application. A procedural bar is "adequate" only if it is regularly followed by the state court that imposed it on the petitioner. See *Ford v. Georgia*, 498 U.S. 411, 424 (1991); *James v. Kentucky*, 466 U.S. 341, 348 (1984). "State courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims." *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982) (internal quotation and citation omitted).

In *Richey v. Mitchell*, 395 F.3d 660, 679-80 (6th Cir. 2005), the Sixth Circuit excused default because the 90 day/good cause provision in Appellate Rule 26(B) was not regularly followed by Ohio courts. In some cases, the Ohio Supreme Court dismisses such claims as "waived," or procedurally barred, when the defendant fails to object at trial See e.g., *State v. Bays*, 716 N.E.2d

1126, 1142 (Ohio 1999).  In others, that court has addressed such claims on the merits because "Ohio jurisprudence and federal constitutional law have long recognized that errors, whether or not they are independently prejudicial, must be considered for their cumulative effect on the defendant's due process rights.  This includes even those errors to which defense counsel did not object." *State v. Fears*, 86 Ohio St.3d 329, 715 N.E.2d 136 at 158 (1999) (Moyer, C.J., dissenting) (citing *State v. Keenan*, 66 Ohio St.3d 402, 613 N.E.2d 203 at 209-10 (1993); *State v. Liberatore*, 69 Ohio St.2d 583, 433 N.E.2d 561 at 566-67 (1982)).  See also, *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983); *State v. Thompson*, 33 Ohio St.3d 1, 514 N.E.2d 407 at 423 (1987) (Locher, J., dissenting) (arguing that relief from sentence based on prosecutor misconduct was inappropriate in part because defense counsel failed to object); *State v. Wade*, 373 N.E.2d 1244, syl. 1 (Ohio 1978) (relief can be predicated upon the improper remarks of counsel during his argument at trial, which were not objected to, where remarks deny a fair trial).

For these reasons, there should be no procedural bar based on Petitioner's failure to object at trial.

    19.    <u>The State Court Erred in Admitting Victim Impact Testimony.  (R&R, p. 27)</u>

Petitioner objects to this Recommendation for the reasons set forth in response to No. 18, above.

    20.    <u>The State Court Erred in Allowing the Testimony of Nicholas Woodson.  (R&R, p. 29)</u>

Petitioner incorporates the arguments made with respect to the contemporaneous objections set forth with respect to issue No. 18 (R&R, p. 26) above.

21. <u>The State Introduced Insufficient Evidence That Victims Were Witnesses to an Offense. (R&R, p. 29)</u>

Petitioner does not object to this recommendation.

22. <u>The Trial Court Erred in Concluding Petitioner was the Principal Offender as to the Murder of Wilkerson. (R&R, p. 31)</u>

Petitioner does not object to this recommendation.

23. <u>The Trial Court Erred in Concluding Petitioner was the Principal Offender as to the Murder of Gullette. (R&R, p. 32)</u>

Petitioner does not object to this recommendation.

24. <u>Prosecutorial Misconduct Rendered the Trial Unconstitutionally Unfair. (R&R, p. 33)</u>

As to the question of whether Petitioner is barred from presenting this claim by procedural fault by failing to make a contemporaneous objection, Petitioner notes that with respect to prosecutorial misconduct, although failure to make contemporaneous objection may be considered, is not dispositive (see cases cited in regard to Issue No. 18, (R&R, p. 26), above). Further, as discussed with respect to Issue No. 18 above (R&R, p. 26), the contemporaneous objection rule should not be a procedural bar.

25. <u>The Trial Court Violated Petitioner's Double Jeopardy Rights. (R&R, p. 33)</u>

Petitioner does not object to this recommendation.

26. <u>Ohio's Death Penalty Scheme is Unconstitutional. (R&R, p. 34)</u>

Petitioner does not object to this recommendation.

27.    Ohio's Post-Conviction Statute Does Not Provide Adequate Corrective Process. (R&R, p. 34)

Petitioner does not object to this recommendation.

28.    Petitioner Received Ineffective Assistance of Trial Counsel. (R&R, p. 35)

Petitioner does not object to this recommendation.

29.    This Court Erred in its Procedural Default Rulings. (R&R, p. 35)

Petitioner's counsel wishes to apologize to the Court for citation to the extremely long footnote in Petitioner's Motion for Certificate of Appealability. That footnote was a "cut and paste" from briefs filed in other *habeas* cases by the Ohio Public Defender's Office, and Petitioner's counsel believed at the time that he inserted the footnote that the cases stood for the proposition for which they were cited. Petitioner's counsel understands that this lengthy footnote has been cited in previous briefs before this Court, but does apologize for not checking the citations in the footnote and especially apologizes to the Court's judicial law clerks, who were required to review the citations.

