IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARVALLOUS KEENE,

       Petitioner,              :         Case No. 1-00-cv-421

 - vs -                                    Chief Judge Sandra S. Beckwith
                                           Chief Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

       Respondent.           :

---

**REPORT AND RECOMMENDATIONS ON PETITIONER'S MOTION TO FILE POST-JUDGMENT OBJECTIONS TO SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

       This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to File Objections to Supplemental Report and Recommendations *Instanter* (Doc. No. 116).

       The docket reflects the following chronology:

8/25/2004     Original Report and Recommendations recommending denial of the writ (Doc. No. 96.

10/7/2004     Petitioner's Objections (Doc. No. 99)(filed after two extensions of time).

2/24/2005     Supplemental Report and Recommendations, again recommending denial of the writ (Doc. No. 104).

3/10/2005     Petitioner's Motion for Extension of Time to file objections to the Supplemental Report and Recommendations (Doc. No. 105, granted by notation order).

3/14/2005     Petitioner's second Motion for Extension of Time to file objections to the Supplemental Report and Recommendations (Doc. No. 106, granted by notation

        order).

4/4/2005      Petitioner's time to file objections expires without any filing.

4/20/2005      Judge Beckwith adopts both Reports and Recommendations (Doc. No. 107).

9/26/2005      Petitioner's Motion to File Objections *instanter* (Doc. No. 116).

* * * * * * * * * * * * *

Petitioner's counsels' first argument is that no objections to the Supplemental Report and Recommendations were necessary. They make it clear that their decision not to file objections, despite having taken two extensions of time to do so, was deliberate, made

> because Petitioner's counsel believed that the additional arguments raised in the supplemental report were simply that, additional arguments supporting the earlier Report and Recommendations (to which Petitioner filed objections (Doc. No. 99)) and a filing to which no additional objections were required. . . .

(Motion for Leave, Doc. No. 116, at 3).

If Petitioner's counsel believed that there was no need to file objections to the Supplemental Report, why did they twice obtain extensions of time to do so? If the hypothetical objections would merely have been "additional arguments" in support of objections already made, why did they not file objections which merely incorporated their prior objections; this would have been sufficient to preserve their objections. *See Cowherd v. Million*, 380 F. 3d 909 (6th Cir. 2004), cited by Petitioner for precisely this proposition at page 2 of the instant Motion.

Counsel were plainly on notice that objections to the Supplemental Report were expected and of the effect of not objecting. The following was appended to the Supplemental Report (as it is to every report and recommendations filed by the undersigned):

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file

> specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct.

(Doc. No. 104 at 21.)

Counsels' second argument is "[t]he jurisdictional statute is clear that 'supplemental' recommendations are not permitted (absent express recommittal to the Magistrate Judge) and also, it is not at all clear that this Court's General Order operates as a 'blanket' recommittal." (Motion for Leave, Doc. No. 116, at 3.)

Counsel contend the jurisdictional statute is "clear" that supplemental reports are prohibited in the absence of recommittal. Yet counsel fail to cite any words in the Magistrates Act which purport to prohibit supplemental reports, much less words that "clearly" do so.

Counsel contend the Court's General Order does not "clearly" operate as a blanket recommittal. The language in the General Order reads:

> **Recommittal:** In any case in which a party files objections to or an appeal from a decision or report and recommendations of a Magistrate Judge, the assigned Magistrate Judge is authorized, pursuant to Fed. R. Civ. P. 72(b), to reconsider the decision and file a supplemental

3

>report and recommendations or supplemental decision.

General Order of Assignment and Reference (for the Dayton location of court), filed January 13, 2003. Similar language has been in the General Order(s) of Reference in Dayton since at least November 2, 1996. The General Order is posted on the Court's Internet site at http://www.ohsd.uscourts.gov/appendixco.htm. The fact that the Supplemental Report was being filed pursuant to the General Order is referenced in the body of the Order itself. *(See* Supplemental Report and Recommendations, Doc. No. 104, at 1.) If Petitioner's counsel doubted the Magistrate Judge's authority to issue a supplemental report, they never raised that question prior to filing the instant Motion.

Counsel claim Petitioner has a constitutional right to file these late objections and thereby obtain *de novo* review of the Supplemental Report. (Motion for Leave, Doc. No. 116, at 1.) They rely on *United States v. Shami*, 754 F. 2d 670 (6th Cir. 1985)(per curiam). There the magistrate judge recommended denial of a motion to dismiss an indictment, defendant objected, and the district judge construed the facts in the light most favorable to the government. The Court of Appeals held that did not constitute *de novo* review,

> "'Since magistrates are not Article III judges, it is necessary to provide for a redetermination by the Court, **if requested**, of matters falling within subsection (b)(1)(B).'"*quoting United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (*quoting Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980)).

*Shami*, 754 F. 2d at 672 (emphasis supplied). The key difference between that case and this is in the emphasized words, "if requested." Of course, the way to request *de novo* review is to file objections, as is provided in both 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), both of which require that objections be filed within ten days. Counsels' argument, if accepted, would completely eviscerate

the magistrate judge system: if a party could obtain *de novo* review of a magistrate judge's report at any time, even post-judgment, nothing a magistrate judge had ruled on would ever be final. The *Shami* court said nothing about the timeliness requirement; it merely required *de novo* review upon timely objections.

Lastly, counsel argue that the "interests of justice" require *de novo* review now because only a client can waive an appeal in a capital case, citing *State v. Barry*, 80 Ohio St. 3d 371 (1997). While only a defendant can waive an appeal altogether, it is manifestly true that counsel's defaults in preserving issues or arguments for appeal can properly be held against the client. Most procedural defaults are committed by lawyers, not by clients, but procedural default is plainly applicable in capital cases. *See, e.g.*, *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied* 531U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001).

All of the above arguments would apply if the instant Motion had been filed prior to judgment. This case, however, is more than five months post-judgment and all of these arguments are supplemented by concerns about the finality of judgments. Counsel were aware from the time judgment was entered that Chief Judge Beckwith reviewed the Supplemental Report for plain error rather than *de novo*. If they believed that was somehow error, they had ten days from judgment to file a motion to alter or amend. See Fed. R. Civ. P. 59(e). Nor have they attempted to satisfy the standards of Fed. R. Civ. P. 60(b) with their Motion.

For all of the foregoing reasons, Petitioner's Motion to File Objections Instanter should be denied.

September 29, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).