IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARVELLOUS KEENE, | : *DEATH PENALTY CASE* |
| Petitioner, | : Case No. C-1-00-421 |
| vs. | : JUDGE BECKWITH |
| BETTY MITCHELL, WARDEN, | : MAGISTRATE JUDGE MERZ |
| Respondent. | : *No Execution Date Scheduled* |

**PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATIONS
ON PETITIONER'S MOTION TO FILE POST-JUDGMENT OBJECTIONS
TO SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #118)**

The gist of the Magistrate Judge's report is that Petitioner's counsel's decision not to file objections to the Supplemental Report and Recommendations was wrong. First, the Magistrate questions the veracity of Petitioner's counsel statement that counsel did not believe that objections to a "supplemental" report were required to be filed. The Magistrate Judge's basis for this *ad hominem* appears to be that Petitioner's counsel sought extensions of time to file objections, and then did not file objections. But there can be many reasons for requests for extensions of time, including just not having the time to review and analyze the supplemental objections, and consider *whether* objections need be filed.

The Magistrate Judge also notes that the General Order on Assignment and Reference has been available on the Court's website, and that it is mentioned (although not in specific) in the Supplemental Report itself. His point appears to be that Petitioner's counsel should be charged with knowledge of the General Order, and further, that the General Order makes it obvious that objections to "supplemental" reports must be filed. As to whether Petitioner's counsel should be charged with knowledge, it is worth noting that the Chief Counsel of the Death Penalty Section of the Ohio Public

Defender's Office was not aware of this "General Order" of the Court. (See attached Ex. A, Affidavit of Joe Wilhelm) As Mr. Wilhelm notes:

> At the time that these issues were first brought to my attention, despite my years of experience in the Death Penalty Division of the State Public Defender's Office, and my work on dozens of death penalty *habeas* cases, I was not aware of the provisions of this Court's General Order of Assignment on Reference filed January 13, 2003, or any of the previous Orders on Assignment and Reference in the Southern District of Ohio, Western Division.
>
> It was my initial opinion in conferring with Petitioner's counsel in this case that the Magistrate's Act, 29 U.S.C. §636, expressly requires recommital in order for there to be a "Supplemental" Report and Recommendation and therefore any Supplemental Report and Recommendation without express recommital was void and of no affect.
>
> Only when the Court's General Order on Assignment and Reference was brought to my attention in connection with the *Keene* case, did I become aware of its specific provisions.
>
> In my professional opinion, I believe there is some doubt as to whether the General Order on Assignment and Reference operates as a proper and appropriate "blanket" recommital under the Magistrate's Act because, for among other reasons, the Magistrate's Act requires that the matters be referred "with instructions," and the General Order does not provide any instructions.

As to whether this Court's "General Order" trumps the Magistrate's Act, the Magistrate does not say. However, the Magistrate Judge's jurisdictional statute provides that a judge of the Court shall make a de novo determination, or, that the Article III Judge may also "…recommit the docket to the Magistrate [Judge] ***with instructions***." 28 U.S.C. §636(b)(1)(C) (emphasis added). This Court's "General Order of Assignment and Reference" does not provide any "instructions." Thus, it is not clear that the "General Order" operates as an express recommittal as the Magistrate Judge believes.

The Magistrate Judge's personal attacks on Petitioner's counsel notwithstanding, nothing

in the Magistrate Judge's recommendations provide good reason for this Court to ignore the essential point in petitioner's Motion for Leave to File Objections *Instanter*. Whatever the failings of Petitioner's counsel, they should not be visited upon his client. This is not an issue of procedural default or express waiver--there is no legal impediment to the Court's considering the late-filed objections. Given that this Court has the authority to consider the objections to the supplemental report, it should do so in the interests of justice.

        Respectfully submitted,

        /s/ John S. Marshall
        John S. Marshall (0015160) *(marshall@ee.net)*
        Lead Counsel for Petitioner
        MARSHALL AND MORROW LLC
        111 West Rich Street, Suite 430
        Columbus, Ohio 43215-5296
        (614) 463-9790
        Fax (614) 463-9780

        Rayl L. Stepter (0047505)
        Co-Counsel for Petitioner
        111 West Rich Street, Suite 430
        Columbus, Ohio  43215-4126
        (614) 463-9790
        Fax:  (614) 463-9780

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served upon:

Charles L. Wille
Senior Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio  43215
Lead Counsel for Respondent

by ECF this 11th day of October 2005.

                                            /s/ John S. Marshall
                                            John S. Marshall

b100505kee.obj.wpd