### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| MARVELLOUS KEENE, | : *DEATH PENALTY CASE* |
| Petitioner, | : Case No. C-1-00-421 |
| vs. | : JUDGE BECKWITH |
| BETTY MITCHELL, WARDEN, | : MAGISTRATE JUDGE MERZ |
| Respondent. | : *No Execution Date Scheduled* |

### AFFIDAVIT OF JOSEPH WILHELM

1. I am Joseph Wilhelm, Chief Counsel of the Death Penalty Division of the Ohio Public Defender's Office.

2. I graduated from the University of Cincinnati Law School and was admitted to the practice of law in Ohio in November of 1991.

3. I worked as an Assistant State Public Defender for the Ohio Public Defender's Office from December of 1991 to June of 1997. In June of 1997, I was appointed to the Appellate Supervisor of the Death Penalty Division. I served in a supervisory capacity from June, 1997 to June, 2003. Since December, 2003, I have been Chief Counsel of the Death Penalty Division of the Ohio Public Defender's Office.

4. I recently became familiar with the proceedings in the above-captioned case wherein I reviewed, at the request of Petitioner's counsel, John S. Marshall, the Court's Recommendations on Motion for Certificate of Appealability (Doc. No. 115) filed on September 8, 2005. During discussions with Petitioner's counsel on the Report and Recommendations, I became

aware of an issue involving the question of whether Petitioner was required to file Objections to "Supplemental Report and Recommendations".

5. At the time that these issues were first brought to my attention, despite my years of experience in the Death Penalty Division of the State Public Defender's Office, and my work on dozens of death penalty *habeas* cases, I was not aware of the provisions of this Court's General Order of Assignment on Reference filed January 13, 2003, or any of the previous Orders on Assignment and Reference in the Southern District of Ohio, Western Division.

6. It was my initial opinion in conferring with Petitioner's counsel in this case that the Magistrate's Act (29 USC § 636) expressly requires recommital in order for there to be a "Supplemental" Report and Recommendation and therefore any Supplemental Report and Recommendation without express recommital was void and of no affect.

7. Only when the Court's General Order on Assignment and Reference was brought to my attention in connection with the *Keene* case, did I become aware of its specific provisions.

8. In my professional opinion, I believe there is some doubt as to whether the General Order on Assignment and Reference operates as a proper and appropriate "blanket" recommital under the Magistrate's Act because, for among other reasons, the Magistrate's Act requires that the matters be referred "with instructions," and the General Order does not provide any instructions.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Joseph Wilhelm

2

STATE OF OHIO            )
                         ) SS:
COUNTY OF FRANKLIN       )

Sworn to and subscribed before me this 7th day of October, 2005.

_Kelly Culshaw_
Notary Public

KELLY LEANN CULSHAW, ATTORNEY AT LAW
NOTARY PUBLIC, STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.

b100705keene.affdt of joseph wilhelm

3