**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Marvallous Keene,                          )
                                           )
                    Petitioner,            ) Case No. 1:00-CV-421
                                           )
          vs.                              )
                                           )
                                           )
Betty Mitchell,                            )
                                           )
                    Respondent.            )

O R D E R

This matter is before the Court on Petitioner
Marvallous Keene's motion for a certificate of appealability
(Doc. No. 114), Chief Magistrate Judge Merz's Report and
Recommendation on Petitioner's motion for a certificate of
appealability (Doc. No. 115),  Petitioner's motion for leave to
file objections to Supplemental Report and Recommendation
instanter (Doc. No. 116), Petitioner's objections to the
Magistrate Judge's Report and Recommendation on Petitioner's
motion for a certificate of appealability (Doc. No. 117),
Magistrate Judge Merz's Report and Recommendation on Petitioner's
motion to file objections to Supplemental Report and
Recommendation instanter (Doc. No. 118), and Petitioner's
objections to the Magistrate Judge's Report and Recommendation on
Petitioner's motion to file objections to the Supplemental Report
and Recommendation instanter (Doc. No. 119).  For the reasons
that follow, Petitioner's objections to Magistrate Judge Merz's
Report and Recommendation on his motion for a certificate of

appealability (Doc. No. 117) are not well-taken and are **OVERRULED**; the Court **ADOPTS** Magistrate Judge Merz's Report and Recommendation on Petitioner's motion for certificate of appealability (Doc. No. 115); Petitioner's motion for a certificate of appealability (Doc. No. 114) is not well-taken and is **DENIED**.  Additionally, Petitioner's objections to Magistrate Judge Merz's Report and Recommendation on Petitioner's motion for leave to file objections to the Supplemental Report and Recommendation (Doc. No. 119) are not well-taken and are **OVERRULED**; the Court **ADOPTS** Magistrate Judge Merz's Report and Recommendation on Petitioner's motion to file objections to the Supplemental Report and Recommendation instanter (Doc. No. 118); Petitioner's motion to file objections to the Supplemental Report and Recommendation (Doc. No. 116) is not well-taken and is **DENIED**.

A three judge panel sitting in the Montgomery, Ohio Court of Common Pleas convicted Petitioner Marvallous Keene on eight counts of aggravated murder arising out of Petitioner's murder of five victims on December 24 and 26, 1992.  Six of the eight aggravated murder counts, relating to three of the victims, were merged.  On October 27, 1993, at the penalty phase of trial, the panel sentenced Petitioner to death on five counts of aggravated murder.  Additionally, the panel returned guilty verdicts on six counts of aggravated robbery, one count of

aggravated burglary, one count of burglary, two counts of kidnapping, and two counts of attempted aggravated murder. Petitioner's convictions and sentences were affirmed on direct appeal, State v. Keene, No. 14375, 1996 WL 531606 (Ohio Ct. App. Sept. 20, 1996), and by the Supreme Court of Ohio. State v. Keene, 693 N.E.2d 246 (Ohio 1998). The Ohio Court of Appeals denied Petitioner's claim for post-conviction relief. State v. Keene, No. 16963, 1999 WL 55711 (Ohio Ct. App. Feb. 5, 1999). The Supreme Court of Ohio dismissed Petitioner's appeal from the judgment of that court as not presenting any substantial constitutional question. State v. Keene, 710 N.E.2d 716 (Ohio 1999)(table).

On May 26, 2000, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 which asserted thirty assignments of error from his arrest and questioning by the police through the penalty phase of his trial. On August 25, 2004, Chief Magistrate Judge Merz issued a Report and Recommendation (Doc. No. 96) recommending that Petitioner's habeas petition be denied. Judge Merz did not recommend whether a certificate of appealability should issue on any of the claims raised by Petitioner. Petitioner filed objections to Judge Merz's Report and Recommendation (Doc. No. 99) on October 7, 2004.

On February 5, 2005, Judge Merz filed a Supplemental
Report and Recommendation (Doc. No. 104) which addressed
Petitioner's objections to his Report and Recommendation that the
habeas petition be denied.  Petitioner requested and received two
extensions of time in which to file objections to Judge Merz's
Supplemental Report and Recommendation but ultimately did not
submit any objections within the time allotted.  On April 20,
2005, the Court entered an order (Doc. No. 107) which adopted
both the original Report and Recommendation and the Supplemental
Report and Recommendation and dismissed Petitioner's habeas
petition with prejudice.  The Court's order, however, did not
state whether a certificate of appealability would issue on any
of Petitioner's claims.

