In The United States District Court
For The Southern District Of Ohio

| | | |
|---|---|---|
| Marvallous Keene, | ) | Case No. 1:00-CV-421 |
| | ) | |
| Petitioner, | ) | Judge Beckwith |
| | ) | |
| vs. | ) | Magistrate Judge Merz |
| | ) | |
| Betty Mitchell, Warden | ) | ***Death Penalty Case*** |
| | ) | |
| Respondent. | ) | |

_____

**Petitioner Keene's Motion for Relief Under
Federal Rule of Civil Procedure 60(b)**

_____

David H. Bodiker
Ohio Public Defender

Kelly L. Culshaw – 0066394
Supervisor, Death Penalty Division
**Lead counsel**

Pamela Prude-Smithers – 0062206
Supervisor, Death Penalty Division

Office of the Ohio Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio 43215-2998
Phone (614) 466-5394
Fax (614) 644-0708
Kelly.Culshaw@opd.state.oh.us
Pamela.Prude-Smithers@opd.state.oh.us

Counsel for Petitioner

# TABLE OF CONTENTS

I.      Summary of Argument.................................................................................1

II.     Statement of Facts.....................................................................................3

III.    Keene is entitled to relief under Fed. R. Civ. P. 60(b)(6)...........................3

IV.     Alternatively, Keene is entitled to relief under Fed. R. Civ. P. 60(b)(1). ....................6

V.      Keene does not seek "delay." ....................................................................8

VI.     Timeliness of Rule 60(b) motion. ..............................................................9

VII.    This is not a successor habeas petition.......................................................9

        A.      Gonzalez contradicts Post. ...........................................................9

        B.      § 2254(i) does not bar the relief sought........................................11

        C.      Williams v. Meyer is controlling authority....................................14

        D.      Constitutional basis for rejecting Post. .......................................16

        D.1     Duty to avoid constitutional questions.........................................16

        D.2     Due process right to qualified capital habeas counsel. .................17

        D.3     Denying an effective remedy for the denial of the
                right to counsel violates due process. ..........................................20

        D.4     Excluding habeas petitioners from relief from
                judgment based on their counsel's misconduct
                violates the equal protection component of the Fifth
                Amendment's Due Process Clause. ...............................................21

        D.5     Due process right to access the courts violated if
                remedy denied when counsel interferes with the right
                to access.....................................................................................23

        D.6     Suspension of the writ for claims defaulted by
                petitioner's counsels' misconduct.................................................24

VIII.   Conclusion.................................................................................................24

Certificate Of Service ........................................................................................25

*Request for Relief Under*
*Federal Rule of Civil Procedure 60(b)*

Petitioner Marvallous Keene requests that this Court grant him relief under Fed. R. Civ. P. 60(b).  Keene's previous counsel failed to file objections to the Magistrate Judge's Supplemental Report and Recommendation (R&R).  Keene is the victim of their failure, through no fault of his own. The resulting injustice is manifest:  Keene has lost the ability to appeal significant components of this Court's decision in the Sixth Circuit Court of Appeals.    This Court possesses the authority  and discretion to correct this injustice.  See Fuller v. Quire, 916 F.2d 358, 361 (6th Cir. 1990).

*Memorandum in Support*

**I.      Summary of Argument.**

Counsels' conduct warrants relief under Fed. R. Civ. P. 60(b)(6) as inexcusable neglect.  See Fuller v. Quire, 916 F.2d 358, 361 (6th Cir. 1990); United States v. Cirami, 563 F.2d 26, 34-35 (2nd Cir. 1977); L.P. Steuart, Inc. v. Matthews, 329 F.2d 234, 235-36 (D.C. Cir. 1964); O'Brien v. Ind. Dep't of Corr., 2004 U.S. Dist. LEXIS 10159 (S.D. Ind. Jun. 1, 2004).  Alternatively, relief is warranted under Fed. R. Civ. P. 60(b)(1) as excusable neglect.  Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394 (1993).  Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (quoting Pioneer, 507 U.S. at 395).

Keene disputes any argument that his Rule 60(b) motion is a successor habeas petition.  He argues that Post v. Bradshaw, 422 F.3d 419 (6th Cir. 2005), is inconsistent with the Supreme Court decision in Gonzalez v. Crosby,  __ U.S. __, 125 S.Ct. 2641 (2005).  Post was wrongly decided in that it misinterprets § 2254(i).  And, Post wholesale ignores  Williams v. Meyer, 346 F.3d 607 (6th Cir. 2003), a reported Sixth Circuit

decision, which granted Rule 60(b) relief for excusable neglect after counsel missed a filing deadline.

