IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARVALLOUS KEENE,

      Petitioner,             :        Case No. 1-00-cv-421

  - vs -                           Chief Judge Sandra S. Beckwith
                                      Chief Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

      Respondent.           :

---

**ORDER STRIKING NOTICE OF APPEARANCE, MOTION FOR LEAVE TO FILE
EXCESS PAGES, AND MOTION TO SET ASIDE JUDGMENT**

---

This case is before the Court on a Notice of Appearance filed by Kelly L. Culshaw and Pamela Prude-Smithers (Doc. No. 127).  Said attorneys also have filed a Motion for Leave to File Excess Pages *Instanter* (Doc. No. 128) and a Motion to Set Aside the Judgment (Doc. No. 129).

In the Notice of Appearance, Ms. Culshaw and Ms. Prude-Smithers purport to notify the Court on behalf of Petitioner that they are now his counsel.  They further advise that "John Marshall and Rayl Stepter requested that the Ohio Public Defender take over Keene's case after this Court issued its final order on November 23, 2005."  The Notice of Appearance is not signed by either Mr. Stepter or Mr. Marshall.

S. D. Ohio Civ. R. 83.4(a) provides that every party not appearing *in propria persona* shall be represented by a trial attorney.  S. D. Ohio Civ. R. 83.4(d) provides:

> **(d) Substitution or Withdrawal of Trial Attorney.** The substitution or withdrawal of a trial attorney shall be permitted only: (1) upon filing with the Court and service on all other parties of a notice of a substitution of trial attorney signed by the withdrawing trial attorney, the client, and a substitute trial attorney,(except that the client's

> signature is not required if the trial attorney is a member of the same partnership or legal professional association as the trial attorney to be substituted and affirmatively states that the substitution is made with the client's knowledge and consent), or (2) upon written application for substitution or withdrawal served upon the client and a showing of good cause, and upon such terms as the Court shall impose.  Unless otherwise ordered, a trial attorney shall not be permitted to withdraw from an action at any time later than twenty (20) days in advance of trial or the setting of a hearing on any motion for judgment or dismissal and, unless otherwise ordered, the substitution of a trial attorney shall not serve as the basis for a postponement of the trial or any hearing.

It is plain that the Notice of Appearance does not comply with S. D. Ohio Civ. R. 83.4.  Such compliance is not mere formality.  The question of what attorney has authority to file papers on behalf a client is no less important in capital litigation than in other matters, perhaps more so.

Accordingly, the Notice of Appearance is STRICKEN without prejudice to a substitution of counsel accomplished as required by S. D. Ohio Civ. R. 83.4(d).  Because Mr. Keene's Affidavit attached to the Notice of Appearance indicates his agreement with substitution of counsel, at least inferentially, he need not sign any new substitution papers.

Because the Motion for Leave to File Excess Pages and the Motion to Set Aside are not signed by or on behalf of the trial attorney presently designated in the case, they are likewise STRICKEN.  However, leave is hereby granted Petitioner to file a new motion to set aside which does not exceed thirty pages.  If Petitioner desires, the present Motion to Set Aside may simply be incorporated by reference in a new filing once the status of trial counsel is regularized.

March 7, 2006.

                                        s/ Michael R. Merz
                                        Chief United States Magistrate Judge