# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MARVALLOUS KEENE, | ) |
|                 Petitioner, | ) CASE NO. 1:00-CV-421 |
| v | ) JUDGE BECKWITH |
| BETTY MITCHELL, WARDEN, | ) Magistrate Judge Merz |
|                 Respondent. | ) |

**THE WARDEN'S MEMORANDUM IN OPPOSITION TO
KEENE'S MOTION FOR RELIEF FROM JUDGMENT**

Respectfully Submitted,

**JIM PETRO (0022096)**
**Ohio Attorney General**

s/Charles L. Wille

**CHARLES L. WILLE (0056444)**
Senior Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 (fax)
Email: cwille@ag.state.oh.us

**COUNSEL FOR THE WARDEN**

## **STATEMENT OF THE CASE**

The Petitioner, Marvallous Keene (hereinafter "Keene") is under an Ohio sentence of death. On May 26, 2000, Keene filed with this Court a petition for a writ of habeas corpus. The case subsequently was referred to United States Magistrate Judge Michael Merz. On August 25, 2004, Magistrate Judge Merz issued a final report and recommendations (Doc. 96) in which he recommended that the petition be dismissed with prejudice. On October 7, 2004, Keene filed timely objections (Doc. 99) to the report and recommendations. On February 24, 2005, Magistrate Judge Merz issued a supplemental report and recommendations (Doc. 104) in which he again recommended dismissal of the petition with prejudice. Keene did not file objections to the supplemental report.

On April 20, 2005, the Court issued an order (Doc. 107) overruling Keene's objections to the original report and recommendations and, consistent with the Magistrate Judge's recommendations, issued final judgment in the Warden's favor. On May 3, 2005, Keene filed a notice of appeal (Doc. 109) to the United States Court of Appeals for the Sixth Circuit. On July 25, 2005, consistent with a scheduling order issued by this Court, Keene filed a motion for a certificate of appealability (Doc. 114). On September 8, 2005, the Magistrate Judge issued a report and recommendations (Doc. 155) in which he recommended that a certificate of appealability be denied. On September 26, 2005, Keene filed a motion (Doc. 116) for leave to file objections to the supplemental report and recommendations issued on February 24, 2005. The Magistrate Judge subsequently recommended that Keene's motion be denied. On November 23, 2005, the Court issued an order (Doc. 121) adopting the Magistrate Judge's recommendations, including his recommended denials of Keene's motion for a certificate of appealability and his motion for leave to file objections to the supplemental report and recommendations. While affirming the Magistrate Judge's finding that

2

Keene's objections to the supplemental report were untimely, the Court also reviewed the objections and found that the objections "would not have affected the outcome of the issues presented." *See* Order (Doc. 121), page 5.

On March 17, 2006, Keene filed a motion (Doc. 131) for substitution of counsel and a motion (Doc. 132) for relief from judgment under Civ. R. P. 60(b). Keene asked that the Court vacate its previous final judgment and permit him thirty days to file objections to the Magistrate Judge's supplemental report and recommendations. On March 19, 2006, the Magistrate Judge by notation order granted Keene's motion for substitution of counsel. In the interim, on or about March 17, 2006, Keene filed with the Sixth Circuit a motion to remand the case to this Court for consideration of his Rule 60(b) motion.

## ARGUMENT IN OPPOSITION

The Warden opposes Keene's motion for two reasons. First, the Court is without jurisdiction, as Keene has filed a notice of appeal, and the Court may deny relief on that basis alone. Second, the Court need not issue a "provisional" ruling, as there is no need to do so. Keene presents no genuine grounds to reopen judgment, but simply asks the Court to consider his untimely objections to the Magistrate Judge's supplemental report and recommendations, in order to avoid an argument by the Warden (or a holding on appeal) that Keene has waived appeal of the issues addressed in the supplemental report. The Warden has informed the Sixth Circuit, in response to Keene's motion for a remand, that the Warden does not intend to present a waiver argument based on Keene's failure to object. And, in any event, the Court actually considered Keene's objections prior to issuing final judgment.

