IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARVALLOUS KEENE,

        Petitioner,             :        Case No. 1-00-cv-421

  - vs -                                  Chief Judge Sandra S. Beckwith
                                           Chief Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

        Respondent.           :

**REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT**

This case is before the Court on Petitioner's Motion for Relief from Judgment (Doc. No. 132). Because this is a post-judgment motion, it is referred to the Magistrate Judge for report and recommendations under 28 U.S.C. §636(b)(3).

**Chronology**

| | |
|---|---|
| 8/25/2004 | Report and Recommendations to deny the writ (Doc. No. 96) |
| 10/7/2004 | Petitioner's Objections (Doc. No. 99) after two extensions |
| 2/24/2005 | Supplemental Report and Recommendations (Doc. No. 104) after litigation over expansion of the record. |
| 3/15/2005 | Petitioner granted until 4/4/2005 to object to Supplemental Report (Notation order granting Doc. No. 106). |
| 4/20/2005 | Judge Beckwith adopts the two Reports, no objections ever having been filed to the Supplemental Report (Doc. No. 107) |
| 5/3/2005 | Petitioner files Notice of Appeal to the Sixth Circuit (Doc. No. 109) |

| | |
|---|---|
| 7/25/2005 | Petitioner files Motion for Certificate of Appealability (Doc. No. 114). |
| 9/8/2005 | Report and Recommendations to Deny Certificate (Doc. No. 115) |
| 9/26/2005 | Petitioner's Motion to File Objections to the Supplemental Report on the Merits (Doc. No. 116) |
| 11/23/2005 | Judge Beckwith adopts Report on Certificate of Appealability and denies leave to file objections to Supplemental Report on the Merits (Doc. No. 121). |
| 3/17/2006 | After substitution of counsel, instant Motion is filed. |
| 3/20/2006 | Petitioner moves the Sixth Circuit to remand (copies have not been furnished to this Court. |

**Jurisdiction**

Generally, the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals with regard to any matters involved in the appeal except in aid of the appeal or to correct clerical errors under Fed. R. Civ. P. 60(a) until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373, 105 S. Ct. 1327, 84 L. Ed. 2d 274 (1985); *Pittock v. Otis Elevator Co.*, 8 F. 3d 325, 327 (6th Cir. 1993). The general rule means that a district court has no jurisdiction to rule on a motion for relief from judgment after a timely notice of appeal. If the district court is disposed to grant such relief, it may enter an order so indicating and the appellant may then file a motion to remand. *Lewis v. Alexander*, 987 F. 2d 392, 394 (6th Cir. 1993).

In *Post v. Bradshaw*, 422 F. 3d 419 (6th Cir. 2005), the court applied this rule in a capital habeas corpus case and recognized, in accordance its decision in *First Nat'l Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976), that the proper procedure for a post-appeal motion for relief from judgment is to file the motion in the district court. That court should then enter a provisional

order granting or denying the motion for relief and notify the Court of Appeals which may then remand the case for actual decision of the motion. *Post* makes clear that the Court of Appeals is not bound by the District Court's provisional decision, but retains jurisdiction under *Alexander*. Although making a provisional decision is discretionary with the district court, *Deja Vu of Nashville v. Metro. Govt. of Nashville*, 274 F. 3d 377, 403 (6th Cir. 2001), a provisional decision is necessary to advise the Court of Appeals whether a remand would be futile. It is accordingly recommended that the Court enter a provisional decision on the merits of Petitioner's Motion for Relief from Judgment.

## Merits Analysis

### Fed. R. Civ. P. 60(b)(6)

Petitioner first seeks relief under Fed. R. Civ. P. 60(b)(6), characterizing his prior counsel's[1] failure to file objections to the Supplemental Report and Recommendations as inexcusable or gross neglect (Motion, Doc. No. 132, at 3.)

Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F. 2d 357, 365 (6th Cir. 1990). Relief is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60. *Johnson v. Dellatifa,* 357 F. 3d 539 (6th Cir. 2004); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F. 2d 291, 294 (6th Cir. 1989). Furthermore, this provision and other

---

[1] With the consent of Petitioner and his prior counsel, Kelly Culshaw and Pamela Prude-Smithers substituted as counsel in this case for Rayl Stepter and John Marshall on March 17, 2006.

provisions of Rule 60(b) are mutually exclusive; that is, if the reason offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1) -(5), then relief cannot be granted under Rule 60(b)(6). *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir., 2004)(en banc), citing *Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11, 100 L. Ed. 2d 855, 108 S. Ct. 2194 (1988).

