In The United States District Court
For The Southern District Of Ohio

| | | |
|---|---|---|
| Marvellous Keene, | ) | Case No. 1:00-CV-421 |
| | ) | |
| Petitioner, | ) | Judge Beckwith |
| | ) | |
| vs. | ) | Magistrate Judge Merz |
| | ) | |
| Betty Mitchell, Warden | ) | ***Death Penalty Case*** |
| | ) | |
| Respondent. | ) | |

_____

**Petitioner Keene's Objections to Magistrate Judge's Report and Recommendation Denying Relief Under Fed. R. Civ. P. 60(b)**

_____

Petitioner Marvellous Keene objects to the Magistrate Judge's Report and Recommendation (R&R), filed on April 17, 2006, which recommended denying his Fed. R. Civ. P. 60(b).

***Prior counsels' reasons for failing to object are already a matter of record before this Court.***

Keene objects to the portions of the R&R that fault him for failing to include affidavits from prior counsel indicating why they failed to file objections on his behalf. (See R&R at p. 4 and n.2)  Keene submits that an affidavit is unnecessary — prior counsel documented their reasons for failing to file objections in the Motion for Leave to File Objections to Supplemental Report and Recommendation (Doc. No. 104) *Instanter*. (Dkt. 116-1)  An affidavit stating counsels' reasoning is thus unnecessary and repetitive; their explanation for their failure is provided in a legal pleading, signed under Rule 11, and filed with this Court.

As noted in the Motion, prior counsel failed to file objections because they believed "that the additional arguments raised in the supplemental report were simply that, additional arguments supporting the earlier Report and Recommendations (to which Petitioner filed

objections (Doc. No. 99)) and a filing to which no additional objections were required, should

not work to the detriment of the Petitioner." (Dkt. 116-1, p. 3)  Prior counsel took issue with the

Magistrate Judge's questioning of "the veracity of Petitioner's counsel statement that counsel did

not believe that objections to a "supplemental" report were required to be filed." (Dkt. 119-1, p.

1)  Prior counsel went so far as to obtain an affidavit from the Chief Counsel of the Death

Penalty Division at the Ohio Public Defender indicating that he, too, was unfamiliar with the

General Order.  (Id. at p. 2)  Nothing would be served by obtaining prior counsels' affidavit;

their reasons for failing to file objections are apparent in the record already before this Court.

(See Dkt. 116-1, 119-1)

Prior counsels' very attempt to file belated objections on Keene's behalf is further

evidence that counsel did not make a reasoned and strategic decision not to object.  (See Dkt.

116-1)  Had a strategic decision been made, there would have been no need to request instanter

that this Court consider Keene's objections.  Counsel failed to familiarize themselves with the

Rules of this Court and thus failed their client.  This amounts to inexcusable neglect.  At a

minimum, it is excusable neglect.  See O'Brien v. Ind. Dep't of Corr., 2004 U.S. Dist. LEXIS

10159 (S.D. Ind. Jun. 1, 2004); Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership,

507 U.S. 380, 394 (1993) (excusable neglect includes counsel's negligence).

### Keene seeks to prevent a future prejudice.

Keene objects to the R&R's holding that he has failed to show "any potential prejudice".

(R&R, p. 5)  Keene acknowledges the Warden's counsel's assurances that he will not argue

waiver in the Sixth Circuit and has no doubt that he will abide by his word.  However, this Court

made findings of waiver.  And, counsel's assurances do not alleviate the Sixth Circuit Court of

Appeals ability to *sua sponte* impose a waiver bar in this case.  See e.g. Lorraine v. Coyle, 291

2

F.3d 416, 426 (6th Cir. 2002). There is a real possibility that the Sixth Circuit will *sua sponte* waive this issue — there is a potential for prejudice.

***Current counsel were not dilatory in their actions.***

Keene objects to the perception that the R&R's suggests that current counsel should merely re-file the objections filed instanter by prior counsel or that current counsels' failure to file objections to date is dilatory. (R&R, p. 5) To provide Keene with effective representation, current counsel cannot merely re-file the objections filed by former counsel. Such an action would be unreasonable on undersigned counsels' part. "[A] habeas court may look to prevailing norms of practice, such as those articulated in the American Bar Association Standards for Criminal Justice, as a guide to determining the reasonableness of counsels' actions. Strickland v. Washington, 466 U.S. 668, 688 (1984)." Franklin v. Anderson, 2002 U.S. Dist. LEXIS 26814 * 330 (S. D. Ohio 2002). In Franklin, the Court reversed in part because of appellate ineffective assistance of counsel, which included filing a brief in the Ohio Supreme Court that was identical to the brief filed by counsel in the Court of Appeals. Id. at *316.

Current counsel cannot file objections without the opportunity to adequately review Keene's record. The ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases recognizes that counsel "cannot rely on the previously compiled record but must conduct a thorough, independent" review of their own. Comment to Guideline 10.3, p. 133. Counsel must "obtain and read the entire record of the trial…counsel must also inspect the evidence and obtain the trial files of trial and appellate counsel…" Id., comment to Guideline 1.1, pp. 13, 15.

Undersigned counsel received fourteen banker boxes of materials from Keene's former habeas counsel. Keene's transcript alone comprises approximately 2,000 pages. Counsel would

meet any deadline set by the Court to file objections, but thirty days does not seem unreasonable based on the size of this record.

*Conclusion.*

Marvallous Keene objects to the R&R. He is entitled to relief under Fed. R. Civ. P. 60(b). This Court should reopen the time for objections, permitting to Keene to object to the Magistrate Judge's Supplemental R&R. By failing to object, Keene's counsel grossly and inexcusably neglected Keene's case. Minimally, counsel acted by mistake or inadvertence. Whether relief falls under 60(b)(1) or (6), Rule 60(b) relief is warranted.

Respectfully submitted,

David H. Bodiker
Ohio Public Defender

S/Kelly L. Culshaw – 0066394
Supervisor, Death Penalty Division
**Trial counsel**

S/Pamela Prude-Smithers – 0062206
Supervisor, Death Penalty Division

Office of the Ohio Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio 43215-2998
Phone (614) 466-5394
Fax (614) 644-0708
Kelly.Culshaw@opd.state.oh.us
Pamela.Prude-Smithers@opd.state.oh.us

Counsel for Petitioner

### Certificate Of Service

This is to certify that a copy of the foregoing has been electronically filed April 27, 2006. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

5

s/ Kelly L. Culshaw

234779