No. 05-3538

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

JAN 2 4 2007

**LEONARD GREEN, Clerk**

MARVALLOUS KEENE, )
)
    Petitioner-Appellant, )
)
v. ) O R D E R
)
BETTY MITCHELL, Warden, )
)
    Respondent-Appellee. )
)

1:00cv421

Before: MERRITT, SILER, and SUTTON, Circuit Judges.

Marvallous Keene, an Ohio death row inmate represented by counsel, appeals from a federal district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court did not grant a certificate of appealability ("COA"). Keene now applies for a COA from this court pursuant to 28 U.S.C. § 2253(c)(1). Betty Mitchell, a warden for the State of Ohio, has filed a response in opposition to Keene's application, to which Keene has filed a reply.

An Ohio grand jury indicted Keene on several charges: eight counts of aggravated murder with multiple capital specifications; six counts of aggravated robbery; one count of aggravated burglary; two counts of kidnaping; and two counts of attempted aggravated murder. After Keene waived his right to a trial by jury, a three-judge panel tried and convicted Keene on all counts. Before the penalty phase, the aggravated murder convictions were merged to reflect one conviction for each of the five murder victims. Following the penalty phase, the three-judge panel sentenced Keene to death on each count of aggravated murder. The convictions and sentence were affirmed

on direct appeal. *See State v. Keene*, No. 14375, 1996 WL 531606, *70 (Ohio Ct. App. Sept. 20, 1996), *aff'd*, 693 N.E.2d 246, 252 (Ohio 1998).

In May 2000, Keene filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court, alleging twenty-eight claims of constitutional error. On August 25, 2004, the magistrate judge issued a report recommending that the petition be denied. After receiving an extension of time, Keene filed objections to the report and recommendation on October 7, 2004. On February 24, 2005, the magistrate judge filed a supplemental report, again recommending that the petition be denied. Keene successfully moved to extend the deadline in which to file objections to the supplemental report until April 4, 2005. No objections were filed, however. On April 20, 2005, the district court issued an order overruling Keene's objections and adopting the magistrate judge's report and recommendations.

On July 25, 2005, Keene applied for a COA from the district court. The magistrate judge issued a report recommending that the application be denied. On September 27, 2005, Keene filed objections to the magistrate judge's report recommending the denial of Keene's COA application. On November 23, 2005, the district court adopted the magistrate judge's report and recommendation and denied Keene a COA for all claims.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made where the applicant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). However, the "threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* at 336. Indeed, the *Slack* decision "would mean very little if appellate review were denied because the prisoner did not

convince a judge, or, for that matter, three judges, that he or she would prevail." *Id.* at 337. If the district court denies a petition on procedural grounds only, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review, we conclude that a COA should issue for two claims: (1) whether the trial court denied Keene equal protection by denying his motion to dismiss the indictment based upon selective prosecution; and (2) whether the trial court denied Keene a fundamentally fair trial by admitting the eyewitness testimony of Kathie Henderson. We decline to grant a COA for any additional claims. The Clerk's Office shall issue a briefing schedule for the claims certified by this court.

                               ENTERED BY ORDER OF THE COURT

                               *Leonard Green*
                                  Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

ROBIN DUNCAN
(513) 564-7027
(FAX) 564-7098
www.ca6.uscourts.gov

Filed: January 24, 2007

John S. Marshall
111 W. Rich Street
Suite 430
Columbus, OH 43215

Kelly L. Culshaw
Public Defender's Office
Ohio Public Defender Commission
8 E. Long Street
Suite 1100
Columbus, OH 43215-2998

Thomas E. Madden
Attorney General's Office of Ohio
Capital Crimes Section
30 E. Broad Street
23rd Floor State Office Tower
Columbus, OH 43215-3428

RE: 05-3538
Keene vs. Mitchell
District Court No. 00-00421

Dear Counsel,

Enclosed is a copy of an order which was entered today in the above-styled case.

Very truly yours,
Leonard Green, Clerk

Robin Duncan
Case Manager

Enclosure

cc:
    Honorable Sandra S. Beckwith
    Mr. James Bonini