IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARVALLOUS KEENE,

               Petitioner,           :      Case No. 1-00-cv-421

   - vs -                      Chief Judge Sandra S. Beckwith
                                     Chief Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

               Respondent.        :

## DECISION AND ORDER DENYING MOTION TO EXPAND THE RECORD

This case is before the Court on Respondent's Motion to Expand the Record and Supplement the Record on Appeal with Petitioner's taped confessions (Doc. No. 139).

Respondent relies on Rule 7 of the Rules Governing § 2254 Cases and Fed. R. App. P. 10(e)(2)(B). This would appear to be proper matter to add to the record under Habeas Rule 7 because, as Respondent notes, it was shown to the jury during trial and thus properly constitutes a part of the trial court record which gave rise to the conviction.

However, the proposed material was never before this Court for consideration prior to the appeal's being taken. The filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Rule 60(a) of the Federal Rules of Civil Procedure or Rule 36 of the Federal Rules of Criminal Procedure, or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court of appeals. 9 Moore's

Federal Practice ¶ 203.11 at 3-45 and 3-46.    Ordinarily the filing of a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals. *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).   Nothing in Habeas Rule 7 suggests that it is an exception to the usual rule which limits appellate courts to considering what was before the court below, so it appears this Court lacks jurisdiction to grant the Motion.

F. R. App. P. 10(e)(2)(B) does not suggest a contrary conclusion.  While a district court has power to supplement the record "if anything material to either party is omitted," that surely is not an invitation to add evidence to the record which was never before the lower court.

The Motion to Expand the Record is denied.

September 7, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

2