With respect to the question of procedural default based on the Ohio Supreme Court's enforcement of the contemporaneous objection rule, Petitioner submits the arguments herein (see Issue No. 18, above). Therefore, Petitioner objects to the Magistrate Judge's recommendations as to those claims which have been deemed to be procedurally defaulted and about which Petitioner seeks a COA (that is, those claims and issues that Petitioner continues to seek a COA as outlined in these objections).

Seventh Ground For Relief (R&R, p. 39)

        Petitioner does not object to this recommendation.

Thirteenth Ground For Relief (R&R, p. 41)

        Petitioner incorporates his arguments set forth in this Memorandum regarding the Contemporaneous Objection Rule and objects to the Magistrate Judge's recommendations.

Fifteenth Ground For Relief (R&R, p. 41)

        Petitioner does not object to this recommendation.

Seventeenth Ground For Relief (R&R, p. 43)

        Petitioner incorporates the arguments made herein with regard to the Contemporaneous Objection Rule in objecting to the Magistrate Judge's recommendation.

Twentieth Ground For Relief (R&R, p. 44)

        Petitioner does not object to this recommendation.

Twenty-fourth, Twenty-fifth, Twenty-sixth And Twenty-seventh Grounds For Relief (R&R, p. 45)

        Petitioner does not object to these recommendations.

    30.    This Court Erred in Denying Petitioner an Evidentiary Hearing. (R&R, p. 46)

The Magistrate Judge suggests that in order for Petitioner to show that reasonable jurists might disagree, he must show that "other reasonable jurists faced with similar offers of evidence have allowed evidentiary hearings". Although this might be one way to show that reasonable jurists could disagree, it is not the only way. Petitioner submits that an evidentiary hearing on at least some of the issues he has raised, particularly an evidentiary hearing at which the testimony of the two living trial judges, Judges Brown and Nichols, would be presented, is required. It is required especially in light of Judge Bixler's Affidavit. Petitioner would have certainly presented their testimony in showing that Ohio sentencing statutes were not followed and that consequently, Petitioner was denied his due process and equal protection rights. Therefore, with respect to at least an evidentiary hearing presenting: (1) the testimony of Petitioner's mitigation expert, an expert on whether Petitioner made a knowing and voluntary confession, (Dr. Eugene Cherry); (2) an evidentiary hearing presenting the testimony of Judges Brown and Nichols; and (3) an evidentiary hearing presenting additional evidence regarding selective prosecution in Montgomery County, Petitioner submits that the Magistrate Judge's recommendation is in error.

31.     <u>This Court Erred in Denying a Certificate for Interlocutory Appeal.  (R&R, p. 47)</u>

Petitioner submits that if this Court grants a Certificate of Appealability, and Petitioner's Motion for Discovery as outlined in Issue No. 30 above, that this issue is moot.

32.     <u>This Court Erred in Denying Petitioner's Motion for Discovery.  (R&R, p. 48)</u>

Although the Magistrate Judge chides Petitioner for seeking a "broad range of discovery", Petitioner, of course, filed that request for discovery relatively early in these proceedings (Motion for Discovery, Doc. No. 24, filed on July 6, 2000).  Petitioner now believes that the discovery to which he is truly entitled includes the depositions of the trial judges, the deposition of prosecuting attorneys on the selective prosecution claim, portions of their files related to decision to charge or not charge capital offenses, and related discovery.  The Magistrate Judge also chides Petitioner for seeking a "breathtakingly broad set of documents," but in fact those documents were the range of documents which could have established selective prosecution.  Petitioner's arguments set forth in this set of objections, as well as in Petitioner's Motion for Certificate of Appealability, show why this discovery, at least, should have been allowed.  For these reasons, Petitioner objects to the Magistrate Judge's recommendation.

Respectfully submitted,

/s/ John S. Marshall
John S. Marshall (0015160) *(marshall@ee.net)*
Lead Counsel for Petitioner
MARSHALL AND MORROW LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296

16

           (614) 463-9790
           Fax (614) 463-9780

           Rayl L. Stepter (0047505)
           Co-Counsel for Petitioner
           111 West Rich Street, Suite 430
           Columbus, Ohio  43215-4126
           (614) 463-9790
           Fax:  (614) 463-9780

## **CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing has been served upon:

Charles L. Wille
Senior Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio  43215
Lead Counsel for Respondent

by ECF this 27th day of September 2005.

           /s/ John S. Marshall
           John S. Marshall

b092305kee.obj.wpd

17