On July 25, 2005, after requesting and receiving an
extension of time, Petitioner filed a motion for a certificate of
appealability (Doc. No. 114) on his First through Sixth, Eighth
through Twelfth, Fourteenth through Nineteenth, and Twenty-First,
Twenty-Second, Twenty-Third, Twenty-Fifth, and Twenty-Eighth
grounds for relief.  Additionally Petitioner seeks a certificate
of appealability on his procedurally defaulted claims.
Petitioner also seeks review of this Court's denial of his motion
to expand the record, motion for an evidentiary hearing, motion
for discovery, and motion for interlocutory appeal.  On September
9, 2005, Magistrate Judge Merz issued a Report and Recommendation

4

(Doc. No. 115) recommending that Petitioner's motion for a certificate of appealability be denied on the grounds that reasonable jurists could not disagree with the Court's conclusions or that he should be encouraged to proceed further.

On September 26, 2005, Petitioner filed a motion to file objections to Magistrate Judge Merz's Supplemental Report and Recommendation instanter.  On September 29, 2005, Magistrate Judge Merz recommended that this motion be denied.  The Court agrees.  Petitioner received and requested two extensions of time in which to file objections to the Supplemental Report and Recommendation and did not take advantage of them.  Moreover, Petitioner tarried another five months before moving for leave to file them out of time.  Petitioner has not shown good cause for this dilatory conduct.  In any event, having reviewed Petitioner's late-arriving objections, they would not have affected the outcome of the issues presented.  Accordingly, the Court **OVERRULES** Petitioner's objections to Magistrate Judge Merz's Report and Recommendation on Petitioner's motion for leave to file objections to the Supplemental Report and Recommendation. The Court **ADOPTS** that Report and Recommendation.  Petitioner's motion for leave to file objections to the Supplemental Report and Recommendation is not well-taken and is **DENIED.**

A petitioner is entitled to a certificate of appealability ("COA") only if he "has made a substantial showing

5

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Supreme Court has explained this standard as follows:

> To obtain a COA under § 2253(c), a habeas prisoner must
> make a substantial showing of the denial of a
> constitutional right, a demonstration that, under
> <u>Barefoot</u>, includes showing that reasonable jurists
> could debate whether (or for that matter, agree that)
> the petition should have been resolved in a different
> manner or that the issues presented were "adequate to
> deserve encouragement to proceed further."

<u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84,(2000) (quoting <u>Barefoot</u>
<u>v. Estelle</u>, 463 U.S. 880, 893 & n. 4 (1983)).  This Court reviews

<u>de novo</u> a magistrate judge's report and recommendation regarding

a certificate of appealability.  <u>Dye v. Cowan</u>, 472 F.2d 1206,

1206 n.1 (6th Cir. 1972)(holding magistrate judges not authorized

to issue certificate of probable cause); <u>Jones v. Johnson</u>, 134

F.3d 309 (5th Cir. 1998)(same).  On <u>de novo</u> review, the Court

concludes that Petitioner has failed to make a substantial

showing of a constitutional violation and that the issues

presented are not adequate to deserve encouragement to proceed

further.

A. <u>First Ground for Relief</u>

Petitioner's First Ground for Relief alleges that the

panel violated his rights under the Fifth, Sixth, Eighth, and

Fourteenth Amendments by improperly weighing the aggravating

factors collectively, by improperly relying on vague and non-

statutory aggravating factors, by improper consideration of

aggravating and mitigating circumstances, and by treating the

death penalty as mandatory.  Petitioner has failed to make a substantial showing of a denial of his constitutional rights in this ground for relief.

Based on the affidavit of one of the members of the panel, Judge Lee Bixler, Petitioner alleges that the panel violated his constitutional rights by collectively weighing the aggravating circumstances instead of deciding individually how each aggravating circumstance applied to each murder charge in accordance with Ohio law.  Assuming that the panel did collectively weigh the aggravating circumstances as Petitioner alleges, the Court agrees with Magistrate Judge Merz that such error was harmless.  As Magistrate Judge Merz points out, the Supreme Court of Ohio independently weighed the aggravating and mitigating circumstances and found that the aggravating circumstances outweighed the mitigating circumstances beyond a reasonable doubt.  Keene, 693 N.E.2d at 265.  The appellate court's independent review of the aggravating and mitigating circumstances cures any defect in the deliberations of the panel. Clemons v. Mississippi, 494 U.S. 738, 744-50 (1990).  Because the alleged error was harmless, Petitioner is not entitled to habeas relief on this claim.  Calderon v. Coleman, 525 U.S. 141, 145 (1998)(holding that federal court may grant habeas relief based on trial error only when that error "had substantial and

injurious effect or influence in determining the jury's verdict.").

Petitioner claims that the panel sentenced him to death based on vague and non-statutory aggravating factors, such as "the cold and calculating plans that were developed", "the deliberate execution of those plans," and "manner by which five people were killed." As Magistrate Judge Merz points out, the Supreme Court of Ohio specifically found that the panel did not rely on vague and non-statutory aggravating factors in imposing the death penalty. Keene, 693 N.E.2d at 261-62. In any event, such alleged error was cured by the Supreme Court of Ohio's independent reweighing of the aggravating and mitigating circumstances. See Clemons, 494 U.S. at 745 ("Nothing in the Sixth Amendment as construed by our prior decisions indicates that a defendant's right to a jury trial would be infringed where an appellate court invalidates one of two or more aggravating circumstances found by the jury, but affirms the death sentence after itself finding that the one or more valid remaining aggravating factors outweigh the mitigating evidence.").