Keene also presents six constitutional arguments for rejecting <u>Post</u>.  First, finding that <u>Post</u>'s tortured read of § 2254(i) bars relief would violate this Court's duty to avoid constitutional questions.  <u>See</u> <u>Harris v. United States</u>, 536 U.S. 545, 555 (2002) (quoting <u>United States ex rel. Attorney Gen. v. Delaware & Hudson Co.</u>, 213 U.S. 366, 408 (1909)); <u>accord</u> <u>Jones v. United States</u>, 529 U.S. 848, 857 (2000); <u>United States v. Laton</u>, 352 F.3d 286, 306-07 (6th Cir. 2003).  Second, using <u>Post</u> to deny 60(b) relief deprives Keene of his due process right to qualified capital habeas counsel.  <u>See</u> <u>McFarland v. Scott</u>, 512 U.S. 849 (1994); <u>Woodford v. Garceau</u>, 538 U.S. 202, 209 (2003); 21 U.S.C. § 848(q)(4)(B).  Third, by refusing to remedy the error presented, this Court would be denying an effective remedy to address the denial of the right to counsel in violation of the Due Process Clause.  <u>See</u> <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976).  Fourth, the Equal Protection Clause is violated if Keene, a capital habeas petitioner, is denied redress for his attorneys' failures, redress that would be available to every other civil litigant. <u>See</u> <u>Sullivan v. Coca-Cola Bottling Co.</u>, 2003 U.S. Dist. LEXIS 4195 (S.D. Ohio Feb. 28, 2003); <u>Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assocs.</u>, 1999 U.S. App. LEXIS 1227 (6th Cir. Jan. 26, 1999)(unreported).  Fifth, Keene's right to access to the courts is violated if a remedy is not afforded when his attorney interferes with his access.  <u>See</u> <u>Ross v. Moffitt</u>, 417 U.S. 600, 616 (1974); <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996); <u>Wolff v. McDonnell</u>, 418 U.S. 539, 577-80 (1974).  And, finally,  the writ would be suspended if Keene's right to object is defaulted.  <u>See</u>  U.S. const. Art. I, § 9

Keene asks the Court to vacate or suspend its November 23, 2005 final judgment, and to reopen the time for him to object to the Magistrate Judge's Supplemental R&R. Keene requests thirty days to file his objections. Granting this motion would serve the interests of justice; the short time will ensure Respondent is not unduly prejudiced.

## II.      Statement of Facts.

Keene filed a habeas petition in May 2000, including some thirty claims of error. The Magistrate Judge issued his first R&R on August 24, 2004, to which counsel objected.   The Magistrate Judge issued a supplemental R&R on February 5, 2005 addressing Keene's earlier objections.   Keene's counsel requested two extensions of time, but ultimately failed to file objections to the Supplemental R&R.

On September 26, 2005, counsel filed an instanter motion requesting the opportunity to object to the Supplemental R&R. The Magistrate Judge recommended denial, and this Court agreed.  In particular, this Court relied on counsels' failure to take advantage of the extensions granted.  (Dkt. 121, p.5)  And then, counsel waited some five months to file objections.  (Id.)  This Court found no good cause for counsels' "dilatory conduct," and denied Keene's motion for leave to file objections.  (Id.)

## III.     Keene is entitled to relief under Fed. R. Civ. P. 60(b)(6).

Federal Rule of Civil Procedure 60(b) delineates when a district court may vacate a final judgment.  Rule 60(b)(6) is reserved for "other reasons justifying relief from the operation of judgment."  Inexcusable or gross neglect can constitute just such a reason. See Fuller, 916 F.2d at 361; Cirami, 563 F.2d at 34-35; L.P. Steuart, Inc., 329 F.2d at 235-36.   Rule 60(b)(6) is reserved for exceptional situations.   Keene's capital case presents such an exceptional situation.

3

Prior counsel failed to familiarize themselves with the rules of this Court. They failed to file necessary objections, despite the grant of two extensions of time. Then, counsel waited five months before requesting relief from the harm caused by their failure.

Keene bears no fault for these failures. Counsel failed to keep him up to date on his case. (Ex. 1). They met with him only once in person. (Id.). They failed to regularly correspond with him. Counsel failed to advise him of the Supplemental R&R. (Id.) They did not advise Keene of the two requested extensions. (Id.). And, they did not inform Keene that they decided not to file objections. (Id.) He could do little to ensure his attorneys were doing their job when they failed to advise him of developments in his case.

Failures such as this are not unprecedented. O'Brien v. Ind. Dep't of Corr., 2004 U.S. Dist. LEXIS 10159, is instructive. In O'Brien, a prison inmate filed suit against the prison. The court ordered an amended complaint because of defects in the original. Despite five extensions of time, O'Brien's attorney failed to file and the Court dismissed the complaint. 2004 U.S. Dist. LEXIS 10159 at *2. In a subsequent appeal, the court vacated judgment because of inexcusable neglect under Rule 60(b)(6). Id. at *10.

The reasoning in O'Brien applies here. As in O'Brien, Keene is unable to explain the conduct of his attorneys, as the record is void of any explanation for their failure to familiarize themselves with the rules of this Court. See O'Brien, at *5. Also like O'Brien, the general rule restricting 60(b)(1) relief from cases of inexcusable negligence does not apply to Keene — a malpractice suit will do him no good. Id. at *7 He will be executed. Money cannot remedy this error. And, like the petitioner in O'Brien, Keene "is incarcerated and has only limited abilities to protect his interests." Id.

Counsels' failures are solely attributable to counsel.  Keene in no way contributed to counsels' failures.  Indeed, he was never informed of the Supplemental R&R, counsels' two requests for extension of time, or their ultimate decision not to object.  (Id.).  Rather, this was purely a product of counsels' neglect.  As counsel notes at Docket 116-1, "[u]ndersigned counsel was unaware at the time the decision was made not to file objections to the supplemental report of the General Order of Reassignment and Reference in Dayton of September 13, 2003, indicating that Magistrate Judges are permitted to *sua sponte* enter supplemental reports and recommendations."  (Dkt. 116-1, p. 3)  Counsel believed that additional objections were not required.  (Id.)