"As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court." *Post v. Bradshaw*, 422 F.3d 419, 421-422 (6th Cir. 2005), citing *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). Under limited circumstances, where an appellant seeks to file a Rule 60(b) motion based on newly discovered evidence, a district court may enter a "provisional order" stating that it is disposed to grant the motion, in anticipation of or in conjunction with a motion to remand to the district court. *See First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 345-346 (6th Cir. 1976), citing *Herring v. Kennedy-Herring Hardware Co.*, 261 F.2d 202 (6th Cir. 1958) and *Smith v. Pollin*, 194 F.2d 349 (D.C. Cir. 1952). However, a district court is under no obligation to issue such a "provisional order," and does not abuse its discretion by refusing to consider a post-appeal Rule 60(b) motion. *Deja Vu of Nash. v. Metro. Govt. of Nash.*, 274 F.3d 377, 403 (6th Cir. 2001). *See also U.S. Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998) ("[h]ypothetical jurisdiction produce[s] nothing more than a hypothetical judgment.").

In the instant case, Keene filed his notice of appeal before he filed his motion for relief from judgment. This Court is therefore without jurisdiction, and the Court may deny relief on this basis alone. *Deja Vu of Nash. v. Metro. Govt. of Nash*, *supra*, 274 F.3d at 403. In any event, the Warden has informed the Sixth Circuit that she does not intend to argue that Keene has waived appeal of any issue by virtue of his failure to lodge objections to the supplemental report and recommendations. *See* Attached Copy of Warden's Memorandum in Opposition/Response. To the Warden's knowledge, the Sixth Circuit has never held that a party is required to object to a supplementary report and recommendation by a Magistrate Judge that is issued in response to a party's objections to the Magistrate Judge's initial recommendation, and merely reiterates the Magistrate Judge's initially recommended disposition. And, there is no obligation on the part of the Sixth Circuit to raise the

4

issue *sua sponte*. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985) (requirement for objection is not jurisdictional).  Further, this Court actually considered Keene's belated objections and held explicitly that the objections would not have affected the decision denying Keene's petition. *See* Order (Doc. 121), page 5.  In short, Keene's Rule 60(b) motion is nothing but a time waster.[1]

For all the foregoing reasons, the Warden respectfully requests that the Court deny Keene's motion.

          Respectfully Submitted,

          **JIM PETRO (0022096)**
          **Ohio Attorney General**

          s/Charles L. Wille
          **CHARLES L. WILLE (0056444)**
          Senior Assistant Attorney General
          Capital Crimes Section
          30 East Broad Street, 23rd Floor
          Columbus, Ohio 43215
          (614) 728-7055; (614) 728-8600 (fax)
          Email: cwille@ag.state.oh.us

          **COUNSEL FOR RESPONDENT**

---

[1] Keene argues that his motion is not filed for the purpose of delay, because according to him a ruling by this Court will not delay his appellate proceedings.  Motion at page 9.  However, Keene fails to acknowledge that the Court is without jurisdiction and therefore that any "provisional order" issued by the Court will be of no effect unless and until the Sixth Circuit formally remands the case.  Of course, a remand followed by a new entry of final judgment would necessitate a new notice of appeal and a "restart" at the Sixth Circuit.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Memorandum in Opposition* was sent via the Court's Electronic Filing System this 5th day of April, 2006, to the following counsel for petitioner:

>Kelly L. Culshaw
>>Email: culshawk@opd.state.oh.us
>
>Pamela Prude-Smithers
>>Email: Prude-SP@opd.state.oh.us
>
>Office of the Ohio Public Defender
>8 East Long Street, 11th Floor
>Columbus, Ohio, 43215-2998

>s/Charles L. Wille
>**CHARLES L. WILLE**
>Senior Assistant Attorney General