Assuming arguendo that gross or inexcusable negligence of counsel would justify relief from final judgment in a habeas case under Rule 60(b)(6), Petitioner has not proven such negligence. In support of the Motion, Petitioner's present counsel offer only the Petitioner's Affidavit about his contacts with prior counsel and his conclusory statement that he would have told them to file objections to the Supplemental Report and Recommendations if they had asked him.

This hardly proves any neglect in failing to file objections. The record is devoid of any evidence about why objections were not filed[2]. There are no affidavits from prior counsel indicating that they somehow mistook the date objections were due; in fact, they sought and received a considerable extension of time within which to file such objections but then did not do so. Counsel even in a capital case are not obliged to file every piece of paper which the rules allow them to file. It may be that they concluded that objections were unwarranted. Certainly their failure to file cannot presumptively be attributed to lack of zeal in prosecuting this case, given their prior vigorous advocacy.

Petitioner has also failed to show any prejudice from not having filed the set of objections drafted by prior counsel. When prior counsel sought to file a set of objections late, Chief Judge

---

[2]Petitioner's present counsel admit this is the state of the record. (Motion, Doc. No. 132, at 4). What they do not explain is their own responsibility for this lack of evidence: Have they asked prior counsel why no objections were filed? Why haven't present counsel given the Court evidence on this question?

Beckwith denied late filing, but also considered the objections and concluded that they would not have affected the outcome (Order, Doc. No. 121, at 5). Secondly, Respondent has expressly disclaimed any reliance on the failure to file objections in arguing the current appeal before the Sixth Circuit (Memorandum in Opposition, Doc. No. 133, at 3). That is to say, although there is precedent that failure to object to a report and recommendations waives arguments on appeal (*See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)), respondent is not relying on that precedent in the instant appeal.

Nor has Petitioner shown any potential prejudice from failure to consider whatever objections present counsel might file if they had the opportunity. Present counsel have not said they only wish to re-file the objections tendered by prior counsel nor have they said what objections they intend to make. Instead, they seek a thirty-day extension of time **after** the judgment is reopened to file unspecified objections (Motion, Doc. No. 132, at 9). Present counsel became involved in this case in November, 2005 (See Doc. No. 127). If they intended to file the same objections as prior counsel eventually tendered, they would need no additional time in which to prepare them and indeed could have made an argument about prejudice by pointing to tendered arguments which might not have been considered because the objections were untimely.[3] Because no such argument has been made, the Court can logically infer that different objections are intended, but no showing has been offered that those hypothetical objections have any merit beyond those already tendered.

In sum, Petitioner's present counsel have not shown entitlement to relief under Fed. R. Civ. P. 60(b)(6) because they have not shown any negligence by prior counsel and they have not shown any prejudice from failure to consider more fully either the objections prior counsel tendered or

---

[3]Of course, as noted above, Chief Judge Beckwith did consider those late objections and determined they would not have affected the outcome.

hypothetical newly-minted objections which would be filed by present counsel if relief were granted.

## Fed. R. Civ. P. 60(b)(1)

In the alternative, present counsel seek relief under Fed. R. Civ. P. 60(b)(1), asserting that if the failure to file is not inexcusable neglect under Fed. R. Civ. P. 60(b)(6), it must be excusable neglect under Fed. R. Civ. P. 60(b)(1) (Motion, Doc. No. 132, at 6-9).

As noted above, there is no competent proof that the failure to file objections resulted from any sort of neglect: present counsel present no evidence from prior counsel about why they did not file. Likewise, there is no showing of prejudice because the objections intended to be offered have not been proffered with the Motion. Petitioner's argument is no more availing under Fed. R. Civ. P. 60(b)(1) than it is under 60(b)(6).

## Other Considerations

Petitioner argues that the instant Motion is not a successor petition within the meaning of the AEDPA and that relief is not barred by *Post v. Bradshaw, supra.* These were anticipatory arguments made in the original Motion, but Respondent does not argue for denial of the Motion on either of these grounds. Thus this Court need not resolve at this juncture the apparent conflict between Post and the Supreme Court's decision in *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), to which most (pp. 10-25) of Petitioner's Memorandum is devoted.

Petitioner asserts the Motion is not brought for purposes of delay. While that certainly would be the effect of granting the Motion, the Court should not ground its decision on that point.

**Conclusion**

For the reasons set forth above – failure to prove neglect or prejudice – Petitioner's Motion for Relief from Judgment should be denied.

.

                                              s/ Michael R. Merz
                                    Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).