Petitioner claims that with respect to the aggravated murder of Joseph Wilkerson, the panel improperly considered the escaping detection specification as an aggravating circumstance because it merged with other specifications. Again, however, the

8

Supreme Court of Ohio's independent review of the aggravating and mitigating circumstances cured this error.

Petitioner alleges that the panel violated his constitutional rights because it erroneously believed that imposition of the death penalty was mandatory. Petitioner, however, reads the record incorrectly. The panel determined that it was required to impose the death penalty only after finding that the aggravating circumstances outweighed the mitigating circumstances. A system which mandates that the death penalty be imposed if the jury finds beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating circumstances is not unconstitutional. Buell v. Mitchell, 274 F.3d 337, 368 (6th Cir. 2001).

Thus, the Court concludes that Petitioner has failed to make a substantial showing of a denial of a constitutional right under his First Ground for Relief.

B. Second Ground for Relief

Petitioner's Second Ground for Relief alleges that the Supreme Court of Ohio erred in concluding that the aggravating factors outweighed the mitigating factors. As the Court understands Petitioner's argument, he claims that the Supreme Court erred by underweighting the mitigating factors and overweighting the aggravating factors. In short, Petitioner appears to argue that no reasonable factfinder could find that

the aggravating factors outweighed the mitigating factors.
Jackson v. Virginia, 443 U.S. 307, 324 (1979).

In this case, any reasonable factfinder could have
concluded that the aggravating circumstances of Petitioner's
offenses outweighed the mitigating circumstances.  Although
Petitioner was youthful at the time of the murders, had a
troubled childhood and upbringing, and there was some evidence
that he suffers from a mental disease or defect, and showed
remorse for his crimes, there was substantial evidence from which
the panel could have concluded that the aggravating factors
outweighed the mitigating factors.  As the Supreme Court of Ohio
noted, Petitioner committed five murders over a three day period
and rightfully accorded this aggravating factor heavy weight in
its assessment of the evidence.  See Keene, 693 N.E.2d at 266;
Ohio Rev. Code § 2929.04(A)(5)(stating that it is an aggravating
factor if "the offense at bar was part of a course of conduct
involving the purposeful killing or attempt to kill two or more
persons by the offender.").  This aggravating factor was relevant
to each of Petitioner's murder charges.  Petitioner murdered
Joseph Wilkerson while committing aggravated burglary and
aggravated robbery, aggravating factors under Ohio Rev. Code §
2929.04(B)(A)(7).  Petitioner murdered Danita Gullette and Sarah
Abraham while committing aggravated robberies.  Ohio Rev. Code §
2929.04(B)(A)(7)  Petitioner murdered Wendy Cottrill and Marvin

Washington during the course of kidnapping them and in order to prevent them from "snitching" to the police.  Ohio Rev. Code § 2929.04(A)(8)("The victim of the aggravated murder was a witness to an offense who was purposely killed to prevent the victim's testimony in any criminal proceeding and the aggravated murder was not committed during the commission, attempted commission, or flight immediately after the commission or attempted commission of the offense to which the victim was a witness, or the victim of the aggravated murder was a witness to an offense and was purposely killed in retaliation for the victim's testimony in any criminal proceeding.").

In short, there was substantial evidence supporting the panel's verdicts that the aggravating factors outweighed the mitigating factors.  Compare with Jones v. United States, 527 U.S. 373 (1999)(death sentence affirmed where jury found that two statutory aggravating factors -causing death during commission of another crime and commission of offense in an especially heinous or cruel manner - and two nonstatutory aggravating factors outweighed ten mitigating factors, including petitioner's remorse and numerous neurological and psychological disorders).  Thus, Petitioner has failed to make a substantial showing of the denial of a constitutional right in his Second Ground for Relief.

C. Third Ground for Relief

11

Petitioner's Third Ground for Relief argues that his Fifth and Sixth Amendment rights to due process and a fair trial were violated because the panel spent insufficient time deliberating over the aggravating and mitigating circumstances of his offenses. The record demonstrates that the panel spent about eighty minutes in deliberations during the sentencing phase of Petitioner's trial.