Despite counsels' assertion, on at least one other occasion counsel did file objections to a supplemental R&R issued by Magistrate Judge Merz.  (See Dkt. 54).  And, they requested, and received, two extensions of time to file objections to the Supplemental R&R at issue here.  (See Dkt. 105, 106; see also Dkt. 118, p. 2)  Moreover, as the Magistrate Judge pointed out, counsel were explicitly advised of the obligation to object by the "Notice Regarding Objections" appended to his supplemental R&R.  (See Dkt. 118, pp. 2-3).  While counsel asserts they were unaware of the need to object, the record suggests differently.

Counsels' failure had significant and compelling ramifications.  Keene's right to appeal significant components of this Court's final order have been stripped.  No knowing, intelligent, and voluntary waiver occurred with respect to these rights.  Johnson v. Zerbst, 304 U.S. 458, 463 (1938).  Counsels' failure to object is inexcusable neglect.  Alternatively, counsels' failure to file objections they knew were necessary to

ensure Keene's appellate rights was inexcusable neglect.  Under either theory, Keene is entitled to relief under 60(b)(6).

**IV.     Alternatively, Keene is entitled to relief under Fed. R. Civ. P. 60(b)(1).**

If counsels' failure was not gross and inexcusable neglect, then it must be considered a mistake, inadvertence, or excusable neglect.  Under these circumstances, counsels' inaction entitles Keene to relief under 60(b)(1).

Keene's counsel made a serious mistake in failing to object to the Magistrate Judge's Supplemental R&R.  Fed. R. Civ. P. 60(b)(1) applies in situations where "the judgment is taken against the party through *his* mistake." <u>See</u> Advisory Committee Notes (emphasis in original).  And, Fed. R. Civ. P. 60(b)(1) includes "the mistake or neglect of others which may be just as material and call just as much for supervisory jurisdiction." <u>See</u> <u>id.</u> Counsels' failure to object was material, and it will preclude Keene from appealing significant components of this Court's final order.   While Keene asserts counsels' failure is inexcusable neglect, under the totality of the circumstances, their failure could constitute "excusable neglect" under Rule 60(b)(1).

Counsel believed that "additional arguments raised in the supplemental report were simply that, additional arguments supporting the earlier Report and Recommendations (to which Petitioner filed objections (Doc. No. 99)) and a filing to which no additional objections were required, should not work to the detriment of Petitioner."  (Dkt. 116-1, p. 3)  Counsel offered the affidavit of the Chief Counsel of the Death Penalty Division of the Ohio Public Defender, who indicated that he was unfamiliar with this Court's General Order.  (Dkt. 119-2, p. 2)  Moreover, the Chief Counsel expressed "some doubt as to whether the General Order on Assignment and

Reference operates as a proper and appropriate 'blanket' recommital under the Magistrate's act because, for among other reasons, the Magistrate's Act requires that the matters be referred 'with instructions,' and the General Order does not provide any instructions." (Id.)  While counsel should have familiarized themselves with the rules of this Court, the Chief Counsel's affidavit suggests that their failure was not intentional malfeasance, but rather due to mistake, inadvertence, or excusable neglect.

Counsels' failure constitutes the type of mistake and neglect that merit Rule 60(b)(1) relief.  "Excusable neglect" covers negligence on the part of counsel.  Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394 (1993).  A determination of whether neglect is, in fact, excusable "is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (quoting Pioneer, 507 U.S. at 395).

Granting Rule 60(b) relief will not prejudice Respondent.  Keene does not ask to present new issues, he merely asks for the opportunity to object to the Magistrate Judge's Supplemental R&R.  The length of delay will be minimal as undersigned counsel asks for only thirty days from the grant of this motion to file objections.  The delay resulted solely from counsels' failures.  Finally, there can be no doubt that Keene himself acted in good faith; this error is solely attributed to prior counsel. (See Ex. 1).  The Pioneer factors weigh in Keene's favor.

Under Rule 60(b)(1), attorney error does not preclude relief, especially if the attorneys did not act in bad faith.  See Bateman, 231 F.3d at 1225; Walter v. Blue Cross

7

& Blue Shield United, 181 F.3d 1198, 1202 (11th Cir. 1999). "Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2nd Cir. 1986). See also Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981) ("the rule should be liberally construed in order to do substantial justice.") Allowing Keene to object to the Magistrate Judge's Supplemental R&R will serve the interests of justice.

Through no fault of his own, Keene lost a critical opportunity to object. Granting his Rule 60(b) motion will serve the interests of justice by allowing him to finally present objections and preserve issues for appeal to the Sixth Circuit Court of Appeals. This Court denied former counsels' instanter request to object to the Supplemental R&R. Rule 60(b) is the only avenue by which to obtain this relief.

## V.      Keene does not seek "delay."

The case is now in the Sixth Circuit. Keene has filed a notice of intent to file a Certificate of Appealability on June 21, 2006. It is likely that the objections will be completed before Keene must file his application.

This motion is not a delay tactic. Keene simply seeks to object to the Magistrate Judge's Supplemental R&R – a right that his prior attorneys forfeited, without Keene's consent via a knowing, intelligent, and voluntary waiver. Johnson, 304 U.S. at 463. The relief requested would not cause any great delay or significant prejudice to the Respondent. If this Court allows Keene to file his objections, he seeks only 30 days in which to do so. Allowing for Respondent's response, this Court could then either reinstate its final judgment on the merits or alter its judgment prior to June 2006.

The ability to object could alter this Court's decision on the merits of Keene's habeas petition. At a minimum, however, it will enable Keene to appeal issues he deems appropriate to the Sixth Circuit Court of Appeals.