Petitioner cites no case law which ties due process and the fairness of his trial to the length of time the factfinder devotes to weighing aggravating and mitigating circumstances. Contrary to Petitioner's argument, Penry v. Johnson, 532 U.S. 782 (2001), does not mandate that a reasonable time be spent in deliberations nor does it require the jurors to give effect to the defendant's mitigating evidence. Rather, Penry simply holds that the instructions given to the jury must be written and given in such a way that they will be able, if they choose, to consider and give effect to such evidence. Id. at 797. The problem with the jury instructions in Penry, according to the Court, was that they did not provide a framework in which the jury could consider, and in fact may have prevented the jury from considering, evidence concerning the petitioner's mental retardation and childhood abuse. Id. at 800. By contrast, however, the Court appeared to find no problem with that part of the instructions that informed the jury that they were decide how

12

much weight, _if any_, to give to the mitigating circumstances.
Id. at 797-98.  Clearly, then, Penry does not establish a
constitutional requirement that the factfinder give weight to the
mitigating evidence.

Petitioner has not made a substantial showing of the
denial of a constitutional right in his Third Ground for Relief
and is not entitled to a certificate of appealability on this
issue.

### D. Fourth Ground for Relief

Petitioner's Fourth Ground for Relief essentially
reiterates his First Ground for Relief, viz., that the panel
erroneously believed that imposition of the death penalty was
mandatory.  This ground for relief fails to establish a
substantial showing of the denial of a constitutional right for
the reasons stated supra, at 8.

### E. Fifth Ground for Relief

Petitioner's Fifth Ground for Relief argues that the
state court violated his rights under the Fifth, Sixth, Eighth,
and Fourteenth Amendments when is refused to allow discovery upon
a sufficient showing of selective prosecution.  Petitioner
contends that he made a sufficient showing in state court that
the prosecutor did not seek the death penalty in cases involving
similarly-situated individuals of different races.  Petitioner's
argument, however, only covers half of the necessary territory.

13

In order to prevail on a claim of selective prosecution, the defendant must show a discriminatory effect and discriminatory intent by the prosecution.  <u>United States v. Armstrong</u>, 517 U.S. 456, 465 (1996).  In order to obtain discovery on a selective prosecution claim, the Sixth Circuit requires the defendant to make a prima facie showing on both elements.  <u>United States v. Jones</u>, 159 F.3d 969, 976-78 (6th Cir. 1998).  As Magistrate Judge Merz points out, so long as reasonable minds could differ whether there was some evidence which warranted discovery on this issue, a point which Petitioner concedes, Doc. No. 114, at 24-25, he is not entitled to habeas relief.  Moreover, Petitioner failed to make any threshold showing that the prosecutor's decision to seek the death penalty in his case was motivated by racial animus.

Accordingly, Petitioner has failed to make a substantial showing of the denial of a constitutional right on his Fifth Ground for Relief.

## F. <u>Sixth Ground for Relief</u>

Petitioner's Sixth Ground for Relief essentially repeats his Fifth Ground for Relief concerning the prosecutor's alleged racial animus and claims that because of this alleged racial animus the trial court erred by failing to dismiss the capital indictment.  For the reasons just stated, however, Petitioner failed to make even a prima facie showing that the

decision to charge him with capital offenses was the result of selective prosecution.

Accordingly, Petitioner has failed to make a substantial showing of the denial of a constitutional right on his Sixth Ground for Relief.

### G. Eighth Ground for Relief

Petitioner's Eighth Ground for Relief argues that the trial court erred in denying his motion for a change of venue which forced him to involuntarily waive his right to a jury trial, resulting in violations of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. Petitioner's motion for a change of venue was based on pre-trial publicity. The trial judge stated that he was going to defer ruling on the motion until voir dire of the jury panel had been completed. Petitioner alleges that this decision constituted a constructive denial of his motion for a change of venue.

Although the pretrial publicity regarding Petitioner's offenses was substantial, and perhaps even pervasive and massive as he contends, the Sixth Circuit has indicated that "unless the materials submitted to the trial judge demonstrate an utter corruption by the press of the trial atmosphere, the actual voir dire becomes the center piece of attention on the motion to change the venue." See Ritchie v. Rogers, 313 F.3d 948, 955 n.11 (6th Cir. 2002). In other words, in most cases, it will be

15

appropriate for the trial judge to defer ruling on a motion for a
change of venue until after voir dire has been completed.
Petitioner does not argue that the press utterly corrupted the
entire trial atmosphere.  Accordingly, the trial court did not
err in deferring ruling on Petitioner's motion to dismiss until
after voir dire was completed.

Moreover, Petitioner admits in his brief that
reasonable jurists could differ concerning the state court's
application of the constitutional standards concerning a change
of venue.  Doc. No. 114, at 33.  Therefore, Petitioner has
failed to make a substantial showing of the denial of a
constitutional right and is not entitled to a certificate of
appealability on this claim for relief.  Coe v. Bell, 209 F.3d
815, 824 (6th Cir. 2000)( "[A] state court's decision will be
considered an unreasonable application of clearly established
Supreme Court precedent if it is not debatable among reasonable
jurists or is so offensive to existing precedent, so devoid of
record support, or so arbitrary, as to indicate that it is
outside the universe of plausible, credible outcomes.") (internal
quotation marks omitted).  In other words, if the state court's
application of existing precedent was arguably correct, then
Petitioner is not entitled to habeas relief.