Since this is a capital case, it is particularly important that the balancing "between serving the ends of justice and preserving the finality of judgments" weigh in Keene's favor. See Nemaizer, 793 F.2d at 61. Capital cases demand heightened standards of reliability because of the unique severity and finality of the death penalty. Beck v. Alabama, 447 U.S. 625 (1980); Andres v. United States, 333 U.S. 740, 752 (1948) ("[i]n death cases, doubts … should be resolved in favor of the accused"). Those heightened standards apply here; it would be an injustice to deny Keene the ability to object, and ultimately to appeal all relevant issues, merely because his counsel neglected to do so.

## VI.    Timeliness of Rule 60(b) motion.

Keene's request for 60(b) relief is timely made under both (b)(6) and (b)(1). Under (b)(6), a request for relief from judgment must be filed "within a reasonable time." Fed. R. Civ. P. 60(b)(6). A party must file a (b)(1) motion "not more than one year after the judgment, order, or proceeding was entered or taken." This Court issued its final order on November 23, 2005. And, current counsel only recently received this case. This court entered its final judgment on November 23, 2005. Keene's motion is timely.

## VII.   This is not a successor habeas petition.

### A.    Gonzalez contradicts Post.

The Sixth Circuit Court of Appeals held in Post v. Bradshaw, 422 F.3d 419 (6th Cir. 2005), that 28 U.S.C. § 2254(i) bars all Rule 60(b) relief for movants who target their own counsel's conduct. Id. at 423. That decisions suggest this Court cannot remedy

counsels' failures through a Rule 60(b) motion.  However,  Gonzalez v. Crosby, __ U.S. __, 125 S.Ct. 2641 (2005), contradicts the Post decision.

Gonzalez held that "Rule 60(b) has an unquestionably valid role to play in habeas cases."  ___ U.S. at ____, 125 S.Ct. at 2649.  Had Gonzalez meant to exclude from Rule 60(b)'s reach the conduct of habeas counsel in every instance, Justice Scalia, who authored the majority opinion, most certainly would have said so. But, he did not. Instead, Justice Scalia discusses the interplay of the AEDPA and Rule 60(b) without once mentioning § 2254(i).  Justice Scalia, in a footnote, indicates that an attack "based on … his habeas counsel's omissions," will "ordinarily" be a successor petition.  Gonzalez, __ U.S. ___, 125 S. Ct. at 2648, n.5.  If Gonzalez meant to preclude all Rule 60(b) relief based on the conduct of petitioner's counsel, this would have been the place to cite to § 2254(i).  Gonzalez contemplates relief (although not "ordinary") based on petitioner's counsel's conduct.

Keene presents such an unusual case.  Counsels' failures relinquished Keene's right to appeal significant aspects of this Court's decision.  Counsels' inaction, despite this Court's grant of two extensions was an abdication of their duty to Keene.  It deprived Keene of his fundamental right to appeal, a waiver that should be knowingly, intelligently, and voluntarily made by Keene personally.  Johnson, 304 U.S. at 463.  § 2254(i) cannot deny a remedy for such egregious conduct in  capital habeas actions.

Both by what it said, and by what it did not say, the Gonzalez Court  rejects Post's analysis.  Gonzalez never mentioned § 2254(i).  The only restriction it imposed was that Rule 60(b) relief must be denied if the motion operates as a successor habeas petition, and a motion challenging "only the District Court's failure to reach the merits does not

warrant such treatment." <u>Gonzalez</u>, __ U.S. __, 125 S.Ct. at 2651. Keene's Rule 60(b)

motion does not "assert, or reassert, claims of error in [his] state conviction"; therefore,

this Court should reach the merits of this motion.

**B.      § 2254(i) does not bar the relief sought.**

<u>Post</u> incorrectly construed 28 U.S.C. § 2254(i) to bar Rule 60(b) relief for habeas

petitioners targeting their own counsel's misconduct. It reached this conclusion by

stretching the meaning of "relief" far more broadly than justified by the text of this

subsection, and by the context of all the changes effected by the AEDPA. The language

in § 2254(i) does not apply where the movant seeks relief from the federal judgment, not

from the state conviction. Keene's Rule 60(b) motion does not advance a ground for

relief from his conviction. Keene instead seeks relief from the federal judgment that

found his objections to the Magistrate Judge's Supplemental R&R defaulted, and

ultimately his right to appeal all components of this Court's decision. If Keene's motion

is granted, he would have a chance to object to that report; but he would not gain relief

from his state capital conviction. Thus, this Court should not deny his motion because it

does not seek the relief prohibited by § 2254(i).

Despite this controlling distinction, <u>Post</u> said that the word "relief" in § 2254(i)

barred any remedy related to conduct of collateral-litigation counsel, saying that a

contrary interpretation "renders [2254(i)] entirely superfluous." <u>Post</u>, 422 F.3d at 423

n.1. That analysis strains against the fact that Congress commonly codifies principles

already announced by the Supreme Court. Thus, if <u>Post</u>'s logic were correct, then either

Congress could no longer codify court-created law. Or, courts would be required to

infuse such statutes with a contrary meaning, just as <u>Post</u> needlessly strained to expansively define "relief."

This Court should read § 2254(i) as statutory language embodying the court-created rule that habeas relief from a state conviction cannot arise from errors assigned to counsel engaged in collateral attacks on a criminal conviction – that is, in litigation where a convicted criminal has no Sixth Amendment right to counsel.  <u>See</u> <u>Ross v. Moffitt</u>, 417 U.S. 600, 616 (1974); <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 556 (1987); <u>Murray v. Giarratano</u>, 492 U.S. 1, 7-8 (1989).  Reading § 2254(i) as broadly as <u>Post</u> does (<i>i.e.</i>, to do more than merely restate existing law) invites constitutional questions that can easily be avoided by reading § 2254(i) as one of the provisions of the AEDPA wherein Congress enacted statutory language that tracked pre-existing doctrines announced in Supreme Court decisions.