In any event, as Magistrate Judge Merz points out in
his original Report and Recommendation, Petitioner failed to

16

raise this claim in state court.  Therefore, it is procedurally
defaulted.  Seymour v. Walker, 224 F.3d 542, 549-50 (6th Cir.
2000).

## H. Ninth Ground for Relief

Petitioner's Ninth Ground for Relief argues that the
trial court erred in failing to suppress evidence of a witness's
identification of him from a photo array.  Petitioner contends
that the photo array was unduly suggestive because he was the
only individual in the lineup with a "box style" haircut.  As the
Supreme Court of Ohio both observed, the identification
Petitioner complains of was only relevant to one of his
aggravated robber convictions.  Petitioner again, however, admits
in his brief that reasonable jurists could differ regarding the
state court's application of the constitutional principles
concerning identification procedures.  Doc. No. 114, at 34; Coe,
209 F.3d at 824.

Therefore, Petitioner has not made a substantial
showing of the denial of a constitutional right and is not
entitled to a certificate of appealability on his Ninth Ground
for Relief.

## I. Tenth Ground for Relief

Petitioner's Tenth Ground for Relief argues that his
decision to waive a jury trial was not knowing, intelligent and
voluntary because his personality style is to acquiesce to

17

authority figures.  "[A] determination of guilt by a court after waiver of jury trial [cannot] be set aside and a new trial ordered except upon a plain showing that such waiver was not freely and intelligently made." Sowell v. Bradshaw, 372 F.3d 821, 832 (6th Cir. 2004)(quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 281 (1942)).  In Sowell, the Court determined that, despite his limited intelligence and low level of cognitive skills and comprehension, the petitioner freely waived his right to a jury trial in a capital case after a colloquy with the court substantially similar to Petitioner's colloquy with the trial judge in this case.  Id. at 831-35, 833 n.6.  If the petitioner in Sowell voluntarily waived his right to a jury trial, then there is no basis on this record to find that Petitioner's waiver was not freely given.  Therefore, despite his alleged passive personality style, Petitioner's jury waiver clearly withstands constitutional scrutiny.

Petitioner has not made a substantial showing of the denial of constitutional right on his Tenth Ground for Relief and, consequently, is not entitled to a certificate of appealability on this issue.

### J. Eleventh Ground for Relief

Petitioner's Eleventh Ground for Relief argues that the trial court erred in failing to suppress statements given by him to the police because he did not make a knowing and intelligent

waiver of his rights under Miranda v. Arizona, 384 U.S. 436
(1966).  The trial court found that Petitioner voluntarily waved
his Miranda rights after hearing testimony and viewing a
videotape of his confession.  In so ruling, the trial court
rejected Petitioner's claim that he was intoxicated at the time
of the interrogation and found him to be normal, alert, lucid,
and oriented.  In addition, the trial court again rejected
Petitioner's contention that his passive personality type caused
him to sign the waiver form.  Finally, the trial court credited
the police officers' testimony over Petitioner's testimony
concerning whether the officers allowed Petitioner to use the
bathroom before and during the interrogation.  Keene, 693 N.E.2d
at 257.

        The state court's findings of fact are presumed to be
correct unless the petitioner demonstrates otherwise by clear and
convincing evidence.  Campbell v. Coyle, 260 F.3d 531, 539 (6th
Cir. 2001).  Here, Petitioner does not argue that the state
court's findings of fact were erroneous or otherwise unsupported
by the record.  Doc. No. 114, at 37-39.  Rather, Petitioner only
points to evidence which supports his contention that his waiver
was involuntary and argues that other jurists could come to a
different conclusion regarding the voluntariness of his waiver.
If the evidence is in equipoise, which is what Petitioner appears
to suggest, then the trial court's findings cannot be incorrect

under the clear and convincing evidence standard.  Addington v.
Texas, 441 U.S. 418, 423-24 (1979)(clear and convincing evidence
is a quantum of proof more than a preponderance of the evidence
but less than proof beyond a reasonable doubt).  In this case,
under the facts as determined by the state court, Petitioner's
waiver of his Miranda rights was voluntary because there was an
absence of coercion and Petitioner understood the nature of his
right to remain silent and the consequences of abandoning it.
Machacek v. Hofbauer, 213 F.3d 947, 954 (6th Cir. 2000).

        Accordingly, Petitioner has failed to make a
substantial showing of the denial of a constitutional right.
Therefore, Petitioner is not entitled to a certificate of
appealability on this issue.