The Court's discussion in <u>Williams v. Taylor</u>, 529 U.S. 420 (2000), about how the AEDPA's language in 28 U.S.C. § 2254(e)(2) codified the pre-existing rule announced in <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 11 (1992), illustrates the analysis that <u>Post</u> should have applied to § 2254(i):  "When the words of the Court are used in a later statute governing the same subject matter, it is respectful of Congress and of the Court's own processes to give the words the same meaning in the absence of specific direction to the contrary."  <u>Williams</u>, 529 U.S. at 434 (citing <u>Lorillard, Div. of Loews Theatres, Inc. v. Pons</u>, 434 U.S. 575, 581 (1978)).  <u>Lorillard</u> said:  "Where . . . Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute."  <u>Lorillard</u>, 434 U.S. at 581.   Similarly, in <u>Miller-El v. Cockrell</u>, 537

U.S. 322 (2003), the Court said that, "[b]y enacting AEDPA, using the specific standards the Court had elaborated earlier for the threshold test [for a habeas appeal], Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337. Accord Slack v. McDaniel, 529 U.S. 473, 483 (2000) ("Except for substituting the word 'constitutional' for the word 'federal,' the present § 2253 is a codification of the CPC standard announced in Barefoot v. Estelle, 463 U.S. 880, 894 (1983)").

Had Congress intended to scrap Rule 60(b)'s application to situations like Keene's, it would have and should have made that explicit in the AEDPA. No such explicit language exists in the statutes to justify Post's interpretation of § 2254(i). The AEDPA says nothing about Rule 60(b), or its use in habeas corpus proceedings. Neither does the legislative history published in connection with the law. This is true even though: Rule 60(b) was in effect and in use for over a half-century by the time AEDPA was adopted; the Rule's application to habeas corpus proceedings was well developed when the AEDPA was adopted; and it is presumed that Congress legislates with knowledge of existing case law governing the subject. See Whitfield v. United States, 125 S. Ct. 687, 688 (2005) (Congress is presumed to have knowledge of existing law when enacting relevant legislation); accord International Union, United Auto., Aero. & Agric. Implement Workers, Local 737 v. Auto Glass Emples. Fed. Credit Union, 72 F.3d 1243, 1248 (6th Cir. 1996), cert. denied, 519 U.S. 814 (1996). The presumption is confirmed since Congress demonstrated its awareness of existing rules by choosing to amend one, while not amending others. See AEDPA of 1996, Pub. L. No. 104-132, 110 Stat. 1214 § 103 (amending Federal Rule of Appellate Procedure 22). These

circumstances invoke recognized rules of statutory construction that strongly disfavor relying on congressional silence to repeal existing legislation. See United States v. Wells, 519 U.S. 482, 496 (1997) (citing NLRB v. Plasterers' Local Union No. 79, 404 U.S. 116, 129-30 (1971)).

Moreover, Post's construction of § 2254(i) also means that Congress silently voided 21 U.S.C. § 848(q), which requires the appointment of qualified counsel for indigent capital habeas petitioners. If § 2254(i) bars any remedy when appointed counsel abdicate their duty to represent a capital habeas client, then it voids § 848(q) because there can be no viable right without an effective remedy.

Post improperly concluded that § 2254(i) silently repealed 21 U.S.C. § 848(q)(4)(B) and the application of Rule 60(b) to habeas cases where petitioners claim that they are entitled to relief based on their own counsel's misconduct. Overall, both the rationale of Gonzalez, and the AEDPA when read in its entirety, contradict Post's unjustifiable interpretation of § 2254(i). § 2254(i) does not bar this Court from reviewing the merits of Keene's Rule 60(b) motion.

**C.     Williams v. Meyer is controlling authority.**

Keene's contention that Post is wrongly decided raises the question of whether this Court is bound by Post. It would seem at first blush that this Court must follow Post per the dictates of Sixth Circuit Rule 206(c). However, this Court is free to ignore Post and follow instead the reported panel decision in Williams v. Meyer, 346 F.3d 607 (6th Cir. 2003).

Based on the petitioner's counsel's conduct, Williams reversed a decision that had denied Rule 60(b) relief in a habeas case. Like Post, the conduct in question was charged

as neglect (excusable neglect in <u>Williams</u>, inexcusable neglect in <u>Post</u>) when petitioner's counsel failed to meet a deadline for filing objections to a Report and Recommendations that denied relief on the merits.    <u>Id.</u> at 613.    The lower court adopted the Recommendations and denied habeas relief on the merits. <u>Id.</u> at 612. The court then denied petitioner's Rule 60(b) motion.    <u>Id.</u>    In that motion, petitioner explained how personal and professional matters caused counsel to miss the deadline, which constituted "excusable neglect" for Rule 60(b) relief from the federal judgment that denied petitioner's habeas claims.    <u>Id.</u>

A panel of the Sixth Circuit reversed without referring to § 2254(i), much less using it the way <u>Post</u> did to bar any relief related to petitioner's counsel's conduct. <u>Williams</u> analyzed the Rule 60(b) motion from the perspective of when it is appropriate to set aside a default judgment under 60(b)(1), likening the fact that counsel missed the objections deadline to cases where no answer is filed to a civil complaint resulting in a default judgment.  <u>Id.</u> at 613

<u>Post</u> never mentions <u>Williams</u>.  Because one panel of the Sixth Circuit cannot overrule another, <u>Williams</u> remains good law.[1]  The Law of the Circuit doctrine disfavors overruling cases by implication.  <u>Cooper v. MRM Inv. Co.</u>, 367 F.3d 493, 507 (6th Cir. 2004).  "Under the law-of-the-circuit doctrine, only the Court sitting en banc may overrule published circuit precedent, absent an intervening Supreme Court decision or a change in the applicable law."  <u>Id.</u> (citations omitted).  Absent these circumstances, finding that one panel decision overruled an earlier decision by implication is disfavored.