### K. Twelfth Ground for Relief

        Petitioner's Twelfth Ground for Relief argues that the
trial court erred in admitting evidence with a flawed chain of
custody.  The evidence in question was a pair of red gym shoes
that belonged to Danita Gullette and there was some conflict
between police officers regarding who marked them as evidence.
Petitioner has failed to demonstrate a substantial showing of the
denial of a constitutional right in this ground for relief.
Chain of custody issues go to the weight of the evidence, not its
admissibility.  United States v. Allen, 106 F.3d 695, 700 (6th
Cir. 1997).  In any event, the trial court's admission of this

evidence was not so egregious that it resulted in a denial of the fundamental fairness at the trial warranting habeas relief.  <u>Bugh v. Mitchell</u>, 329 F.3d 496, 512 (6th Cir. 2003).

Petitioner has failed to make a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability on his Twelfth Ground for Relief.

L. <u>Fourteenth Ground for Relief</u>

Petitioner's Fourteenth Ground for Relief argues that the evidence was insufficient for the panel to convict him of the aggravated murders of Danita Gullette, Joseph Wilkerson, Wendy Cottrill and Marvin Washington, denying him substantive and procedural due process under the Fifth, Sixth, and Fourteenth Amendments.  Petitioner alleges that with respect to each murder charge, the prosecution failed to prove an aggravating circumstance or that he was the actual killer of the victim.

There was ample evidence supporting Petitioner's aggravated murder convictions.  With respect to the murder of Danita Gullete, as the Supreme Court of Ohio found, the coroner testified that Gullette died of multiple gunshot wounds, therefore the panel could have reasonably inferred that Petitioner's shots contributed to her death.  <u>Keene</u>, 693 N.E.2d at 256.  Similarly, the coroner testified that either of the gunshots inflicted on Wilkerson would have been fatal by itself. <u>Id.</u>  Under Ohio law, there can be more than one actual killer and

21

thus more than one principal offender in an aggravated murder if each offender's acts contributed to the victim's death.  Id. (citing State v. Joseph, 469, 653 N.E.2d 285, 300 (Ohio 1995) (Moyer, C.J., dissenting in part and concurring in part)("This court has decided past cases in which more than one individual have been deemed to be a 'principal offender' in one murder.  In those cases, however, there has been evidence supporting a finding that the physical acts of more than one defendant together contributed to cause death").  Thus, there was sufficient evidence that Petitioner was the actual killer and thus a principal offender in the murders of both Gullette and Wilkerson.  Finally, there was substantial evidence that Petitioner and DeMarcus Smith killed Cottrill and Washington because they witnessed crimes committed by Smith.  The Supreme Court of Ohio interpreted Ohio Rev. Code § 2929.04(A)(8) to apply if the defendant killed the victim to prevent his or her testimony in any criminal proceeding.  Id. at 255-56.  Thus, the Court ruled, Petitioner misread § 2929.08(A)(8) when he argued that this aggravating circumstance only applies when the victim was a witness to other crimes committed by the defendant, an argument he repeats here.  Id.  The Supreme Court of Ohio's interpretation of § 2929.08(A)(8) is in accordance with the plain language of the statute.  In any event, this Court is required to defer to the state court's interpretation of its own statute.

Israfil v. Russell, 276 F.3d 768, 770 (6th Cir. 2001).  Since
there was evidence that Petitioner and Smith murdered Cottril and
Washington to keep them from "snitching" on Smith, there was
sufficient proof to find that this aggravating circumstance
applied.

Petitioner has failed to make a substantial showing of
the denial of a constitutional right on his Fourteenth Ground for
Relief.  Accordingly, he is not entitled to a certificate of
appealability on this issue.

### M. Fifteenth Ground for Relief

Petitioner's Fifteenth Ground for Relief argues that
the trial court erred in admitting other acts evidence,
principally his participation in uncharged crimes, thereby
denying him of a fair trial, due process, and a reliable
determination of guilt in violation of the Fifth, Sixth, Eighth,
and Fourteenth Amendments.  The Court will review a state court's
evidentiary ruling only if it was so fundamentally unfair as to
deny the petitioner due process.  Frazier v. Huffman, 343 F.3d
780, 789 (6th Cir. 2003).  Assuming the state court's evidentiary
rulings were erroneous, they did not undermine the fundamental
fairness of Petitioner's trial.  As the Supreme Court of Ohio
noted, Petitioner confessed to participating in the murders of
five people, thus his character could not have been harmed in any
significant way by evidence that he also participated in a

robbery for which he was not charged.  Keene, 693 N.E.2d at 260.

Moreover, as Magistrate Judge Merz points out, any taint from

this evidence was alleviated because Petitioner's trial was

before a three judge panel instead of a jury.  E.g., Wickline v.

Mitchell, 319 F.3d 813, 823 (6th Cir. 2003).

Petitioner has failed to make a substantial showing of

the denial of a constitutional right on Fifteenth Ground for

Relief and, consequently, is not entitled to a certificate of

appealability on this issue.