---

[1]    A panel of this Circuit recently relied on <u>Williams</u> as authority for reversing the denial of a Rule 60(b)(1) motion seeking relief from a default judgment in a non-habeas case.  <u>Burrell v. Henderson</u>, 434 F.3d 826 (6th Cir. 2006), recommended for full text publication.

Id. (citations omitted). Rather, inconsistent opinions will, when possible, be distinguished instead of finding "overruling by implication." Id. (citations omitted).

This Court should distinguish or ignore Post and follow Williams. Under Williams, Rule 60(b) relief is warranted for counsel's excusable neglect; therefore, it must be warranted here.

## D.    Constitutional basis for rejecting Post.

Interpreting § 2254(i) to bar Rule 60(b) relief from judgment for all reasons related to the acts or omissions of habeas petitioners' counsel violates (1) Keene's due process right to qualified legal counsel for indigent capital habeas petitioners; (2) Keene's right not to be denied counsel without due process of law; (3) Keene's right to equal treatment with respect to the availability of a remedy for the violation of his constitutional and statutory right to appointed counsel; and (4) Keene's due process right to access the courts. Additionally, denying a remedy when capital petitioner's habeas counsel blocks merits review of habeas claims suspends the writ for the defaulted claims in violation of the Constitution. These constitutional rights entitle Keene to a merits review of his Rule 60(b) motion, and to relief from the federal judgment found that his right to object defaulted, and thus his right to appeal waived.

## D.1    Duty to avoid constitutional questions.

Keene has demonstrated above how this Court can avoid constitutional questions in Keene's circumstances by construing § 2254(i) as the codification of pre-existing Court-created law. This Court has a duty to avoid these constitutional questions. "[W]hen a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our

duty is to adopt the latter." <u>Harris v. United States</u>, 536 U.S. 545, 555 (2002) (quoting

<u>United States ex rel. Attorney Gen. v. Delaware & Hudson Co.</u>, 213 U.S. 366, 408

(1909)); <u>accord</u> <u>Jones v. United States</u>, 529 U.S. 848, 857 (2000); <u>United States v. Laton</u>,

352 F.3d 286, 306-07 (6th Cir. 2003).

    In the habeas context, the Court has avoided constitutional questions by

interpreting what seemed to be plain language in the AEDPA in ways that avoided grave

and doubtful constitutional questions.   <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000)

(recognizing the right to a COA even though the order denied habeas relief on procedural

grounds that, on their face, did not raise constitutional questions); <u>Felker v. Turpin</u>, 518

U.S. 651 (1996) (holding that the AEDPA's restriction on the Court's jurisdiction to

review denials of successor applications did not strip the Court of its jurisdiction to

adjudicate original writs); and <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637 (1998)

(holding that the AEDPA's successor restrictions do not apply to a successor petition

raising a <u>Ford</u> claim where the same claim in the first petition did not receive a merits

ruling).  This Court should follow suit by deciding that Keene's Rule 60(b) motion merits

relief.

**D.2    Due process right to qualified capital habeas counsel.**

    Constitutional due process dimensions to Keene's right to appointed capital

habeas counsel are violated should this Court use <u>Post</u> to deny Keene's Rule 60(b)

motion.  Keene has due process rights to appointed counsel who function like advocates.

And Keene has due process protections against the arbitrary and complete denial of a

remedy when his counsel abdicated their duty to object and preserve his right to appeal.

Interpreting § 2254(i) to preclude relief based on misconduct of one's own counsel renders meaningless the requirement of appointing qualified counsel for indigent capital habeas petitioners.  21 U.S.C. § 848(q).  In <u>McFarland v. Scott</u>, 512 U.S. 849 (1994), the Court said "Congress' provision of a right to counsel under § 848 (q)(4)(B) reflects a determination that ***quality legal representation is necessary in capital habeas corpus proceedings*** in light of 'the seriousness of the possible penalty and . . . the unique and complex nature of the litigation.' § 848(q)(7)." <u>Id.</u> at 855 (emphasis added).  Making a habeas petitioner proceed without counsel exposes the petitioner to the risk that claims will never be heard on the merits; therefore, courts must "protect the right to counsel contained in 21 U.S.C. § 848(q)(4)(B)."   <u>Woodford v. Garceau</u>, 538 U.S. 202, 209 (2003).

Although not mandated by the Sixth Amendment, once a statutory right to appointed counsel in capital habeas is granted, the Due Process Clause requires that the legal assistance provided must meet some minimal threshold of competence and honesty to constitute counsel in our adversarial system.  Counsel must provide something more than a warm body in capital habeas litigation.  <u>See</u> <u>generally</u> <u>Ohio Adult Parole Auth. v. Woodard</u>, 523 U.S. 272 (1998) (five Justices recognized a distinct "life" interest protected by the Due Process Clause in capital cases above and beyond liberty and property interests).  Death is different; for that reason more process is due, not less.  <u>See</u> <u>Lockett v. Ohio</u>, 438 U.S. 586 (1978); <u>Woodson v. North Carolina</u>, 428 U.S. 280 (1976).  Here, these fundamental principles mean that Keene had a due process right to a diligent advocate during his habeas proceedings.