### N. Sixteenth Ground for Relief

Petitioner's Sixteenth Ground for Relief argues that

the trial court violated his rights under the Fifth, Sixth,

Eighth and Fourteenth Amendments by admitting victim impact

testimony during the guilt phase of his trial.  Under Ohio law,

victim impact testimony is inadmissible during the guilt phase of

a capital murder trial.  State v. Post, 513 N.E.2d 754, 759 (Ohio

1987).  Nevertheless, where the trial is before a three judge

panel, "it must affirmatively appear that in a bench trial the

court relied on such testimony in arriving at its verdict in

order for such error to be ground for reversal."  Id.

Petitioner does not point to any evidence which affirmatively

demonstrates that the trial panel relied on victim impact

evidence in returning guilty verdicts on the aggravated murder

charges.  Moreover, the Court does not review state court

evidentiary rulings.  To compound matters, Petitioner failed to object to all but one instance of admission of victim impact testimony, thereby procedurally defaulting his other constitutional claims with respect to the admission of this evidence and he has not demonstrated cause to excuse the default. Finally, admission of victim impact testimony during the guilt phase is grounds for habeas relief only if it rendered the trial fundamentally unfair.  <u>Byrd v. Collins</u>, 209 F.3d 486, 532 (6th Cir. 2000).  In light of the other overwhelming proof of Petitioner's guilt, the admission of victim impact testimony in the guilt phase did not render the trial fundamentally unfair. <u>Hicks v. Collins</u>, 384 F.3d 204, 219 (6th Cir. 2004).

Petitioner has failed to make a substantial showing of the denial of a constitutional right on his Sixteenth Ground for Relief and, consequently, is not entitled to a certificate of appealability on this issue.

### O. <u>Seventeenth Ground for Relief</u>

Petitioner's Seventh Ground for Relief contends that prosecutorial misconduct during closing arguments of both the guilt and mitigation phases of the trial resulted in a denial of his right to a fair trial.  Petitioner also points to the admission of the victim impact testimony as evidence of prosecutorial misconduct.  Assuming these claims are not procedurally defaulted, the Court agrees with Magistrate Judge

Merz's assessment of the alleged instances of prosecutorial misconduct.  The three-judge panel was not likely to be misled the prosecutor's remarks, the alleged improper remarks were relatively isolated, and the proof of guilt was overwhelming. Nothing about the prosecutor's comments rendered Petitioner's trial fundamentally unfair.  The victim impact testimony did not render the trial fundamentally unfair for the reasons stated above.

Petitioner has failed to make a substantial showing of the denial of a constitutional right on his Seventeenth Ground for Relief and, consequently, is not entitled to a certificate of appealability on this issue.

### P. Eighteenth Ground for Relief

Petitioner's Eighteenth Ground for Relief argues that the trial court erred by admitting the testimony of Nicholas Woodson on the grounds that it constituted propensity evidence. Petitioner is not entitled to a certificate of appealability on this issue for the reasons stated supra at 22-23 with regard to his Fifteenth Ground for Relief.

### Q. Nineteenth Ground for Relief

Petitioner's Nineteenth Ground for Relief asserts a number of ways his trial counsel was ineffective during both the guilt phase and mitigation phase of his trial.  As Magistrate Judge Merz observed, most of the ways in which Petitioner alleges

that trial counsel was ineffective are subsumed and disposed of in other assignments of error.  For instance, Petitioner contends that trial counsel was ineffective for failing to adequately investigate evidence of racial bias by the prosecution and by failing to object to other acts evidence.  Nevertheless, in order to demonstrate ineffective assistance of counsel, Petitioner must show that but for counsel's deficient performance, the result of the proceeding would have been different.  <u>Washington v. Hofbauer</u>, 228 F.3d 689, 702 (6th Cir. 2000)(citing <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)).  The Court concurs with Magistrate Judge Merz's assessment that the state court did not improperly or unreasonably apply the <u>Strickland</u> standard in concluding that Petitioner's trial counsel was not ineffective. Moreover, proof of Petitioner's guilt was overwhelming, as was the evidence concerning the aggravating circumstances of the murders.  Therefore, Petitioner was not prejudiced by counsel's alleged deficient performance.  <u>Martin v. Mitchell</u>, 280 F.3d 594, 608-09 (6th Cir. 2002).

Accordingly, Petitioner has failed to make a substantial showing of the denial of a constitutional right on his Nineteenth Ground for Relief.  Therefore, Petitioner is not entitled to a certificate of appealability on this issue.