Keene's situation with respect to appointed habeas counsel is comparable to those for whom appellate counsel is appointed in state court.  The Constitution does not require the states to provide a direct appeal for anyone, <u>Halbert v. Michigan</u>, __ U.S. __, 125 S. Ct. 2582, 2286 (2005) (citing <u>McKane v. Durston</u>, 153 U.S. 684, 687 (1894)).  But once a right of first appeal is granted, the constitution requires the provision of counsel to those unable to retain their own because, without counsel, the right of appeal is essentially meaningless.  <u>Douglas v. California</u>, 372 U.S. 353 (1963).  Likewise, the constitution does not require the appointment of counsel for indigent capital habeas petitioners; but once the government creates a statutory right to counsel, the equal protection and due process rights in the Fifth Amendment forbid imposing rules that eviscerate a meaningful right to counsel.

Supreme Court decisions in the area of meaningful access to appellate courts reflect "both equal protection and due process concerns . . . .  The equal protection concern relates to the legitimacy of fencing out would-be appellants based solely on their inability to pay core costs.  . . .  The due process concern hones in on the essential fairness of the state-ordered proceedings . . . ."  <u>M.L.B. v. S.L.J.</u>, 519 U.S. 102, 120 (1996); <u>see</u> <u>also</u> <u>Evitts v. Lucey</u>, 469 U.S. 387, 405 (1985).  The state-ordered proceeding is rendered fundamentally unreliable and unfair if counsel fails to function as an advocate for the appellant.

So too here, the federal capital habeas proceeding is rendered fundamentally unreliable and unfair when counsel fails to function as an advocate, ultimately failing to take steps, which harms counsel's habeas client.  Ours is an adversarial system based on the long-proven premise that justice is served when honest and competent adversaries

wage battle before neutral judges. <u>Penson v. Ohio</u>, 488 U.S. 75, 84 (1988); <u>Herring v. New York</u>, 422 U.S. 853, 862 (1975). When one half of the adversarial equation is crippled, the process is rendered constitutionally unfair for the injured party, and the outcome is rendered unreliable for the court and all those with an interest in the integrity of capital cases.

Keene's statutory right to the appointment of qualified habeas counsel includes at least minimal due process rights requiring counsel to function as Keene's advocate. This right was violated when Keene's counsel neglected to object to the Supplemental R&R, which resulted in the default of Keene's objections, and a waiver of his right to appeal significant portions of this Court's decision.

**D.3     Denying an effective remedy for the denial of the right to counsel violates due process.**

Interpreting § 2254(i) to deny a remedy for the type of conduct Keene's counsel engaged in is equal to denying him counsel altogether. Without a viable remedy, there is no meaningful right.

Keene's right to counsel cannot be deprived absent compliance with the standards set forth in <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976). <u>Mathews</u> requires consideration of three factors — 1) the private interest affected by the official action; 2) the risk of erroneous deprivation of that interest through the procedures used 3) the probable value of additional/substitute safeguards; and 4) the Government's interest effected by the additional or substitute procedural requirement would entail. <u>Id.</u> at 335.

Under <u>Mathews</u>' first factor, the private interest is Keene's interest in diligent and competent counsel to help him navigate through capital habeas law in order to vindicate his claimed constitutional violations in state court.

Under the second factor, using § 2254(i) to completely bar any remedy for the deprivation of this right to counsel guarantees erroneous results. It denies a review of the merits of any Rule 60(b) motion based on the misconduct of petitioner's counsel. Neither the federal nor state government has a valid interest in erroneous capital convictions. Permitting the use of Rule 60(b) to remedy the deprivation of the right to counsel adds a necessary procedural safeguard against erroneously denying qualified counsel for capital habeas petitioners.

Finally, under <u>Mathews</u>' third factor, allowing the use of Rule 60(b) in Keene's circumstances advances the federal government's interest in ensuring that full and fair habeas review either corrects constitutional violations in state courts, or confirms that the state court capital conviction comports with constitutional requirements. No governmental interest outweighs Keene's interest in having diligent and competent counsel advance his claims. Any administrative or fiscal burdens borne by the government during the Rule 60(b) corrective process pale in comparison to the price paid by the execution of person whose conviction was obtained in violation of the constitution.

**D.4    Excluding habeas petitioners from relief from judgment based on their counsel's misconduct violates the equal protection component of the Fifth Amendment's Due Process Clause.**

Keene's counsels' conduct was egregious. His rights under the equal protection component of the Due Process Clause are violated by construing § 2254(i) to bar Rule 60(b) relief when it would be available to similarly situated non-habeas movants.

Applying <u>Post</u> and § 2254(i) to bar Rule 60(b) relief in Keene's circumstances violates his constitutional right to be treated fairly and equally as compared to all other civil litigants who face no such categorical bar to relief when they use Rule 60(b) to

target their counsel's misconduct.  Poor representation alone may not merit 60(b) relief.

See, e.g., United States v. Real Property Known and Numbered as 429 South Main

Street, New Lexington, Ohio, 906 F. Supp. 1155, 1163 (S.D. Ohio 1995).  Egregious

behavior merits relief.  See, e.g., Sullivan v. Coca-Cola Bottling Co., 2003 U.S. Dist.