R. <u>Twenty-First Ground for Relief</u>

27

Petitioner's Twenty-First Ground for Relief argues that the trial court violated the Double Jeopardy Clause by sentencing him on both a felony-murder charge and the underlying substantive felony.  The argument has no merit.  Under Ohio law, the legislature intended to create separate offenses and impose separate punishment for aggravated robbery, aggravated burglary, and aggravated murder.  State v. Smith, 684 N.E.2d 668, 693-94 (Ohio 1997); State v. Bickerstaff, 461 N.E.2d 892, 895-96 (Ohio 1984).  Federal courts must defer to the Supreme Court of Ohio's determination that these are separate offenses.  Robertson v. Morgan, 227 F.3d 589, 594 (6th Cir. 2000).  Because these are separate offenses, there was no double jeopardy violation when Petitioner was sentenced for aggravated murder as well as the underlying offense.  Jones v. Thomas, 491 U.S. 376, 381 (1989)("[R]espondent's conviction of both felony murder and attempted robbery gave rise to a double jeopardy claim only because the Missouri Legislature did not intend to allow conviction and punishment for both felony murder and the underlying felony.")(emphasis in original).

Accordingly, Petitioner has failed to make a substantial showing of the denial of a constitutional right on his Twenty-First Ground for Relief.  Therefore, Petitioner is not entitled to a certificate of appealability on this issue.

S. Twenty-Second Ground for Relief

28

Petitioner's Twenty-Second Ground for Relief argues that the trial court erred by refusing to merge the aggravated robbery and aggravated burglary specifications with respect to the Wilkerson murder charge because they arose out of the same course of conduct, thus artificially inflating the number of aggravating circumstances in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments. Under Ohio law, however, aggravated burglary and aggravated robbery are separate and distinct aggravating circumstances and thus are not duplicative specifications. State v. Williams, 660 N.E.2d 724, 734 (Ohio 1996). Thus, the state courts did not artificially inflate the number of aggravating circumstances with respect to the Wilkerson aggravated murder charge.

Accordingly, Petitioner has failed to make a substantial showing of the denial of a constitutional right on his Twenty-Second Ground for Relief. Therefore, Petitioner is not entitled to a certificate of appealability on this issue.

## T. Twenty-Third Ground for Relief

Petitioner's Twenty-Third Ground for Relief argues that the trial court erred in refusing to correct the record to accurately reflect the time the panel returned from its deliberations. This assignment of error is related to Petitioner's contention that the panel spent insufficient time during on deliberations. Having already determined that there is

no constitutionally required minimum time the factfinder is required to spend on deliberations in a capital case, Petitioner cannot establish a denial of constitutional right with regard to his motion to correct the record. Moreover, Petitioner has not demonstrated in any fashion that the trial court's finding of fact regarding the time it returned from deliberations was not supported by the record.

Accordingly, Petitioner has failed to make a substantial showing of the denial of a constitutional right on his Twenty-Third Ground for Relief. Therefore, Petitioner is not entitled to a certificate of appealability on this issue.

### U. Twenty-Fifth Ground for Relief

Petitioner's Twenty-Fifth Ground for Relief argues that Ohio's death penalty scheme is unconstitutional. Sixth Circuit precedent is to the contrary. Greer v. Mitchell, 264 F.3d 663, 690 (6th Cir. 2001).

Accordingly, Petitioner has failed to make a substantial showing of the denial of a constitutional right on his Twenty-Fifth Ground for Relief. Therefore, Petitioner is not entitled to a certificate of appealability on this issue.

### V. Twenty-Eighth Ground for Relief

Petitioner's Twenty-Eighth Ground for Relief argues that he was denied effective assistance of counsel, due process, equal protection, an impartial tribunal, a reliable sentence, and

an adequate corrective process in the state post-conviction
relief proceedings.  Petitioner cannot collaterally attack the
state's post-conviction relief proceedings in a federal habeas
corpus proceeding.  <u>Greer</u>, 264 F.3d at 681; <u>Kirby v. Dutton</u>, 794
F.2d 245-48 (6th Cir. 1986).

Accordingly, Petitioner has failed to make a
substantial showing of the denial of a constitutional right on
his Twenty-Eighth Ground for Relief.  Therefore, Petitioner is
not entitled to a certificate of appealability on this issue.

## W. <u>Other Issues</u>

For the reasons state by Magistrate Judge Merz,
Petitioner is not entitled to a certificate of appealability on
his procedurally defaulted claims, the Court's denial of his
motion for discovery, motion for an evidentiary hearing, and
motion for an interlocutory appeal.

## <u>Conclusion</u>

Petitioner has failed to make a substantial showing of
the denial of a constitutional right on any of his grounds for
relief nor has he demonstrated that the issues presented warrant
encouragement to proceed further.  Thus, the Court will not issue
a certificate of appealability on any ground for relief raised by
Plaintiff in his motion.  Additionally, Petitioner is not
entitled to a certificate of appealability on his procedurally
defaulted claims, and the Court's denial of his motion for

discovery, motion for an evidentiary hearing, and motion for an interlocutory appeal the Court's.  Petitioner's motion for a certificate of appealability is not well-taken and is **DENIED.**

**IT IS SO ORDERED**


Date November 23, 2005                    s/Sandra S. Beckwith
                                    Sandra S. Beckwith, Chief Judge
                                       United States District Court