LEXIS 4195 (S.D. Ohio Feb. 28, 2003) (plaintiff entitled to relief under 60(b)(6) based

on her own counsel's conduct, including counsel's failure to appear at a pretrial

conference, failure to respond to an order to show cause why plaintiff's case should not

be dismissed, and counsel's lack of response to any of plaintiff's repeated attempts to

contact him); Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assocs., 1999

U.S. App. LEXIS 1227 (6th Cir. Jan. 26, 1999)(unreported) (defendants' attorney's gross

negligence constituted exceptional circumstances that merited Rule 60(b)(6) relief);

Cirami, 563 F.2d at 32 (burden under Rule 60(b) extraordinary circumstances met due to

counsel's failure to work on case, confer with witnesses and former counsel, and  mental

illness episodes).

     Using § 2254(i) to deny Keene's Rule 60(b) relief constitutes unequal treatment

by denying him a remedy otherwise available to non-habeas litigants harmed by their

own counsel's misconduct, and by arbitrarily removing counsel's misconduct from the

other types of misconduct that merit Rule 60(b) relief.  Keene's life and liberty interests

are at stake in his capital habeas proceedings.  These interests invoke "strict scrutiny"

review of using § 2254(i) to bar Rule 60(b) relief.

     Under strict scrutiny, the government must prove that the classification is a

"narrowly tailored measure[] that further[s a] compelling governmental interest[]."

Adarand Constructors v. Pena, 515 U.S. 200, 227 (1995).  Using § 2254(i) to bar only

habeas petitioners, among all other litigants, from using Rule 60(b) to get relief from judgment based on their counsel's misconduct may be narrowly tailored, but it most certainly does not serve a valid, much less a compelling, governmental interest. Absent a valid government interest, <u>Post</u>'s construction of § 2254(i) operates to deny equal protection even when subjected to the "rational basis" analysis.

To be sure, the federal government has a valid interest in avoiding unjustified disruptions of state criminal convictions. But that does not translate into a valid interest in insulating federal judgments corrupted by petitioner's counsel's negligent conduct. The government has no valid interest in endorsing opposing counsel's negligence by way of denying a remedy for this type of neglect.

**D.5     Due process right to access the courts violated if remedy denied when counsel interferes with the right to access.**

Capital habeas petitioners must have diligent advocates to represent their interests; otherwise, they would suffer society's irremediable punishment without any meaningful ability to access the court. The negligent conduct by Keene's counsel operated to deny Keene his constitutional right to access the courts.

Prisoners like Keene have a constitutional right of access to the courts. This right rests in the Fourteenth Amendment's guarantee of procedural and substantive due process. <u>See</u> <u>Jackson v. Procunier</u>, 789 F.2d 307, 310-11 (5th Cir. 1986); <u>Green v. Warden, U.S. Penitentiary</u>, 699 F.2d 364, 369 (7th Cir. 1983); <u>Smith v. Maschner</u>, 899 F.2d 940, 947 (10th Cir. 1990). States must "assure the indigent defendant an adequate opportunity to present his claims fairly." <u>Ross v. Moffitt</u>, 417 U.S. 600, 616 (1974)). States must also "enable the prisoner to discover grievances, and to *litigate effectively once in court*." <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996) (citing <u>Bounds</u>, 430 U.S. at

825-26 and n.14). The right of access is applicable to civil and criminal matters. <u>Wolff v.</u> <u>McDonnell</u>, 418 U.S. 539, 577-80 (1974). No less is true when federal courts appoint counsel for indigent capital habeas petitioners like Keene.

Keene's constitutional right to access was violated when appointed counsels' failures blocked Keene's meaningful access to the courts. This led to a final order finding his objections defaulted and stripping him of the right to appeal several aspects of this Court's final order. This Court cannot apply <u>Post</u> and § 2254(i) to categorically block Keene from any remedy for the wrongs done to him by his counsel.

**D.6    Suspension of the writ for claims defaulted by petitioner's counsels' misconduct.**

Keene's counsel's failures resulted in the default of his objections to the Magistrate Judge's Supplemental R&R, without a competent attempt by counsel to gain a merits review of those claims. Construing § 2254(i) to bar relief for a Rule 60(b) motion in Keene's circumstances suspends the writ for the defaulted claims in violation of Article I, § 9 of the Constitution ("The Privilege of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it.").

**VIII.    Conclusion.**

Marvallous Keene is entitled to relief under Fed. R. Civ. P. 60(b). This Court should reopen the time for objections, permitting to Keene to object to the Magistrate Judge's Supplemental R&R. By failing to object, Keene's counsel grossly and inexcusably neglected Keene's case. Minimally, counsel acted by mistake or inadvertence. Whether relief falls under 60(b)(1) or (6), Rule 60(b) relief is warranted.

Respectfully submitted,

David H. Bodiker
Ohio Public Defender

S/Kelly L. Culshaw – 0066394
Supervisor, Death Penalty Division
**Lead counsel**

S/Pamela Prude-Smithers – 0062206
Supervisor, Death Penalty Division

Office of the Ohio Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio 43215-2998
Phone (614) 466-5394
Fax (614) 644-0708
Kelly.Culshaw@opd.state.oh.us
Pamela.Prude-Smithers@opd.state.oh.us

Counsel for Petitioner

## Certificate Of Service

This is to certify that a copy of the foregoing has been electronically filed.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kelly L. Culshaw

231292

25